Pánuco Declaration

## DECLARATION OF CINDY PÁNUCO

I, Cindy Pánuco, declare and state as follows:

1.      I am an associate at the firm of Hadsell Stormer Richardson & Renick, LLP ("HSRR").  I am licensed to practice law in the State of California and in the Central District of California.  I have personal knowledge of the facts contained in this Declaration and if called to testify, could and would competently testify thereto.  I make this declaration in support of Plaintiffs' Motion for Preliminary Injunction.

2.      On July 6, 2012, my cocounsel Olu Orange sent a letter via facsimile to defense counsel, Bruce Monroe, advising defendants that plaintiffs intended to file the instant motion for preliminary injunction.  Attached hereto as Exhibit "1" is a true and correct copy of the letter from Olu K. Orange to Bruce Monroe dated July 6, 2012.

3.      In preparation for Plaintiffs' Motion for Class Certification, filed under seal with this court on March 30, 2012 (Dkt.#42), my cocounsel Anne Richardson asked her legal assistant review the language of the curfew in each of the 26 challenged injunctions and prepare a chart, which is attached hereto as Exhibit "2".  This chart contains the verbatim curfew provision of each subject injunction for the court's convenience.

4.      Attached to this Declaration are the Gang Injunctions (cited in the Plaintiffs' Second Amended Complaint) which were downloaded from the City Attorney's Website, http://atty.lacity.org/our_office/criminaldivision/ganginjunctions/index.htm.

5.      Attached hereto as Exhibit "3" is a true and correct copy of the *6 Gang* injunction re: Case No. BC397522

6.      Attached hereto as Exhibit "4" is a true and correct copy of the *10 Gang* injunction re: Case No. BC332713.

7.      Attached hereto as Exhibit "5" is a true and correct copy of the *18th Street - Hollywood* injunction re: Case No. BC305434.

8.      Attached hereto as Exhibit "6" is a true and correct copy of the *18th Street - Wilshire* injunction re: Case No. BC313309.

9.      Attached hereto as Exhibit "7" is a true and correct copy of the *38th Street*

1

1    injunction re: Case No. BC319166.

2        10.    Attached hereto as Exhibit "8" is a true and correct copy of the *42nd Street,*

3    *43rd Street & 48th Street Gangster Crips* injunction re: Case No. BC326016.

4        11.    Attached hereto as Exhibit "9" is a true and correct copy of the *Avenues*

5    injunction re: Case No. BC287137.

6        12.    Attached hereto as Exhibit "10" is a true and correct copy of the *Big Hazard*

7    injunction re: Case No. BC335749.

8        13.    Attached hereto as Exhibit "11" is a true and correct copy of the *Blythe*

9    *Street Gang* injunction re: Case No. LC020525.

10        14.    Attached hereto as Exhibit "12" is a true and correct copy of the *Canoga*

11    *Park Alabama* injunction re: Case No. BC267153.

12        15.    Attached hereto as Exhibit "13" is a true and correct copy of the *Clover,*

13    *Eastlake & Lincoln Heights* injunction re: Case No. BC358881.

14        16.    Attached hereto as Exhibit "14" is a true and correct copy of the *Culver City*

15    *Boys* injunction re: SC056980.

16        17.    Attached hereto as Exhibit "15" is a true and correct copy of the *Dogtown*

17    injunction re: Case No. BC359945.

18        18.    Attached hereto as Exhibit "16" is a true and correct copy of the *Eastside*

19    *Wilmas Gang & Westside Wilmas Gang* injunction re: Case No. NC030080.

20        19.    Attached hereto as Exhibit "17" is a true and correct copy of the *Grape*

21    *Street Crips* injunction re: Case No. BC330087.

22        20.    Attached hereto as Exhibit "18" is a true and correct copy of the *Highland*

23    *Park* injunction re: Case No. BC359944.

24        21.    Attached hereto as Exhibit "19" is a true and correct copy of the *KAM*

25    injunction re: Case No. BC282629.

26        22.    Attached hereto as Exhibit "20" is a true and correct copy of the *Langdon*

27    *Street Gang* injunction re: Case No. LC048292.

28        23.    Attached hereto as Exhibit "21" is a true and correct copy of the *Mara*

2

1  *Salvatrucha* injunction re: Case No. BC311766.

2       24.    Attached hereto as Exhibit "22" is a true and correct copy of the *Playboys*

3  injunction re: Case No. BC351990.

4       25.    Attached hereto as Exhibit "23" is a true and correct copy of the *Rolling*

5  *Sixty Crips* injunction re: Case No. BC298646.

6       26.    Attached hereto as Exhibit "24" is a true and correct copy of the *School*

7  *Yard Crips & Geer Gangster Crips* injunction re: Case No. BC349468.

8       27.    Attached hereto as Exhibit "25" is a true and correct copy of the *Varrio*

9  *Nuevo Estrada* injunction re: Case No. BC319981.

10       28.    Attached hereto as Exhibit "26" is a true and correct copy of the *Venice 13*

11  *Gang* injunction re: Case No. SC060375.

12       29.    Attached hereto as Exhibit "27" is a true and correct copy of the *Venice*

13  *Shoreline Crips* injunction re: Case No. SC057282.

14       30.    Attached hereto as Exhibit "28" is a true and correct copy of the *White*

15  *Fence* injunction re: Case No. BC353596.

16       31.    Attached hereto as Exhibit "29" is a true and correct copy of a document

17  titled "Operations Order No. 2," dated December 9, 2009 which was produced by

18  defendants.

19       32.    Attached hereto as Exhibit "30" is a true and correct copy of the Transcript

20  from the hearing on the Demurrer to the Criminal Counts against Named Plaintiff

21  Christian Rodriguez, dated October 6, 2009.

22       33.    Attached hereto as Exhibit "31" is a true and correct copy of the law review

23  article entitled *No Way Out: An Analysis of Exit Processes for Gang Injunctions*, 97 Cal.

24  L. Rev. 161, 179 -80 ( 2009) by L. Crawford.

25       I declare under penalty of perjury under the laws of the United States of America

26  that the foregoing is true and correct.  Executed on July 6, 2012, in Pasadena, California.

27

28                            CINDY PÁNUCO

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 1



orange Law Offices

Equitable Plaza Tower
3435 Wilshire Blvd., Suite 2900
Los Angeles, California  90010
Tel. 213.736.9900
Fax. 213.406.1250

06 July 2012,

Bruce Monroe, Esq.
Office of the City Attorney
200 N Main St, 6th Floor
Los Angeles, CA 90012
FAX: (213) 978-8787
bruce.monroe@lacity.org

<u>**VIA FAX ONLY: (213) 978-8787**</u>

<u>RE: Rodriguez, et al v. City of Los Angeles, et al. – CV11-01135 DMG (JEMx)</u>

Dear Mr. Monroe:

It is clear from defendants' filings, particularly the declarations of counsel from your office, that the City Attorney's Office has no power to order the City of Los Angeles and/or the LAPD to do, or not do, anything. And, though defendants' admit the unconstitutionality of the injunctions they have served upon thousands of Angelinos, the unwillingness of the City to take corrective action made ineffective our recent mediation before Judge McDermott.

Thus, though not required by CACD-LR 7-3, please be advised via this correspondence that Plaintiffs will file a Motion for a Preliminary Injunction in this matter, seeking to bar defendants' enforcement of the curfew provisions in the 26 challenged injunctions. Plaintiffs will ground their motion in the four-part *Winter* test [1], and application of the *"serious questions"* approach [2] set forth by the Ninth Circuit.

---

[1] In determining whether to enter a preliminary injunction, a court looks to whether a movant has established, (1) "that he is likely to succeed on the merits," (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in his favor," and (4) "that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 129 S. Ct. 365, 374 (2008).

[2] In the Ninth Circuit, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-1135 (9th Cir. 2011).

---

Please take note that the specific relief plaintiffs' will request will include: 1) personal notice to all persons who have been served with the 26 injunctions at issue that the curfew is invalid; and, 2) a prohibitory injunction on future enforcement (including but not limited to detentions/arrests/service) of the injunctions containing the unconstitutional provisions.

If defendants are inclined to shift tactics and cooperate with relief items (1) and (2), please advise me in writing.


Best regards,
ORANGE LAW OFFICES


Olu K. Orange, Esq.

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 2

| GROUP | GANG | Case No. | CURFEW |
|---|---|---|---|
| A | CULVER CITY BOYS (2001) | SC056980 | Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) going to/from a legitimate meeting or entertainment activity, or (2) actively engaged in some business, trade, profession or occupation which requires such presence, or (3) involved in a legitimate emergency situation that requires immediate attention. |
| B | 10 GANG (2005) | BC332713 | Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment activity, (2) actively engaged in a legitimate business, trade, profession or occupation which requires such presence, or (3) involved in a legitimate emergency situation that requires immediate attention. |
| B | DOGTOWN (2006) | BC359945 | Same |
| B | 18TH STREET – HOLLYWOOD (2004) | BC305434 | Same |
| B | 18TH STREET – WILSHIRE (2004) | BC313309 | Same |
| B | PLAYBOYS (2006) | BC351990 | Same |
| C | AVENUES (2003) | BC287137 | Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment activity, (2) actively engaged in some business, trade, profession or occupation which requires such presence, or (3) involved in a legitimate emergency situation that requires immediate attention. |
| C | BIG HAZARD (2005) | BC335749 | Same |
| C | CANOGA PARK ALABAMA (2002) | BC267153 | Same |
| C | CLOVER, EASTLAKE & LINCOLN HEIGHTS (2007) | BC358881 | Same |
| C | GRAPE STREET CRIPS (2005) | BC330087 | Same |
| C | KAM (2003) | BC282629 | Same |
| C | MARA SALVATRUCHA (2004) | BC311766 | Same |
| C | VARRIO NUEVO ESTRADA (2004) | BC319981 | Same |
| C | WHITE FENCE (2006) | BC353596 | Same |

1

| | | |
|---|---|---|
| D | BLYTHE STREET GANG (2000) — LC020525 | If you are under 18 years of age, do not remain in a public place between 9:00 pm on any day and sunrise of the immediately following day, unless (1) going to or from a legitimate meeting or entertainment activity, or legal employment, or (2) involved in a legitimate emergency situation that requires immediate attention.<br><br>For adults and minors alike, do not remain within the two block area surrounding the street commonly known as Blythe Street, (the east-west street with Strathern on the North and Arminta on the South, between Van Nuys Blvd on the East and Brimfield Avenue on the West), between 9:00 pm on any day and sunrise of the immediately following day, unless (1) going to or from a legitimate meeting or entertainment activity, or legal employment, or (2) involved in a legitimate emergency situation that requires immediate attention. |
| E | EASTSIDE WILMAS GANG & WESTSIDE WILMAS GANG (2004) — NC030080 | Being in a public place between 12 midnight on any day and sunrise of the immediately following day, unless (1) going to/from a legitimate meeting or activity, or (2) involved in a legitimate emergency situation that requires immediate attention. |
| F | LANGDON STREET GANG (2000) — LC048292 | Being in a public place between 9:00 p.m. on any day and sunrise of the immediately following day, unless (1) going to/from a legitimate meeting, entertainment activity, or legal employment; or (2) involved in a legitimate emergency situation that requires immediate attention. |
| G | 6 GANG (2009) — BC397522 | Being in a public place or in any place accessible to the public, between the hours of 10:00 p.m. on any day and 5:00 a.m. of the following day unless (1) going to or from a gang intervention program, job, school, or non-gang related entertainment activity, (2) actively engaged in some legal business, trade, profession, occupation, or political activity which requires such presence, or (3) responding properly to an emergency situation that requires immediate attention. |
| H | 38TH STREET (2004) — BC319166 | Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) going to or from a gang intervention program, job, school, or non-gang-related entertainment activity, (2) actively engaged in some business, trade, profession, occupation, or political activity which requires such presence, or (3) involved in a legitimate emergency situation that requires immediate attention. |
| I | 42ND STREET, 43RD STREET & 48TH STREET GANGSTER CRIPS (2005) — BC326016 | Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) going to or from a gang intervention program, job, school, or non-gang-related meeting or entertainment activity, (2) actively engaged in some business, trade, profession, occupation, or political activity which requires such presence, or (3) involved in a legitimate emergency situation that requires immediate attention; |

2

| | | |
|---|---|---|
| J | SCHOOL YARD CRIPS & GEER STREET CRIPS (2006) | BC349468 | Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless<br><br>(1) going to or from a gang intervention program, job, school, or non-gang-related entertainment activity, (2) actively engaged in some legal business, trade, profession, occupation, or political activity which requires such presence, or (3) responding properly to a real emergency situation that requires immediate attentions. |
| K | HIGHLAND PARK (2007) | BC359944 | Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) attending or going to or returning directly home from a public, non-gang related meeting or entertainment activity, such as a movie, play, sporting event, dance, or school activity, (2) actively engaged in some legitimate business, trade, profession or occupation that requires such presence, or (3) involved in an emergency situation that requires immediate action to prevent serious bodily injury or loss of life. |
| L | ROLLING SIXTY CRIPS (2003) | BC298646 | (1) If under the age of eighteen (18), being out of your residence between 8:00 p.m. on any day and sunrise of the immediately following day, unless (1) going to or from a legitimate, non gang-related paid-for entertainment activity and with prior parental or legal guardian written consent, or (2) engaged in a legal business, trade, profession, or occupation that requires being out, or (3) responding properly to a legitimate emergency situation that requires immediate attention. For purposes of this Order, you must have physical evidence of any valid reasons for being out of your residence on your person at the time of your deviation from this Order.<br><br>(2) If eighteen (18) years of age or older, being out of your residence between 10:00 p.m. on any day and sunrise of the immediately following day, unless (1) returning from a legitimate, non gang-related, paid-for entertainment activity, (2) engaged in a legal business, trade, profession, or occupation that requires being out, or (3) responding properly to a legitimate emergency situation that requires immediate attention. For purposes of this Order, you must have physical evidence of any valid reason for being out of your residence on your person at the time of your deviation from this Order. |
| M | VENICE 13 GANG (2001) | SC060375 | (1) If under the age of eighteen (18), being out of your residence between 8:00 p.m. on any day and sunrise of the immediately following day, unless (1) accompanied by a parent or legal guardian, or (2) engaged in a legal business, trade, profession, or occupation that requires being out, or (3) responding properly to a legitimate emergency situation that requires immediate attention; |

3

| | | |
|---|---|---|
| | | (2) If eighteen (18) years of age or older, being out of your residence between 10:00 p.m. on any day and sunrise of the immediately following day, unless (1) engaged in a legal business, trade, profession, or occupation that requires being out, or (2) responding properly to a legitimate emergency situation that requires immediate attention. |
| N | VENICE SHORELINE CRIPS (2000) | SC057282 | Being in a public place between 10:00 p.m. on any day and sunrise of the immediately following day, unless (1) going to or from a legitimate business meeting or a commercial, remunerative entertainment facility, or (2) actively engaged in some legitimate business, trade, profession, or occupation which requires such presence, or (3) responding to a legitimate emergency situation that requires immediate attention. |

Chart of Injunctions in Rodriguez Complaint

4

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 3

30

1    ROCKARD J. DELGADILLO, CITY ATTORNEY (Bar No. 125465x)
     Bruce Riordan, Senior Assistant, Gang Division
2    Peter Shutan, Assistant Supervisor, Gang Division
     Anne Tremblay, Assistant Supervisor, Gang Division
3    Kurt Knecht, Deputy City Attorney (Bar No. 175133)
     200 North Main Street, 8th Floor,
4    Los Angeles, CA 90012
     (213) 978-4090; FAX (213) 978-8717
5
     Attorneys for Plaintiff,
6    People of the State of California

7

**FILED**

LOS ANGELES SUPERIOR COURT

JAN 2 3 2009

JOHN A. CLARKE, CLERK

BY ELVIA ESPINOZA, DEPUTY

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF LOS ANGELES

10

11   PEOPLE OF THE STATE OF CALIFORNIA,        Case No. BC397522

12                        Plaintiff,           [PROPOSED]
                                               AMENDED
13   vs.                                       JUDGMENT GRANTING PERMANENT
                                               INJUNCTION
14   ALL FOR CRIME, BARRIO MOJADOS,
     BLOOD STONE VILLAINS, FLORENCIA,          Assigned for all purposes to the
15   ORIENTAL BOYZ, and PUEBLO BISHOPS,        Honorable John A. Kronstadt
     street gangs sued as unincorporated associations,
16                                             DATE:
                        Defendants.            TIME:    8:31 a.m.
17                                             PLACE:   Dept. 30
                                                        111 North Hill Street
18                                                      Los Angeles, CA 90012
19
                                               CASE FILED:  September 5, 2008
20
21          Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the City Attorney

22   for the City of Los Angeles, filed a complaint on September 5, 2008 seeking to abate a public nuisance

23   in the Florence-Pueblo Del Rio "Saftey Zone" (as depicted in the map included as page 9 and

24   incorporated herein) caused by the unincorporated, criminal street gangs All For Crime, Barrio Mojados,

25   Blood Stone Villains, Florencia, Oriental Boyz, Pueblo Bishops, and their members through the use of

26   what is commonly known as a "gang injunction." The "Safety Zone" is located in the City of Los

27   Angeles within a boundary that begins at the intersection of San Pedro Street and Washington

28

1

**JUDGMENT GRANTING PERMANENT INJUNCTION**

039

Boulevard, continues east along Washington Boulevard until Alameda Street, continues south along Alameda Street until Slauson Avenue, continues west along Slauson Avenue until Central Avenue, continues south along Central Avenue until Manchester Avenue, continues west along Manchester Avenue until Van Ness Avenue, continues north along Van Ness Avenue until Vernon Avenue, continues east along Vernon Avenue until San Pedro Street, at which point it continues north along San Pedro Street until it reaches the intersection of San Pedro Street and Washington Boulevard, and including both sides of the boundary streets, but not including the roadbed of the Harbor (I-110) Freeway.

After due consideration of all documents filed by the People in this action, including all declarations, plaintiff's memorandum of points and authorities including *People v. ex rel. Gallo v. Acuna* (1997), 14 Cal.4th 1090, *cert. denied* (1997), 521 U.S. 1121; *People v. Colonia* Chiques (2007) 156 Cal.App.4th 31; *People v. Englebrecht* (2001) 88 Cal.App.4th 1236; *In re Englebrecht* (1998), 67 Cal.App. 4th 486, and other evidence submitted, and having heard arguments of counsel, this Court makes the following findings, by clear and convincing evidence:

       1.    Service on defendents All For Crime, Barrio Mojados, Blood Stone Villains, Florencia, Oriental Boyz, and Pueblo Bishops is proper;

       2.    Defendants All For Crime, Barrio Mojados, Blood Stone Villains, Florencia, Oriental Boyz, and Pueblo Bishops are each an unincorporated association as defined in Code of Civil Procedure section 369.5;

       3.    Defendants All For Crime, Barrio Mojados, Blood Stone Villains, Florencia, Oriental Boyz, and Pueblo Bishops are each a "criminal street gang" as defined in Penal Code section 186.22, subdivision (f) (Street Terrorism and Prevention Act);

2

**JUDGMENT GRANTING PERMANENT INJUNCTION**

4.   Defendants All For Crime, Barrio Mojados, Blood Stone Villains, Florencia, Oriental Boyz, and Pueblo Bishops are each a "gang" as defined for the purposes of a gang abatement injunction in *Englebrecht, supra,* 88 Cal.App.4th at 1258;

5.   A public nuisance, which a gang injunction may properly abate, exists in the Safety Zone; and

6.   The conduct and activities of Defendants All For Crime, Barrio Mojados, Blood Stone Villains, Florencia, Oriental Boyz, and Pueblo Bishops, acting through their members individually and collectively have caused and continue to cause the public nuisance that exists in the Safety Zone; and

**GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** that:

1.   That defendants **All For Crime, Barrio Mojados, Blood Stone Villains,** Florencia, **Oriental Boyz, Pueblo Bishops, and all members of any defendant** are enjoined and restrained from engaging in or performing, directly or indirectly, any of the following activities in the Safety Zone:

a.   **Do Not Associate:** Standing, sitting, walking, driving, gathering or appearing, anywhere in public view or anyplace accessible to the public, with any known member of **All For Crime, Barrio Mojados, Blood Stone Villains, Florencia, Oriental Boyz, or Pueblo Bishops.** This prohibition for association shall not apply to the following situations: (1) when all individuals are inside a school attending class or on school business, (2) when all individuals are inside a church, and (3) when all individuals are in a classroom attending a licensed gang or drug intervention program; provided however that this prohibition against associating shall apply to all claims of travel to or from any of those locations listed in (1) through (3) above;

b.   **No Intimidation:** Confronting, intimidating, annoying, harassing, threatening, challenging, provoking, assaulting or battering any person known to be a witness, victim, or complainant

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1    to any activity of All For Crime, Barrio Mojados, Blood Stone Villains, Florencia, Oriental Boyz, or

2    Pueblo Bishops;

3          c.      **No Firearms, Imitation Firearms, Dangerous Weapons, or Toy Firearms:**

4    Anywhere in public view, in a public place, in any place accessible to the public or in a vehicle in any

5    public place (1) possessing any firearm, imitation firearm, ammunition, dangerous weapon or toy

6    firearm, (2) knowingly remaining in the presence of anyone who is in possession of such firearm,

7

8    imitation firearm, ammunition, toy firearm, or dangerous weapon as defined in Penal Code section

9    12020, (3) knowingly remaining in the presence of such firearm, imitation firearm, ammunition, toy

10    firearm, or dangerous weapon;

11          d.      **Stay Away From Drugs:**  Without a prescription, (1) selling, possessing, or

12    using any controlled substance or related paraphernalia, including but not limited to rolling papers and

13    pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling, possessing,

14    or using any controlled substance or such related paraphernalia, or (3) knowingly remaining in the

15

16    presence of any controlled substance or such related paraphernalia;

17          e.      **Stay Away From Alcohol:** In public view, in a public place or in any place

18    accessible to the public (1) Drinking or possessing an open container of an alcoholic beverage, (2)

19    knowingly remaining in the presence of anyone possessing an open container of an alcoholic beverage,

20    or (3) knowingly remaining in the presence of an open container of an alcoholic beverage;

21

22          f.      **No Trespassing:**  Being present on or in any property not open to the general

23    public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

24    possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

25    owner's agent, or the person in lawful possession of the property.  For purposes of this provision, the

26    prior written consent must be carried on the enjoined person at the time he or she is visiting the property

27    not open to the general public and must be presented when requested by any peace officer;

28

4

**JUDGMENT GRANTING PERMANENT INJUNCTION**

g.    **No Trespassing in the Pueblo del Rio Housing Development Area:**  Being present on or in the Pueblo Del Rio Housing Development (the "Development") and Adjacent Property, except (1) with the prior voluntary written consent of a person who is listed on a lease for the Development, which written consent shall be presented to any peace officer or Housing Authority official upon request, (2) in the presence of and with the voluntary consent of a person who is listed on a lease for the Development, or (3) for purposes related to attending or having an immediate family member attend a school within the Pueblo Del Rio Housing Development area.  For purposes of this provision, the Development includes all residential units and all common areas to which tenants are authorized to have access in connection with their tenancies, including lawns, sidewalks, walkways, driveways, and parking lots.  For purposes of this provision Adjacent Property includes all Los Angeles Parks and Recreation buildings, areas and playgrounds within or immediately adjacent to the Development, sidewalks and streets (to the center line of such streets) which are immediately adjacent to the Development, and entire streets where such streets are bordered on both sides by the Development.  To be valid, written consent must identify the authorizing party and unit number and be specific as to the date and time for each entry into the Development.  Such written consent shall be valid only in the following areas:  the authorizing party's unit, access to parking for the unit, and a direct route to and from the building where the unit is located.  When the authorizing party is a parent, sibling, child, spouse, or a parent of a child of the person authorized, all of the above restrictions apply with the exception that the written consent need not be specific as to the date and time for each entry into the Development;

h.    **Obey Curfew:**  Being in a public place or in any place accessible to the public, between the hours of 10:00 p.m. on any day and 5:00 a.m. of the following day unless (1) going to or from a gang intervention program, job, school, or non-gang related entertainment activity, (2) actively

5

**JUDGMENT GRANTING PERMANENT INJUNCTION**

engaged in some legal business, trade, profession, occupation, or political activity which requires such presence, or (3) responding properly to an emergency situation that requires immediate attention;

        i.     **No Graffiti or Vandalism Tools**:  Damaging, defacing, or marking any public property or private property of another, or possessing any aerosol spray paint container or felt tip marker;

        j.     **Gang-Free School Zones** :  Stay away from any school in the Safety Zone in which you, your family member, or minor whom you have legal custody are not enrolled or in the process of enrolling; and

        k.     **Obey All Laws:**  Failing to obey all laws (1) which prohibit violence and threaten violence including murder, rape, robbery by force or fear, assault and battery, (2) which prohibit interference with the property rights of others including trespass, theft, driving or taking a vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts which create a nuisance including the illegal sale of controlled substances, gambling on the street, and blocking the sidewalk;

    2.     That this injunction includes an **Opt-Out Provision**, by which any member of All For Crime, Barrio Mojados, Blood Stone Villains, Florencia, Oriental Boys, Pueblo Bishops or any person who has been served with this injunction (hereinafter "Served Person") may move this Court under this Opt-Out Provision for an order to be dismissed from this action.  Plaintiff agrees not to object to Served Person's motion to dismiss him or her from this judgment, so long as such dismissal is to be without prejudice and shall not operate as a retrait in any other action, with each side bearing its own costs and fees, and Served Person's motion satisfies each of the following requirements:

        a.     **Proper Notice**:  A motion under this Opt-Out Provision shall be made on proper notice, properly served on Plaintiff's counsel, and shall not be made on shortened time;

6

**JUDGMENT GRANTING PERMANENT INJUNCTION**

b.    **Not a Gang Member:** Served Person must truthfully declare, under penalty of perjury, that he/she is not a gang member. Such declaration under penalty of perjury is an essential part of this provision;

c.    **Proof Required:** Served person must truthfully declare under penalty of perjury that, for the continuous period of three (3) years preceding the request of the Opt-Out, not including any time spent incarcerated, any time on supervised release (parole or probation), or any time spent outside the country after having been deported, all of the following are and have been true:

i.    Served Person has not claimed membership in any gang;

ii.    Served Person has not associated with any gang members, other than immediate family members;

iii.    Served Person has not obtained any new gang-related tattoos;

iv.    Served Person has not been arrested for, committed or assisted in the commission of any felony or gang-related misdemeanor crime.

v.    Served Person has been (1) been gainfully employed and/or (2) attended an educational institution and made consistent progress toward an educational goal that qualifies him/her for a job, career, or a higher level of education. Applicant must provide sufficient documentation showing his employment or educational attendance.

d.    **No Effect in Other Proceedings:** Plaintiff shall not be bound by the criteria of this Opt-Out Provision in any action, civil or criminal, other than a motion brought under this Provision in this action;

e.    **Judgment Not Admissible:** This Opt-Out Provision and any orders from it shall not be admissible in any civil or criminal action, and cannot be used for or against an applicant for any

7

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1    purpose whatsoever, other than in a civil or criminal contempt proceeding brought for violation of this

2    judgment; and

3            f.      **Dismissed Served Person Committing New Violation:**  If subsequent to

4    successfully obtaining an order of dismissal under this Opt-Out provision, Served Person violates any of

5    subsections **(i) through (iv) of (2)(c)** above (by claiming membership in a gang, associating with known

6    gang members other than immediate family, obtaining any gang-related tattoos, possessing any gang

7    paraphernalia, or being arrested for, committing, or assisting in the commission of any felony or

8    misdemeanor crime), then the Served Person may be re-served with the injunction and will be required

9    to comply with the terms and conditions of this judgment.

10

11

12

13   DATED:  1/23/09

14                                                            

15                                                        Judge of the Superior Court

16                                                        **JOHN A. KRONSTADT**

17   Submitted on January 15, 2009

18   ROCKARD J. DELGADILLO, CITY ATTORNEY
     Bruce Riordan, Senior Assistant, Gang Division
19   Peter Shutan, Assistant Supervisor, Gang Division
     Anne Tremblay, Assistant Supervisor, Gang Division
20   Kurt Knecht, Deputy City Attorney
     200 North Main Street, 8th Floor
21   Los Angeles, CA 90012 (213) 978-4090

22

23   By: _____

24       Kurt Knecht
         Deputy City Attorney, Gang Division
25       Attorney for Plaintiff,

26

27

28

I certify that this is a true and correct copy of the original ___ Judgment on file in this office consisting of ___ pages. JOHN A. CLARKE, Executive Officer/Clerk of the Superior Court of California, County of Los Angeles.
Date: MAR 0 2 2009  By: Alice M. Thompson, Deputy
**ALICE M. THOMPSON**

                                    8

**JUDGMENT GRANTING PERMANENT INJUNCTION**

046



Florence-Pueblo Del Rio Safety Zone
Office of the City Attorney

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 4

ORIGINAL FILED

JUL ⅔ 1 2005

LOS ANGELES
SUPERIOR COURT

FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles,<br><br>          Plaintiff,<br><br>          vs.<br><br>18th STREET,<br>CRAZY RIDERS,<br>DIA aka DOWN IN ACTION,<br>KTO aka KRAZY TOWN,<br>LA RAZA LOCA,<br>ORPHANS,<br>ROCKWOOD STREET LOCOS,<br>VARRIO VISTA RIFA,<br>WANDERERS,<br>WITMER STREET LOCOS,<br>each as an unincorporated association;<br>and DOES 1-500;<br><br>          Defendants. | Case No.:  BC332713<br>(Unlimited Civil Case)<br><br>[Proposed]<br>JUDGMENT GRANTING<br>PERMANENT INJUNCTION<br><br>Assigned for all purposes to<br>the Honorable Morris B. Jones<br><br>Date:   [No Hearing Required]<br>Time:<br>Place:   Dep't 48<br>          Stanley Mosk Courthouse<br>          111 North Hill Street<br>          Los Angeles, CA 90012<br><br>Trial Date:     Not Set Yet<br>Case Filed:    May 2, 2005 |

Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles, filed a complaint seeking to abate a public nuisance through the use of what is commonly known as a "gang injunction," against ten defendants (18th Street, Crazy Riders, DIA aka Down in Action, KTO aka Krazy Town, La Raza Loca, Orphans, Rockwood Street

1

Judgment Granting Permanent Injunction

049

1  Locos, Varrio Vista Rifa, Wanderers, and Witmer Street Locos), each of which is an unincorporated

2  association alleged to be a criminal street gang, and against all members of any defendant and all

3  those through whom each defendant acts, in a "Safety Zone" (a map of which is included as page 5),

4  located in the City of Los Angeles, bounded by the 110 Harbor/Pasadena Freeway to the east (but not

5  including the roadbed of the freeway), James M. Wood Boulevard (formerly 9th Street) to the south,

6  Normandie Avenue to the west, and Beverly Boulevard to the north (Beverly Boulevard east to

7  where it ends at the First Street Bridge, then following Glendale/Second Street to the 110 Freeway),

8  and extending 100 yards to the outside of the southern, western and northern boundaries; plaintiff

9  subsequently voluntarily dismissed without prejudice all fictitious "Doe" defendants; default was

10  duly entered against all ten defendants; after due consideration of all papers filed in this action,

11  including the declarations and other evidence submitted, and plaintiff's memorandum of points and

12  authorities including *People ex rel. Gallo v. Acuna* (1997) 14 Cal. 4th 1090, *cert. denied*, 521 U.S.

13  1121; *People v. Englebrecht* (2001) 88 Cal. App. 4th 1236; *In re Englebrecht* (1998) 67 Cal. App.

14  4th 486, this Court finds by clear and convincing evidence that service is proper under the

15  circumstances, that each defendant is a criminal street gang as defined in Penal Code section 186.22

16  (the Street Terrorism Enforcement and Prevention "STEP" Act), that each defendant is a gang as

17  defined for the purpose of a gang abatement injunction in *People v. Englebrecht* (2001) 88 Cal. App.

18  4th 1236, 1258, that a public nuisance caused by the conduct and activities of criminal street gangs

19  exists in the Safety Zone, and that the conduct and activities of each defendant, the members of each

20  defendant, and those persons through whom each defendant acts, is a cause of the public nuisance

21  that exists in the Safety Zone; good cause appearing for entry of judgment,

22  **IT IS ORDERED, ADJUDGED AND DECREED** that:

23       1.     Defendants 18th Street, Crazy Riders, DIA aka Down in Action ("DIA"), KTO aka

24  Krazy Town ("KTO"), La Raza Loca, Orphans, Rockwood Street Locos ("Rockwood"), Varrio Vista

25  Rifa, Wanderers, and Witmer Street Locos ("Witmer Street"), all members of any defendant, and all

26  persons acting under, in concert with, for the benefit of, at the direction of, or in association with any

27  defendant, are enjoined and restrained from engaging in or performing directly or indirectly, any of

28  the following activities in the Safety Zone:

a.    **Do Not Associate:**  Standing, sitting, walking, driving, gathering or appearing, anywhere in public view or anyplace accessible to the public, with any known member of 18th Street, Crazy Riders, DIA, KTO, La Raza Loca, Orphans, Rockwood, Varrio Vista Rifa, Wanderers, and Witmer Street, but not including:  (1) when all individuals are inside a school attending class or on school business, (2) when all individuals are inside a church, and (3) 1616 Beverly Boulevard; provided however that this prohibition against associating shall apply to all claims of travel to or from any of those locations;

b.    **No Intimidation:**  Confronting, intimidating, annoying, harassing, threatening, challenging, provoking, assaulting or battering any person known to be a witness to, known to be a victim of, or known to have complained about any activity of any of 18th Street, Crazy Riders, DIA, KTO, La Raza Loca, Orphans, Rockwood, Varrio Vista Rifa, Wanderers, and Witmer Street;

c.    **No Extortion, Including Collecting "Rent" or "Taxes":**  Obtaining property from another with that person's consent induced by invoking the name of a defendant gang or by any other use of force or fear, including a threat to injure the person, his or her property or a third person;

d.    **No Guns or Dangerous Weapons:**  Anywhere in public view or anyplace accessible to the public, (1) possessing any gun, ammunition, or illegal weapon as defined in Penal Code section 12020, (2) knowingly remaining in the presence of anyone who is in possession of such gun, ammunition or illegal weapon, or (3) knowingly remaining in the presence of such gun, ammunition or illegal weapon;

e.    **No Graffiti or Graffiti Tools:**  Damaging, defacing, or marking any public property or private property of another, or possessing any spray paint can, felt tip marker, or other graffiti tool as defined in Penal Code section 594.2, including "slap tags";

f.    **Stay Away From Drugs:**  Without a prescription, (1) selling, possessing, or using any controlled substance or related paraphernalia, including but not limited to rolling papers and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling, possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly remaining in the presence of any controlled substance or such related paraphernalia;

g.    **Stay Away From Alcohol:**  Anywhere in public view or anyplace accessible

3

Judgment Granting Permanent Injunction

**051**

to the public, except on properly licensed premises, (1) possessing an open container of an alcoholic beverage, (2) knowingly remaining in the presence of anyone possessing an open container of an alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an alcoholic beverage;

    h. **Obey Curfew**: Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment activity, (2) actively engaged in a legitimate business, trade, profession or occupation which requires such presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

    i. **No Trespassing**: Being present on or in any property not open to the general public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful possession of the property, or (2) in the presence of and with the voluntary consent of the owner, owner's agent, or the person in lawful possession of the property; and

    j. **Obey All Laws**: Failing to obey all laws (1) which prohibit violence and threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which prohibit interference with the property rights of others including trespass, theft, driving or taking a vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk;

  2. **No Costs** Plaintiff waived costs. Each party shall bear its own costs in this action.

DATED:   JUL 2 1 2005

                   Judge of the Superior Court

Submitted on   June 19, 2005, 2005 by:

ROCKARD J. DELGADILLO, Los Angeles City Attorney (125465x)
Martin J. Vranicar, Ass't City Attorney, Supervisor, Gang Unit
James A. McDougal, Deputy City Attorney (140408)
200 North Main Street, 800 City Hall East
Los Angeles, California 90012 (213-978-4088)

By: James A. McDougal
Deputy City Attorney, Gang Unit

Attorneys for Plaintiff
People of the State of California

4

Judgment Granting Permanent Injunction

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 5

ORIGINAL FILED

MAR 16 200~

LOS ANGELES
SUPERIOR COURT

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

PEOPLE OF THE STATE OF CALIFORNIA,    ) Case No. BC 305434
*ex rel.* Rockard J. Delgadillo as the    )
City Attorney for the City of Los Angeles,    ) [PROPOSED]
    ) JUDGMENT GRANTING
                            Plaintiff,    ) PERMANENT INJUNCTION
    )
            vs.    ) Assigned for all purposes to
    ) the Honorable Lee Edmon
18th Street aka XV3 aka Diesiocho,    )
an unincorporated association;    ) DATE:        March 16, 2004
DOES 1 through 200, inclusive,    ) TIME:        8:30 am
    ) PLACE:      Dep't 68
                            Defendants.    )              111 North Hill Street
    )              Los Angeles, CA 90012
    )
    ) TRIAL DATE:    Not Set
    ) CASE FILED:    November 4, 2003

Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the

City Attorney for the City of Los Angeles, filed a complaint November 4, 2003, seeking to abate a

public nuisance through the use of what is commonly known as a "gang injunction" against

defendant 18th Street aka XV3 aka Diesiocho ("18th Street"), an unincorporated association alleged

to be a criminal street gang, its members and all those through whom the 18th Street gang acts, in a

"Safety Zone" (a map of which is included as page 5), comprised of two areas, both of which are

located in the City of Los Angeles:  (a) "Hollywood Streets Safety Zone" bounded by an area

starting at Franklin Avenue and Sierra Bonita Avenue, continuing east to Highland Avenue, north to

the 101 Hollywood Freeway, south along the Hollywood Freeway to Bronson Street (but not

1

JUDGMENT GRANTING PERMANENT INJUNCTION

054

1  including the roadbed of the Freeway), south to Santa Monica Boulevard, west to La Brea Avenue,

2  north to Fountain Avenue, west to Sierra Bonita Avenue, and north to the starting point at Franklin

3  Avenue, and extending 100 yards to the outside of each of those boundary streets; and (b) "Lake

4  Hollywood Safety Zone" comprised of Weidlake Drive and the loop formed by Lake Hollywood

5  Drive and Montlake Drive around the Hollywood Reservoir and the Upper Hollywood Reservoir,

6  and extending 100 yards to the outside of each of those boundary streets; plaintiff subsequently

7  voluntarily dismissed without prejudice all fictitious "Doe" defendants; default was duly entered

8  against defendant 18th Street; after due consideration of all papers filed in this action, including the

9  declarations and other evidence submitted, and plaintiff's memorandum of points and authorities

10  including *People ex rel. Gallo v. Acuna* (1997) 14 Cal. 4th 1090, *cert. denied*, 521 U.S. 1121; *People*

11  *v. Englebrecht* (2001) 88 Cal. App. 4th 1236; and *In re Englebrecht* (1998) 67 Cal. App. 4th 486,

12  this Court finds by clear and convincing evidence that service is proper under the circumstances,

13  18th Street is a criminal street gang as defined in Penal Code section 186.22 (Street Terrorism

14  Enforcement and Prevention "STEP" Act), 18th Street is a gang as defined for the purpose of a gang

15  abatement injunction in *People v. Englebrecht* (2001) 88 Cal. App. 4th 1236, 1258, and the conduct

16  and activities of defendant 18th Street, its members, and those persons through whom 18th Street

17  acts, constitute a public nuisance in the Safety Zone; good cause appearing for entry of judgment,

18  **IT IS ORDERED, ADJUDGED AND DECREED** that:

19  　　1.　　Defendant 18th Street aka XV3 aka Diesiocho ("18th Street"), its members, agents,

20  servants, employees, and all persons acting under, in concert with, for the benefit of, at the direction

21  of, or in association with them or any of them, including but not limited to all persons who are

22  involved in the sale or attempted sale of controlled substances under, in concert with, for the benefit

23  of, at the direction of, or in association with the 18th Street gang, are enjoined and restrained from

24  engaging in or performing directly or indirectly, any of the following activities in the Safety Zone:

25  　　　　a.　　**Do Not Associate:** Standing, sitting, walking, driving, gathering or

26  appearing, anywhere in public view or anyplace accessible to the public, with any known member of

27  18th Street including but not limited to those members identified on pages six and seven herein, but

28  not including: (1) when all individuals are inside a school attending class or on school business, and

2

**JUDGMENT GRANTING PERMANENT INJUNCTION**

055

1  (2) when all individuals are inside a church; provided however that this prohibition against

2  associating shall apply to all claims of travel to or from any of those locations;

3      b.    **No Intimidation:** Confronting, intimidating, annoying, harassing,

4  threatening, challenging, provoking, assaulting or battering any person known to be a witness to any

5  activity of 18th Street, known to be a victim of any activity of 18th Street, or known to be a person

6  who has complained about any activity of 18th Street;

7      c.    **No Guns or Dangerous Weapons:** Anywhere in public view or anyplace

8  accessible to the public, (1) possessing any gun, ammunition, or illegal weapon as defined in Penal

9  Code section 12020, (2) knowingly remaining in the presence of anyone who is in possession of

10  such gun, ammunition or dangerous weapon, or (3) knowingly remaining in the presence of such

11  gun, ammunition or dangerous weapon;

12      d.    **Stay Away From Drugs:** Without a prescription, (1) selling, possessing, or

13  using any controlled substance or related paraphernalia, including but not limited to rolling papers

14  and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling,

15  possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly

16  remaining in the presence of any controlled substance or such related paraphernalia;

17      e.    **No Drug-Sales Related Activities:** Anywhere in public view or anyplace

18  accessible to the public, committing any of the following activities in a manner consistent with the

19  illegal sale or purchase of controlled substances: (1) repeatedly passing to or receiving from

20  passersby, whether on foot or in a motor vehicle, money or small objects, (2) repeatedly beckoning

21  to, stopping, attempting to stop, engaging in conversation with passersby, whether on foot or in a

22  motor vehicle, (3) using signals or language indicative of summoning purchasers or sellers of illegal

23  drugs, (4) transferring small objects or packages for currency in a furtive fashion, or (5) acting as a

24  look-out;

25      f.    **Obey Curfew:** Being outside between the hours of 10:00 p.m. on any day

26  and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment

27  activity, (2) actively engaged in a legitimate business, trade, profession or occupation which requires

28  such presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**

g.    **No Trespassing:**  Being present on or in any property not open to the general public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful possession of the property, or (2) in the presence of and with the voluntary consent of the owner, owner's agent, or the person in lawful possession of the property;

h.    **No Graffiti or Graffiti Tools:**  Damaging, defacing, or marking any public property or private property of another, or possessing any spray paint can or felt tip marker; and

i.    **Obey All Laws:**  Failing to obey all laws (1) which prohibit violence and threatened violence including robbery by force or fear, extortion, assault and battery, (2) which prohibit interference with the property rights of others including trespass, burglary, burglary from a motor vehicle, theft and vandalism, or (3) which prohibit the commission of acts which create a nuisance including the illegal sale of controlled substances;

///

[text continued on page 8 after map and photos]

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

4

**JUDGMENT GRANTING PERMANENT INJUNCTION**



Hollywood Streets and Lake Hollywood

Office of the City Attorney

5

1      2.     **No Costs.** Plaintiff waived costs. Each party shall bear its own costs in this action.

2

3                                       **LEE SMALLEY EDMON**

4    DATED:    MAR 1 6 2004

5                                       Judge of the Superior Court

6    Submitted on    January 8    , 2004 by:

7    ROCKARD J. DELGADILLO, Los Angeles City Attorney
Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
8    James A. McDougal, Deputy City Attorney (140408)
200 North Main Street, 800 City Hall East
9    Los Angeles, California  90012  (213-847-0135)

10

11

12    By: James A. McDougal
Deputy City Attorney, Gang Unit

13    Attorneys for Plaintiff,
People of the State of California
14    doc 20695

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**JUDGMENT GRANTING PERMANENT INJUNCTION**

059

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 6

1
2
3
4
5
6
7
8

ORIGINAL FILED

JUN 2 9 2004

LOS ANGELES
SUPERIOR COURT

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9      FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

10

11  PEOPLE OF THE STATE OF CALIFORNIA,        )   Case No.  BC313309
    *ex rel.* Rockard J. Delgadillo as the          )
12  City Attorney for the City of Los Angeles,     )   [PROPOSED]
                                                   )   JUDGMENT GRANTING
13                      Plaintiff,                 )   PERMANENT INJUNCTION
                                                   )
14          vs.                                    )   Assigned for all purposes to the
                                                   )   Honorable Aurelio N. Munoz
15  18th Street aka XV3 aka Diesiocho,            )
    an unincorporated association;                 )   DATE:        [No Hearing Required]
16  DOES 1 through 200, inclusive,                )   TIME:
                                                   )   PLACE:       Dep't 47
17                      Defendants.                )                111 North Hill Street
                                                   )                Los Angeles, CA 90012
18                                                 )
                                                   )   TRIAL DATE:   Not Set
19  _____ )   CASE FILED:   April 6, 2004

20          Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the

21  City Attorney for the City of Los Angeles, filed a complaint April 6, 2004, seeking to abate a public

22  nuisance through the use of what is commonly known as a "gang injunction" against defendant 18th

23  Street aka XV3 aka Diesiocho ("18th Street"), an unincorporated association alleged to be a criminal

24  street gang, its members and all those through whom the 18th Street gang acts, in a "Safety Zone" (a

25  map of which is included as page 5 and incorporated herein), located in the City of Los Angeles,

26  comprised of three areas:  (a) "Wilshire/Shatto Park," which is bounded by Beverly Boulevard to the

27  north, Normandie Avenue to the east, Wilshire Boulevard to the south, and Western Avenue to the

28  west, and which extends 100 yards to the outside of its boundary streets; (b) "Wilshire/Rimpau,"

1

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1  which is bounded by Venice Boulevard to the north, West Boulevard to the east, the Santa Monica I-

2  10 Freeway to the south (but not including the roadbed of the Freeway), and La Brea Avenue to the

3  west, and which extends 100 yards to the outside of its boundary streets; and (c ) "Wilshire/Smiley

4  Drive," which is bounded by La Brea Avenue to the east, the Santa Monica I-10 Freeway to the

5  south (but not including the roadbed of the Freeway), and Washington Boulevard to the west and

6  north, and which extends 100 yards to the outside of its boundary streets; plaintiff subsequently

7  voluntarily dismissed without prejudice all fictitious "Doe" defendants; default was duly entered

8  against defendant 18th Street; after due consideration of all papers filed in this action, including the

9  declarations and other evidence submitted, and plaintiff's memorandum of points and authorities

10  including *People ex rel. Gallo v. Acuna* (1997) 14 Cal. 4th 1090, *cert. denied*, 521 U.S. 1121; *People*

11  *v. Englebrecht* (2001) 88 Cal. App. 4th 1236; and *In re Englebrecht* (1998) 67 Cal. App. 4th 486,

12  this Court finds by clear and convincing evidence that service is proper under the circumstances,

13  18th Street is a criminal street gang as defined in Penal Code section 186.22 (Street Terrorism

14  Enforcement and Prevention "STEP" Act), 18th Street is a gang as defined for the purpose of a gang

15  abatement injunction in *People v. Englebrecht* (2001) 88 Cal. App. 4th 1236, 1258, and the conduct

16  and activities of defendant 18th Street, its members, and those persons through whom 18th Street

17  acts, constitute a public nuisance in the Safety Zone; good cause appearing for entry of judgment,

18  **IT IS ORDERED, ADJUDGED AND DECREED** that:

19      1.    Defendant 18th Street aka XV3 aka Diesiocho ("18th Street"), its members, agents,

20  servants, employees, and all persons acting under, in concert with, for the benefit of, at the direction

21  of, or in association with them or any of them, are enjoined and restrained from engaging in or

22  performing directly or indirectly, any of the following activities in the Safety Zone:

23      a.    **Do Not Associate:**  Standing, sitting, walking, driving, gathering or

24  appearing, anywhere in public view or anyplace accessible to the public, with any known member of

25  18th Street, but not including:  (1) when all individuals are inside a school attending class or on

26  school business, and (2) when all individuals are inside a church; provided however that this

27  prohibition against associating shall apply to all claims of travel to or from any of those locations;

28      b.    **No Intimidation:**  Confronting, intimidating, annoying, harassing,

2

---

**JUDGMENT GRANTING PERMANENT INJUNCTION**

threatening, challenging, provoking, assaulting or battering any person known to be a witness to any activity of 18th Street, known to be a victim of any activity of 18th Street, or known to be a person who has complained about any activity of 18th Street;

     c.    **No Guns or Dangerous Weapons:**  Anywhere in public view or anyplace accessible to the public, (1) possessing any gun, ammunition, or illegal weapon as defined in Penal Code section 12020, (2) knowingly remaining in the presence of anyone who is in possession of such gun, ammunition or dangerous weapon, or (3) knowingly remaining in the presence of such gun, ammunition or dangerous weapon;

     d.    **No Graffiti or Graffiti Tools:**  Damaging, defacing, or marking any public property or private property of another, or possessing any spray paint can, felt tip marker, or other graffiti tool as defined in Penal Code section 594.2, including "slap tags";

     e.    **Stay Away From Drugs:**  Without a prescription, (1) selling, possessing, or using any controlled substance or related paraphernalia, including but not limited to rolling papers and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling, possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly remaining in the presence of any controlled substance or such related paraphernalia;

     f.    **Stay Away From Alcohol:**  Anywhere in public view or anyplace accessible to the public, (1) possessing an open container of an alcoholic beverage, (2) knowingly remaining in the presence of anyone possessing an open container of an alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an alcoholic beverage;

     g.    **Obey Curfew:**  Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment activity, (2) actively engaged in a legitimate business, trade, profession or occupation which requires such presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

     h.    **No Trespassing:**  Being present on or in any property not open to the general public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful possession of the property, or (2) in the presence of and with the voluntary consent of the owner, owner's agent, or the person in lawful possession of the property;

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1         i.     **No Drug-Related Activities**: Anywhere in public view or anyplace

2 accessible to the public, committing any of the following activities in a manner consistent with the

3 illegal sale or purchase of narcotics: (1) repeatedly passing to or receiving from passersby, whether

4 on foot or in a motor vehicle, money or small objects, (2) repeatedly beckoning to, stopping,

5 attempting to stop, engaging in conversation with passersby, whether on foot or in a motor vehicle,

6 (3) using signals or language indicative of summoning purchasers or sellers of illegal drugs, (4)

7 transferring small objects or packages for currency in a furtive fashion, or (5) acting as a look-out;

8         j.     **No Recruiting Children**: Soliciting or recruiting anyone under the age of 18

9 to join, actively participate in, or associate with the intent to join the 18th Street criminal street gang;

10         k.     **Obey All Laws:** Failing to obey all laws (1) which prohibit violence and

11 threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

12 prohibit interference with the property rights of others including trespass, theft, driving or taking a

13 vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

14 which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk.

15     2.    **No Costs.** Plaintiff waived costs. Each party shall bear its own costs in this action.

16

17

18

19 DATED: _6/29/04_

20                                    Judge of the Superior Court

21 Submitted on _May 17_, 2004 by:             AURELIO MUNOZ

22 ROCKARD J. DELGADILLO, Los Angeles City Attorney
   Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit

23 James A. McDougal, Deputy City Attorney (140408)
   200 North Main Street, 800 City Hall East

24 Los Angeles, California 90012 (213-847-0135)

25

26 By: James A. McDougal

27 Deputy City Attorney, Gang Unit

28 Attorneys for Plaintiff, People of the State of California
   doc 21764

4

**JUDGMENT GRANTING PERMANENT INJUNCTION**



Safety Zone Map
Office of the City Attorney
City of Los Angeles

5

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 7

ORIGINAL FILED

NOV 2 2 2004

Department 56

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

| | |
|---|---|
| **PEOPLE OF THE STATE OF CALIFORNIA,** *ex rel.* **Rockard J. Delgadillo as the City Attorney for the City of Los Angeles,**<br><br>                    Plaintiff,<br><br>          vs.<br><br>**38TH STREET, an unincorporated association; DOES 1 through 500, inclusive,**<br><br>                    Defendants. | Case No.  BC319166<br><br>[~~PROPOSED~~]<br>**JUDGMENT GRANTING PERMANENT INJUNCTION**<br><br>Assigned for all purposes to the Honorable   Jane Johnson<br><br>DATE: N/A<br>TIME: N/A<br>PLACE: Dept 56<br>         111 North Hill Street<br>         Los Angeles, CA  90012<br><br>TRIAL DATE:   Not Set<br>CASE FILED:   July 28, 2004 |

Plaintiff, the People of the State of California, *ex rel.* Rockard J: Delgadillo as the City

Attorney for the City of Los Angeles, filed a complaint on July 28, 2004, seeking to abate a public

nuisance through the use of what is commonly known as a "gang injunction," against defendant 38th

Street Gang ("38th Street"), an unincorporated association alleged to be a criminal street gang, in a

"Safety Zone" (as depicted in the map included as page 7 and incorporated herein) within the City of

Los Angeles which is defined by the area bounded by Washington Boulevard to the north; Alameda

Street to the east, Slauson Avenue to the south, and San Pedro Street to the west.; plaintiff

subsequently voluntary dismissed without prejudice all fictitious "Doe" defendants; default was duly

1

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1  entered against defendant 38th Street; after due consideration of all papers filed in this action,

2  including the declarations, requests for judicial notice, and other evidence submitted, plaintiff's

3  memorandum of points and authorities including *People v. ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090,

4  *cert. denied*, 521 U.S. 1121 (1997); *People v. Englebrecht*, 88 Cal. App. 4th 1236 (2001); *In re*

5  *Englebrecht*, 67 Cal. App. 4th 486 (1998), this Court finds by clear and convincing evidence that

6  service is proper under the circumstances and that (1) 38th Street is a criminal street gang as defined

7  in Penal Code section 186.22 (Street Terrorism Prevention and Enforcement ("STEP") Act) and is a

8  gang as defined for the purpose of a gang abatement injunction in *People v. Englebrecht*, 88 Cal.

9  App. 4th 1236,1258 (2001); and (2) the conduct and activities of defendant 38th Street and its

10  members constitute a public nuisance in the Safety Zone; and good cause appearing for entry of

11  judgment,

12  **IT IS ORDERED, ADJUDGED AND DECREED** that:

13  　　1. Defendant 38th Street, its members, agents, servants, employees, and all persons acting

14  under, in concert with, for the benefit of, at the direction of, or in association with them or any of

15  them, are enjoined and restrained from engaging in or performing directly or indirectly, any of the

16  following activities in the Safety Zone:

17  　　　　a.　　**Do Not Associate:**  Driving, standing, sitting, walking, gathering or

18  appearing, anywhere in public view or anyplace accessible to the public, with any known member of

19  38th Street, but not including:  (1) when all individuals are inside a school attending class or on

20  school business, (2) when all individuals are inside a church; provided however that this prohibition

21  against associating shall apply to all claims of travel to or from any of those locations, and (3) when

22  all individuals are inside A Place Called Home ("APCH") located at 2830 South Central Avenue,

23  Los Angeles, California, and are enrolling in or are enrolled in and attending a youth development,

24  workforce development, or gang intervention program established by APCH; provided however that

25  this prohibition against associating shall apply to all claims of travel to or from any of those

26  locations;

27  　　　　b.　　**No Intimidation:**  Confronting, intimidating, annoying, harassing,

28  threatening, challenging, provoking, assaulting or battering any person known to be a witness to any

2

---

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1   activity of 38th Street, known to be a victim of any activity of 38th Street, or known to be a person

2   who has complained about any activity of 38th Street;

3          c.     **No Firearms, Imitation Firearms, or Dangerous Weapons:** Anywhere in

4   public view or anyplace accessible to the public, (1) possessing any firearm, imitation firearm,

5   ammunition, or illegal weapon as defined in Penal Code section 12020, (2) knowingly remaining in

6   the presence of anyone who is in possession of such firearm, imitation firearm, ammunition or

7   dangerous weapon, or (3) knowingly remaining in the presence of such firearm, imitation firearm,

8   ammunition or dangerous weapon.  For purposes of this provision, an imitation firearm means a

9   replica of a firearm that is so substantially similar in physical properties to an existing firearm as to

10  lead a reasonable person to conclude that the replica is a firearm;

11         d.     **Stay Away From Drugs:**  Without a prescription, (1) selling, possessing, or

12  using any controlled substance or related paraphernalia, including but not limited to rolling papers

13  and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling,

14  possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly

15  remaining in the presence of any controlled substance or such related paraphernalia;

16         e.     **No Open Containers of Alcohol:**  Anywhere in public view or anyplace

17  accessible to the public, except on properly licensed premises, (1) possessing an open container of an

18  alcoholic beverage, (2) knowingly remaining in the presence of anyone possessing an open container

19  of an alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an

20  alcoholic beverage;

21         f.     **No Trespassing:**  Being present on or in any property not open to the general

22  public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

23  possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

24  owner's agent, or the person in lawful possession of the property;

25         g.     **No Trespassing at the Alameda Swap Meet market place -** Being present

26  on or in the Alameda Swap Meet market place except (1) with the prior written consent of the owner

27  or owner's agent or (2) in the presence of and with the voluntary consent of the owner or owner's

28  agent.  For purposes of this provision, (1) the Alameda Swap Meet market place includes the

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1  properties, sidewalks, and adjacent parking lots at the addresses of 4433 South Alameda Street and

2  4501 South Alameda Street.  It also includes any parking lots (and adjoining sidewalks) across the

3  street from the Alameda Swap Meet market place that are designated for Alameda Swap Meet

4  market place parking; (2) the owner's agent does not include tenants of the Alameda Swap Meet

5  market place; and (3) the prior written consent must be carried on the person at the time the person

6  visits the Alameda Swap Meet market place and presented when requested by any peace officer or

7  security guard;

8          h.    **Obey Curfew**:  Being outside between the hours of 10:00 p.m. on any day

9  and sunrise of the following day, unless (1) going to or from a gang intervention program, job,

10  school, or non-gang-related entertainment activity, (2) actively engaged in some business, trade,

11  profession, occupation, or political activity which requires such presence, or (3) involved in a

12  legitimate emergency situation that requires immediate attention;

13          i.    **No Graffiti or Graffiti Tools**:  Damaging, defacing, or marking any public

14  property or private property of another, or possessing any spray paint container or felt tip marker;

15  and

16          j.    **Obey All Laws**:  Failing to obey all laws (1) which prohibit violence and

17  threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

18  prohibit interference with the property rights of others including trespass, theft, driving or taking a

19  vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

20  which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk;

21      2.    **Renunciation Provision**:  Any 38th Street gang member or any person who has

22  been served with this injunction (hereinafter "applicant") may move this court under this provision

23  for an order that this judgement is not enforceable against him/her.

24          a.    Requirements:  Plaintiff agrees not to object to an appliant's motion to be

25  excluded from this judgement, so long as the exclusion is to be without prejudice and with each side

26  to bear its own costs and fees, and so long as the motion satisfies the following requirements:

27          i.    Proper Notice:  A motion under this provision shall be made on proper

28  notice properly served on plaintiff's counsel, and shall not be made on shortened time;

4

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1            ii.    Public Renunciation:  Applicant must declare that he/she is not or is no

2    longer a gang member, and that he/she has renounced the gang life.  Renunciation is an essential part

3    of this provision.

4            iii.    Proof of Renunciation:  The applicant must truthfully declare under

5    penalty of perjury that, for the continuous period of three (3) years preceeding the date of the

6    renunciation, with the starting date being no earlier than the date of this judgment, and not including

7    any time spent incarcerated, any time on supervised release (parole or probation), and/or any time

8    spent outside the country after having been deported, all of the following are and have been true:

9            A.    Applicant has not claimed membership in any gang;

10           B.    Applicant has not associated with any gang members, other

11                 than immediate family members;

12           C.    Applicant has not obtained any new gang-related tattoos and/or

13                 used, owned, or possessed any gang related paraphernalia;

14           D.    Applicant has not been arrested for, committed or assisted in

15                 the commission of any felony or misdemeanor crime.

16           E.    Applicant has in the 18 months prior to his/her renunciation

17                 consistently (1) been gainfully employed and/or (2) attended an

18                 educational institution and made consistent progress toward an

19                 educational goal that qualifies him/her for a job, career, or a

20                 higher level of education.  Applicant must provide sufficient

21                 documentation showing his employment and/or educational

22                 attendance.

23           iv.    No Third-Party Beneficiaries:  It shall not be a defense to any civil or

24   criminal contempt charge that the applicant was eligible to apply for this Renunciation provision.

25           b.    No Effect in Other Proceedings:  This provision and any orders from it shall

26   not be admissible in any civil or criminal action, and cannot be used for or against an applicant for

27   any purpose whatsoever, other than in a civil or criminal contempt proceeding brought for violation

28   of this judgment.

5

---

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1         c.     Renounced Applicant Committing New Violation:  If anyone who has

2  successfully received an order under this provision violates any of subsections A through D of

3  (2)(a)(iii) above (by claiming membership in a gang, associating with known gang members other

4  than immediate family, obtaining any gang-related tattoos, possessing any gang paraphernalia, or

5  being arrested for, committing, or assisting in the commission of any felony or misdemeanor crime),

6  then the applicant may be re-served with the injunction Order and the same terms and conditions will

7  apply.

8        3.     **No Costs**  Plaintiff waived costs.  Each party shall bear its own costs in this action.

9

10  DATED:   NOV 2 2 2004               **JANE L. JOHNSON**

11                                                Judge of the Superior Court

12  Submitted on  October 7, 2004 by

13  ROCKARD J. DELGADILLO, Los Angeles City Attorney
      Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
14  Kurt Knecht, Deputy City Attorney
      200 North Main Street, 800 City Hall East
15  Los Angeles, California (213) 978-4086

16

17

      By: Kurt Knecht, Deputy City Attorney
18  Attorneys for Plaintiff,
      People of the State of California

19

20

21

22  THE DOCUMENT TO WHICH THIS CERTIFICATE IS
      ATTACHED IS A FULL, TRUE, AND CORRECT COPY
23  OF THE ORIGINAL ON FILE AND OF RECORD IN
      MY OFFICE.
24             NOV 2 2 2004
      ATTEST
25  John A. Clarke
      County Clerk / Executive Officer of the
      Superior Court of California, County of
26  Los Angeles
      BY_____, DEPUTY
27

28

6

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 8

ORIGINAL FILED

APR 0 7 2005

LOS ANGELES
SUPERIOR COURT

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles,<br><br>                    Plaintiff,<br><br>          vs.<br><br>42ND STREET GANGSTER CRIPS aka 4-DEUCE, an unincorporated association, 43RD STREET GANGSTER CRIPS aka 4-TREY, an unincorporated association, AND 48TH STREET GANGSTER CRIPS aka 4-8, an unincorporated association; DOES 1 through 500, inclusive,<br><br>                    Defendants. | Case No.  BC326016<br><br>[~~PROPOSED~~]<br>JUDGMENT GRANTING<br>PERMANENT INJUNCTION<br><br>Assigned for all purposes to the<br>Honorable Lee Edmon<br><br>DATE:    N/A<br>TIME:    N/A<br>PLACE:  Dept 68<br>             111 North Hill Street<br>             Los Angeles, CA  90012<br><br>TRIAL DATE:    Not Set<br>CASE FILED:    December 16, 2004 |

       Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the City

Attorney for the City of Los Angeles, filed a complaint on December 16, 2004 seeking to abate a

public nuisance through the use of what is commonly known as a "gang injunction," against

Defendants 42nd Street Gangster Crips aka 4-Deuce, an unincorporated association alleged to be a

criminal street gang, 43nd Street Gangster Crips aka 4-Trey, an unincorporated association alleged to

1

ORDER GRANTING PERMANENT INJUNCTION

074

1   be a criminal street gang, and 48th Street Gangster Crips aka 4-8, an unincorporated association

2   alleged to be a criminal street gang in a "Safety Zone" (as depicted in the map included as page 8

3   and incorporated herein) within the City of Los Angeles which is defined by the area bounded by the

4   route starting at the intersection of Washington Boulevard and Alameda Street, continuing south

5   along Alameda Street to Slauson Avenue, continuing west along Slauson Avenue to Central Avenue,

6   continuing south along Central Avenue to Florence Avenue, continuing west along Florence Avenue

7   to the Harbor (I-110) Freeway, continuing north along the Harbor (I-110) Freeway to Washington

8   Boulevard, continuing east along Washington Boulevard to the starting point at Alameda Street, and

9   including both sides of the boundary streets, but not including the roadbed or portion thereof of the

10  Harbor (I-110) Freeway; plaintiff subsequently voluntary dismissed without prejudice all fictitious

11  "Doe" defendants; default was duly entered against defendants 42nd Street Gangster Crips aka 4-

12  Deuce, 43rd Street Gangster Crips aka 4-Trey, and 48th Street Gangster Crips aka 4-8; after due

13  consideration of all papers filed in this action, including the declarations, requests for judicial notice,

14  and other evidence submitted, plaintiff's memorandum of points and authorities including *People v.*

15  *ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, *cert. denied*, 521 U.S. 1121 (1997); *People v. Englebrecht*,

16  88 Cal. App. 4th 1236 (2001); *In re Englebrecht*, 67 Cal. App. 4th 486 (1998), this Court finds by

17  clear and convincing evidence that service is proper under the circumstances and that (1) 42nd Street

18  Gangster Crips aka 4-Deuce, 43rd Street Gangster Crips aka 4-Trey, and 48th Street Gangster Crips

19  aka 4-8 are criminal street gangs as defined in Penal Code section 186.22 (Street Terrorism

20  Prevention and Enforcement ("STEP") Act) and are gangs as defined for the purpose of a gang

21  abatement injunction in *People v. Englebrecht*, 88 Cal. App. 4th 1236,1258 (2001); and (2) the

22  conduct and activities of defendants 42nd Street Gangster Crips aka 4-Deuce, 43rd Street Gangster

23  Crips aka 4-Trey, and 48th Street Gangster Crips aka 4-8 and their members constitute a public

24  nuisance in the Safety Zone; and good cause appearing for entry of judgment,

25  **GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED** that:

26      1. Defendants 42nd Street Gangster Crips aka 4-Deuce, 43rd Street Gangster Crips aka 4-

27  Trey, and 48th Street Gangster Crips aka 4-8, their members, agents, servants, employees, and all

28  persons acting under, in concert with, for the benefit of, at the direction of, or in association with

2

**ORDER GRANTING PERMANENT INJUNCTION**

1   them or any of them, from engaging in or performing directly or indirectly, any of the following

2   activities in the Safety Zone:

3         a.    **Do Not Associate:**  Driving, standing, sitting, walking, gathering or

4   appearing, anywhere in public view or anyplace accessible to the public, with any known member of

5   the 42nd Street Gangster Crips aka 4-Deuce, 43rd Street Gangster Crips aka 4-Trey, 48th Street

6   Gangster Crips aka 4-8, and/or East Coast Crips but not including:  (1) when all individuals are

7   inside a school attending class or on school business, (2) when all individuals are inside a church;

8   provided however that this prohibition against associating shall apply to all claims of travel to or

9   from any of those locations, and (3) when all individuals are inside A Place Called Home ("APCH")

10  located at 2830 South Central Avenue, Los Angeles, California, and are enrolling in or are enrolled

11  in and attending a youth development, workforce development, or gang intervention program

12  established by APCH; provided however that this prohibition against associating shall apply to all

13  claims of travel to or from any of those locations;

14        b.    **No Intimidation:**  Confronting, intimidating, annoying, harassing,

15  threatening, challenging, provoking, assaulting or battering any person known to be a witness,

16  victim, or complainant to any activity of the 42nd Street Gangster Crips aka 4-Deuce, 43rd Street

17  Gangster Crips aka 4-Trey, 48th Street Gangster Crips aka 4-8, and/or East Coast Crips;

18        c.    **No Firearms, Imitation Firearms, or Dangerous Weapons:**  Anywhere in

19  public view or anyplace accessible to the public, (1) possessing any firearm, imitation firearm,

20  ammunition, or illegal weapon as defined in Penal Code section 12020, (2) knowingly remaining in

21  the presence of anyone who is in possession of such firearm, imitation firearm, ammunition or

22  dangerous weapon, or (3) knowingly remaining in the presence of such firearm, imitation firearm,

23  ammunition or dangerous weapon.  For purposes of this provision, an imitation firearm means a

24  replica of a firearm that is so substantially similar in physical properties to an existing firearm as to

25  lead a reasonable person to conclude that the replica is a firearm;

26        d.    **Stay Away From Drugs:**  Without a prescription, (1) selling, possessing, or

27  using any controlled substance or related paraphernalia, including but not limited to rolling papers

28  and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling,

3

**ORDER GRANTING PERMANENT INJUNCTION**

1  possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly

2  remaining in the presence of any controlled substance or such related paraphernalia;

3        e.  **No Open Containers of Alcohol:**  Anywhere in public view or anyplace

4  accessible to the public, except on properly licensed premises, (1) possessing an open container of an

5  alcoholic beverage, (2) knowingly remaining in the presence of anyone possessing an open container

6  of an alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an

7  alcoholic beverage;

8        f.  **No Trespassing:**  Being present on or in any property not open to the general

9  public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

10  possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

11  owner's agent, or the person in lawful possession of the property;

12        g.  **Stay Away From Gilbert Lindsay Park** - Being present on or in Gilbert

13  Lindsay Park.  For purposes of this provision, Gilbert Lindsay Park includes the properties,

14  sidewalks, and adjacent parking lots at the address of 429 E. 42nd Place.

15        h.  **Obey Curfew:**  Being outside between the hours of 10:00 p.m. on any day

16  and sunrise of the following day, unless (1) going to or from a gang intervention program, job,

17  school, or non-gang-related meeting or entertainment activity, (2) actively engaged in some business,

18  trade, profession, occupation, or political activity which requires such presence, or (3) involved in a

19  legitimate emergency situation that requires immediate attention;

20        i.  **No Graffiti or Graffiti Tools:**  Damaging, defacing, or marking any public

21  property or private property of another, or possessing any spray paint container or felt tip marker;

22        j.  **No Identity Theft:**  Do not posses any credit card or other financial

23  applications, credit cards, negotiable instruments, checks, and/or any identificatory documents of any

24  other person or business, real or fictitious, but not including:  (1) non-fraudulent checks and/or

25  negotiable instruments used for payment of goods or services to yourself, and (2) non-fraudulent

26  financial documents of a business of which you are an employee or owner.

27        k.  **No Reckless Driving:**  Driving a vehicle in willful or wanton disregard for

28  the safety of persons or property, including to but not limited to while evading a peace officer as

4

**ORDER GRANTING PERMANENT INJUNCTION**

1  defined in Vehicle Code sections 2800.1 through 2800.3.  and

2        l.    **Obey All Laws:**  Failing to obey all laws (1) which prohibit violence and

3  threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

4  prohibit interference with the property rights of others including trespass, theft, driving or taking a

5  vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

6  which create a nuisance including the illegal sale of controlled substances, gambling on the street,

7  and blocking the sidewalk;

8        2.    **Renunciation Provision:**   Any  42nd Street Gangster Crips aka 4-Deuce, 43rd

9  Gangster Crips aka 4-Trey, and/or 48th Street Gangster Crips aka 4-8 gang member or any person

10  who has been served with this injunction (hereinafter "applicant") may move this court under this

11  provision for an order that this judgement is not enforceable against him/her.

12        a.    Requirements:  Plaintiff agrees not to object to an applicant's motion to be

13  excluded from this judgement, so long as the exclusion is to be without prejudice and with each side

14  to bear its own costs and fees, and so long as the motion satisfies the following requirements:

15              I.    Proper Notice:  A motion under this provision shall be made on proper

16  notice properly served on plaintiff's counsel, and shall not be made on shortened time;

17              ii.    Public Renunciation:  Applicant must declare that he/she is not or is no

18  longer a gang member, and that he/she has renounced the gang life.  Renunciation is an essential part

19  of this provision.

20              iii.    Proof of Renunciation:  The applicant must truthfully declare under

21  penalty of perjury that, for the continuous period of three (3) years preceding the date of the

22  renunciation, with the starting date being no earlier than the date of this judgment, and not including

23  any time spent incarcerated, any time on supervised release (parole or probation), and/or any time

24  spent outside the country after having been deported, all of the following are and have been true:

25                    A.    Applicant has not claimed membership in any gang;

26                    B.    Applicant has not associated with any gang members, other

27                          than immediate family members;

28                    C.    Applicant has not obtained any new gang-related tattoos and/or

5

**ORDER GRANTING PERMANENT INJUNCTION**

1    used, owned, or possessed any gang related paraphernalia;

2    D.    Applicant has not been arrested for, committed or assisted in

3    the commission of any felony or misdemeanor crime.

4    E.    Applicant has in the 18 months prior to his/her renunciation

5    consistently (1) been gainfully employed and/or (2) attended an

6    educational institution and made consistent progress toward an

7    educational goal that qualifies him/her for a job, career, or a

8    higher level of education.  Applicant must provide sufficient

9    documentation showing his employment and/or educational

10    attendance.

11    iv.    No Third-Party Beneficiaries:  It shall not be a defense to any civil or

12    criminal contempt charge that the applicant was eligible to apply for this Renunciation provision.

13    b.    No Effect in Other Proceedings:  This provision and any orders from it shall

14    not be admissible in any civil or criminal action, and cannot be used for or against an applicant for

15    any purpose whatsoever, other than in a civil or criminal contempt proceeding brought for violation

16    of this judgment.

17    c.    Renounced Applicant Committing New Violation:  If anyone who has

18    successfully received an order under this provision violates any of subsections A through D of

19    (2)(a)(iii) above (by claiming membership in a gang, associating with known gang members other

20    than immediate family, obtaining any gang-related tattoos, possessing any gang paraphernalia, or

21    being arrested for, committing, or assisting in the commission of any felony or misdemeanor crime),

22    then the applicant may be re-served with the injunction Order and the same terms and conditions will

23    apply.

24    3.    No Costs  Plaintiff waived costs.  Each party shall bear its own costs in this action.

APR 0 7 2009

25    LEE SMALLEY EDMON

26    DATED: _____    _____

27    Judge of the Superior Court

28    //

6

**ORDER GRANTING PERMANENT INJUNCTION**

1  Submitted on  March 1, 2005 by

2  ROCKARD J. DELGADILLO, Los Angeles City Attorney
   Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
3  Kurt Knecht, Deputy City Attorney
   200 North Main Street, 800 City Hall East
4  Los Angeles, California (213) 978-4086

5

6

7  By: Kurt Knecht, Deputy City Attorney
   Attorneys for Plaintiff,
8  People of the State of California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

**ORDER GRANTING PERMANENT INJUNCTION**

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 9

1  ROCKARD J. DELGADILLO, Los Angeles City Attorney
   Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
2  Lisabeth Shiner, Deputy City Attorney (151792)
   200 North Main Street, 1800 City Hall East
3  Los Angeles, California 90012
   213-847-0134
4
   Attorneys for Plaintiff,
5  People of the State of California

                                            ORIGINAL FILED

                                            APR - 7 2003

                                            LOS ANGELES
                                            SUPERIOR COURT

6

7

8             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

10

11  PEOPLE OF THE STATE OF CALIFORNIA,        )  Case No. BC 287137
    *ex rel.* Rockard J. Delgadillo as the     )
12  City Attorney for the City of Los Angeles, )  [PROPOSED]
                                               )  JUDGMENT GRANTING
13                         Plaintiff,          )  PERMANENT INJUNCTION
                                               )  BY COURT AFTER DEFAULT
14              vs.                            )
                                               )  Assigned for all purposes to the
15  AVENUES, an unincorporated association;    )  Honorable Susan Bryant-Deason
    DOES 1 through 500, inclusive,             )
16                                             )  DATE:   No hearing required
                           Defendants.         )  TIME:   N/A
17                                             )  PLACE:  Dept 52
                                               )          111 North Hill Street
18                                             )          Los Angeles, CA 90012
                                               )
19  _____       )  TRIAL DATE:  Not Set
20                                             )  CASE FILED:  December 17, 2002

21        Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the City

22  Attorney for the City of Los Angeles, filed a complaint on December 17, 2003, seeking to abate a

23  public nuisance through the use of what is commonly known as a "gang injunction," against

24  defendant Avenues, an unincorporated association alleged to be a criminal street gang, in a "Safety

25  Zone" (as depicted in the map included as page 5) within the City of Los Angeles which is defined

26  by the area bounded by the route starting at the intersection of Eagle Rock Boulevard and Colorado

27  Boulevard, continuing east along Colorado Boulevard to La Loma Road, to the Los Angeles city

28  limits at Sycamore Glen, continuing in a predominately southeasterly direction along the Los

                                            1

        JUDGMENT GRANTING PERMANENT INJUNCTION

1 Angeles city limit line until it meets the 110 Freeway, south along the 110 Freeway to Griffin

2 Avenue, to Avenue 35, to Pasadena Avenue, to the 110 Freeway, south along the 110 Freeway until

3 the Los Angeles River, continuing northwest along the bed of the Los Angeles River until the 2

4 Freeway, northeast along the 2 Freeway to San Fernando Road, north along San Fernando Road to

5 Treadwell Street, continuing in a straight line from the termination of Treadwell Street to the western

6 edge of Chapman Avenue, continuing along Chapman Avenue to Weldon Avenue, to Fletcher Drive,

7 to Eagle Rock Boulevard, continuing northeast on Eagle Rock Boulevard to the starting point at

8 Colorado Boulevard, and including both sides of the boundary streets; plaintiff subsequently

9 voluntarily dismissed without prejudice all fictitious "Doe" defendants; default was duly entered

10 against defendant Avenues; after due consideration of all the papers filed in this action, including the

11 declarations, requests for judicial notice, and other evidence submitted, plaintiff's memorandum of

12 points and authorities including *People v. ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, *cert. denied*, 521

13 U.S. 1121 (1997); *People v. Englebrecht*, 88 Cal. App. 4th 1236 (2001); *In re Englebrecht*, 67 Cal.

14 App. 4th 486 (1998), and other argument of counsel, this Court finds by clear and convincing

15 evidence that service is proper under the circumstances and that (1) Avenues is also known as Aves,

16 Avenidas, A's (collectively "Avenues"); (2) Avenues is a criminal street gang as defined in Penal

17 Code section 186.22 (Street Terrorism Prevention and Enforcement ("STEP") Act) and is a gang as

18 defined for the purpose of a gang abatement injunction in *People v. Englebrecht*, 88 Cal. App. 4th

19 1236,1258 (2001); and (3) the conduct and activities of defendant Avenues and its members

20 constitute a public nuisance in the Safety Zone; and

21 **IT IS ORDERED, ADJUDGED AND DECREED** that:

22     1. Defendant Avenues, its members, agents, servants, employees, and all persons acting

23 under, in concert with, for the benefit of, at the direction of, or in association with them or any of

24 them, are enjoined and restrained from engaging in or performing directly or indirectly, any of the

25 following activities in the Safety Zone:

26         a.     **Do Not Associate:** Driving, standing, sitting, walking, gathering or

27 appearing, anywhere in public view or anyplace accessible to the public, with any known member of

28 Avenues including but not limited to those members identified on pages 6 and 7 herein, but not

2

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1    including: (1) when all individuals are inside a school attending class or on school business, (2)

2    when all individuals are inside a church; and (3) when all individuals are inside a vehicle in transit

3    on the 110, 5 or 2 Freeways; provided however that this prohibition against associating shall apply to

4    all claims of travel to or from any of those locations;

5        b.    **No Intimidation:** Confronting, intimidating, annoying, harassing,

6    threatening, challenging, provoking, assaulting or battering any person known to be a witness to any

7    activity of Avenues, known to be a victim of any activity of Avenues, or known to be a person who

8    has complained about any activity of Avenues;

9        c.    **No Guns or Dangerous Weapons:** Anywhere in public view or anyplace

10   accessible to the public, (1) possessing any gun, ammunition, or illegal weapon as defined in Penal

11   Code section 12020, (2) knowingly remaining in the presence of anyone who is in possession of

12   such gun, ammunition or dangerous weapon, or (3) knowingly remaining in the presence of such

13   gun, ammunition or dangerous weapon;

14       d.    **Stay Away From Drugs:** Without a prescription, (1) selling, possessing, or

15   using any controlled substance or related paraphernalia, including but not limited to rolling papers

16   and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling,

17   possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly

18   remaining in the presence of any controlled substance or such related paraphernalia;

19       e.    **No Open Containers of Alcohol:** Anywhere in public view or anyplace

20   accessible to the public, except on properly licensed premises, (1) possessing an open container of an

21   alcoholic beverage, (2) knowingly remaining in the presence of anyone possessing an open container

22   of an alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an

23   alcoholic beverage;

24       f.    **No Trespassing:** Being present on or in any property not open to the general

25   public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

26   possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

27   owner's agent, or the person in lawful possession of the property;

28       g.    **Obey Curfew:** Being outside between the hours of 10:00 p.m. on any day

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1  and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment

2  activity, (2) actively engaged in some business, trade, profession or occupation which requires such

3  presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

4          h.      **No Graffiti or Graffiti Tools**:  Damaging, defacing, or marking any public

5  property or private property of another, or possessing any spray paint container or felt tip marker;

6          i.      **No Reckless Driving**:  Driving a vehicle in willful or wanton disregard for

7  the safety of persons or property, including but not limited to while evading a peace officer as

8  defined in Vehicle Code sections 2800.1 through 2800.3; and

9          j.      **Obey All Laws**:  Failing to obey all laws (1) which prohibit violence and

10  threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

11  prohibit interference with the property rights of others including trespass, theft, driving or taking a

12  vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

13  which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk;

14  **[text continued on page 8 after map and photos]**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**JUDGMENT GRANTING PERMANENT INJUNCTION**



# Safety Zone Map

### Office of the City Attorney

City of Los Angeles

1        2.    **No Costs**  Plaintiff waived costs.  Each party shall bear its own costs in this action.

2

3    DATED:    4\7\02            Susan Bryant-Deason
                                               Judge of the Superior Court

4

5    Submitted on February 24, 2003 by

6    ROCKARD J. DELGADILLO, Los Angeles City Attorney
    Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit

7    Lisabeth Shiner, Deputy City Attorney
    200 North Main Street, 1800 City Hall East

8    Los Angeles, California (213) 847-0134

9

10

By:  Lisabeth Shiner

11   Deputy City Attorney, Gang Unit

12   Attorneys for Plaintiff,
    People of the State of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Pánuco Decl. Supp Mtn for Preliminary Injunction

Exh. 10

*F. O.*

**FILED**

LOS ANGELES SUPERIOR COURT

SEP 09 2005

JOHN ~~~~~~, CLERK

*M. Ferara*

BY M. FERRARA, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles, | Case No. BC 335749 |
| Plaintiff, | ~~[PROPOSED]~~ JUDGMENT GRANTING PERMANENT INJUNCTION |
| vs. | Assigned for all purposes to the Honorable James T. Chalfant (Dept. 13) |
| BIG HAZARD AKA HAZARD GRANDE, an unincorporated association; DOES 1 through 500, inclusive, | DATE:   [No Hearing Required] TIME:   9:30 a.m. PLACE:  Dept 85 |
| Defendants. | 111 North Hill Street Los Angeles, CA 90012 |
| | TRIAL DATE:    Not Set CASE FILED:    June 28. 2005 |

Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the City

Attorney for the City of Los Angeles, filed a complaint seeking to abate a public nuisance through

the use of what is commonly known as a "gang injunction," against defendant Big Hazard aka

Hazard Grande ("Hazard"), an unincorporated association alleged to be a criminal street gang, in a

"Safety Zone" (as depicted in the map included as page 5), located in the City of Los Angeles,

bounded by Cornwell Street and San Pablo Street to the west, Valley Boulevard to the north, N.

Indiana Street to east, Marengo Street to the south, and extending 100 yards to the outside of each of

those boundary streets; plaintiff subsequently voluntarily dismissed without prejudice all fictitious

1

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1  "Doe" defendants; default was duly entered against defendant Hazard; after due consideration of all

2  papers filed in this action, including the declarations, request for judicial notice of fifty-four (54)

3  criminal convictions, and other evidence submitted, plaintiff's memorandum of points and

4  authorities including *People v. ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, *cert. denied*, 521 U.S. 1121

5  (1997); *People v. Englebrecht*, 88 Cal. App. 4th 1236 (2001); *In re Englebrecht*, 67 Cal. App. 4th

6  486 (1998), and other argument of counsel, this Court finds by clear and convincing evidence that

7  service is proper under the circumstances and that (1) Big Hazard is also known as Hazard Grande;

8  (2) Hazard is a criminal street gang as defined in Penal Code section 186.22 (Street Terrorism

9  Prevention and Enforcement ("STEP") Act) and is a gang as defined for the purpose of a gang

10  abatement injunction in *People v. Englebrecht*, 88 Cal. App. 4th 1236, 1258 (2001); and (3) the

11  conduct and activities of defendant Hazard, its members, and those person through whom the

12  defendant acts constitute a public nuisance in the Safety Zone; good cause appearing for entry of

13  judgement,

14  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

15      1. Defendant Hazard, its members, agents, servants, employees, and all persons acting under,

16  in concert with, for the benefit of, at the direction of, or in association with them or any of them, are

17  enjoined and restrained from engaging in or performing directly or indirectly, any of the following

18  activities in the Safety Zone:

19          a.    **Do Not Associate:**  Driving, standing, sitting, walking, gathering or

20  appearing, anywhere in public view or anyplace accessible to the public, with any known member of

21  Hazard, but not including: (1) when all individuals are inside a school attending class or on school

22  business, (2) when all individuals are inside a church, and (3) when all individuals are inside a

23  vehicle in transit on the 10 Freeway; provided however that this prohibition against associating shall

24  apply to all claims of travel to or from any of those locations;

25          b.    **No Intimidation:**  Confronting, intimidating, annoying, harassing,

26  threatening, challenging, provoking, assaulting or battering any person known to be a witness to any

27  activity of Hazard, known to be a victim of any activity of Hazard, or known to be a person who has

28  complained about any activity of Hazard;

2

**JUDGMENT GRANTING PERMANENT INJUNCTION**

090

1        c.     **No Firearms, Imitation Firearms, or Dangerous Weapons:**  Anywhere in

2 public view or anyplace accessible to the public, (1) possessing any firearm, imitation firearm,

3 ammunition, or illegal weapon as defined in Penal Code section 12020, (2) knowingly remaining in

4 the presence of anyone who is in possession of such firearm, imitation firearm, ammunition or

5 dangerous weapon, or (3) knowingly remaining in the presence of such firearm, imitation firearm,

6 ammunition or dangerous weapon.  For purposes of this provision, an imitation firearm means a

7 replica of a firearm that is so substantially similar in physical properties to an existing firearm as to

8 lead a reasonable person to conclude that the replica is a firearm;

9        d.     **Stay Away From Drugs:**  Without a prescription, (1) selling, possessing, or

10 using any controlled substance or related paraphernalia, including but not limited to rolling papers

11 and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling,

12 possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly

13 remaining in the presence of any controlled substance or such related paraphernalia;

14        e.     **Stay Away From Alcohol:**  Anywhere in public view or anyplace accessible

15 to the public, except on properly licensed premises, (1) possessing an open container of an alcoholic

16 beverage, (2) knowingly remaining in the presence of anyone possessing an open container of an

17 alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an alcoholic

18 beverage;

19        f.     **No Trespassing:**  Being present on or in any property not open to the general

20 public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

21 possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

22 owner's agent, or the person in lawful possession of the property;

23        g.     **No Trespassing in Ramona Gardens:**  Being present on or in the Ramona

24 Gardens Housing Development (the "Development") and Adjacent Property, except (1) with the

25 prior voluntary written consent of a person who is listed on a lease for the Development, which

26 written consent shall be presented to any peace officer or Housing Authority official upon request, or

27 (2) in the presence of and with the voluntary consent of a person who is listed on a lease for the

28 Development.  For purposes of this provision, the Development includes all residential units and all

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1  common areas to which tenants are authorized to have access in connection with their tenancies,

2  including lawns, sidewalks, walkways, driveways, and parking lots.  For purposes of this provision

3  Adjacent Property includes all Los Angeles Parks and Recreation buildings, areas and playgrounds

4  within or immediately adjacent to the Development, sidewalks and streets (to the center line of such

5  streets) which are immediately adjacent to the Development, and entire streets where such streets are

6  bordered on both sides by the Development.  To be valid, written consent must identify the

7  authorizing party and unit number and be specific as to the date and time for each entry into the

8  Development.  Such written consent shall be valid only in the following areas: the authorizing

9  party's unit, access to parking for the unit, and a direct route to and from the building where the unit

10  is located.  When the authorizing party is a parent, sibling, child, spouse, or a parent of a child of the

11  person authorized, all of the above restrictions apply with the exception that the written consent need

12  not be specific as to the date and time for each entry into the Development;

13       h.     **Obey Curfew:**  Being outside between the hours of 10:00 p.m. on any day

14  and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment

15  activity, (2) actively engaged in some business, trade, profession or occupation which requires such

16  presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

17       i.     **No Graffiti or Graffiti Tools:**  Damaging, defacing, or marking any public

18  property or private property of another, or possessing any spray paint container or felt tip marker;

19  and

20       j.     **Obey All Laws:**  Failing to obey all laws (1) which prohibit violence and

21  threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

22  prohibit interference with the property rights of others including trespass, theft, driving or taking a

23  vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

24  which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk;

25  [text continued on page 6 after map]

26  /

27  /

28

4

**JUDGMENT GRANTING PERMANENT INJUNCTION**



**Hazard Park Safety Zone**
Office of the City Attorney
City of Los Angeles

1      2.    **No Costs**  Plaintiffs waived costs.  Each party shall bear its own costs in this action.

2

3  DATED:    9/1/05                                         7—

4                                                               Judge of the Superior Court

5  Submitted on August 15, 2005 by

6  ROCKARD J. DELGADILLO, Los Angeles City Attorney
   Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
7  L. Shiner, Deputy City Attorney
   200 North Main Street, 800 City Hall East
8  Los Angeles, California (213) 978-4090

9

10  By: L. Shiner
11  Deputy City Attorney, Gang Unit

12  Attorneys for Plaintiff,
    People of the State of California
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 11

*ORIGINAL FILED*

*FEB 1 7 2000*

*LOS ANGELES*
*SUPERIOR COURT*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, | CASE NO.  LC 020525 |
| *Plaintiff*, |  |
| vs. | JUDGMENT FOR PERMANENT INJUNCTION |
| BLYTHE STREET GANG, an unincorporated association, et al., | Date:  17 Feb 2000<br>Time:  10:30 am<br>Dept:  Z |
| *Defendants.* | Assigned for all Purposes:<br>Honorable Mary Ann Murphy |

WHEREAS the Plaintiff, the People of the State of California, acting by and through James K. Hahn, City Attorney of Los Angeles, filed an Amended Complaint on March 22, 1993, seeking injunctive relief against the Blythe Street Gang, a criminal gang sued as an unincorporated association, and Does 1 through 500, and added the following individual defendants: Juan Carlos Aguirre (aka Toro) as Doe 7; Isidro Alba (aka Topo) as Doe 94; Florencio Alvarado (aka Cyclone) as Doe 8; Antonio Alvarez (aka Pajaro) as Doe 72; Juan Alvarez (aka Bones) as Doe 13; Gabriel Ayon (aka Bugsy, Huero) as Doe 21; Jose Banuelos (aka Clumsy) as Doe 24; Ivan Beltran (aka Lil Huero, Tree) as Doe 19; Juan Chavez (aka Viper) as Doe 85; Raymundo Chavez

1

JUDGMENT FOR PERMANENT INJUNCTION

1   (aka Boxer) as Doe 82; Cesar Fabian (aka Bouncer) as Doe 66; Felipe Farias (aka

2   Felix) as Doe 11; Virginio Gallegos (aka Puppet, Mosco) as Doe 64; Humberto Garay

3   (aka Cartoon) as Doe 27; Raul Garay (aka Trusty, Listo) as Doe 28; Trino Godinez

4   (aka Shorty) as Doe 71; Cesar Gonzalez (aka Speedy) as Doe 92; Johnny Gonzalez

5   (aka Stomper) as Doe 93; Armando Graciano (aka Shanker) as Doe 70; Jose Fabian

6   Hernandez (aka Killer, Sporty) as Doe 53; Jose Luis Hernandez (aka Goofy) as Doe

7   52; Oscar Hernandez (aka Beast, Bestia) as Doe 51; Napoleon Inzunza (aka Jokes,

8   Mugsy) as Doe 80; Alejandro Larios (aka Cricket) as Doe 22; Francisco Larios (aka

9   Baby) as Doe 23; Expedito Leon Lopez (aka Sneaky, Drifter) as Doe 96; Kevin Lopez

10  (aka Stranger, Cesar) as Doe 87; Douglas Lufti (aka Sharky, Clover) as Doe 31; Jose

11  Alfredo Madrigal (aka Lil Spyder) as Doe 59; Jose Luis Maldonado (aka Gordo) as Doe

12  57; Rodolfo Martinez (aka Bandit) as Doe 10; Alberto Mendez (aka Lil Cocho) as Doe

13  95; Raymundo Mendez (aka Big Cocho) as Doe 12; Jesus Mendoza (aka Chepe) as

14  Doe 61; Antonio Payan (aka Lil Brat) as Doe 84; Randy Pelayo (aka Husky) as Doe 86;

15  Ricardo Ramirez (aka Whisper) as Doe 90; Miguel Retana (aka Lil Flaco) as Doe 29;

16  Noe Rivera (aka Wacky) as Doe 15; Jesus Rizo (aka Pirate) as Doe 15; Jesus Rodas

17  (aka Scarface) as Doe 26; Jose Felix Ruiz (aka Shady) as Doe 62; Juan Ruiz (aka

18  Largo) as Doe 63; Arnulfo Sarabia (aka Bam Bam) as Doe 89; Manuel Serra (aka

19  Snoopy, Weasel) as Doe 91; Jesus Torres (aka Termite) as Doe 58; Ricardo Toscano

20  (aka Ghost) as Doe 68; Raul Urquiza (aka Boo Boo) as Doe 56; Rene Valdez (aka

21  Sleepy) as Doe 1; Carlos Valenzuela (aka Smokey) as Doe 67; Gabriel Vasquez (aka

22  Puppet, Lonely) as Doe 9; Jose Arturo Vasquez (aka Lil Enano) as Doe 69; Carlos

23  Velasco (aka Chico) as Doe 54; Benjamin Villa (aka Oso, Bear) as Doe 5; Fernando

24  Villa (aka Clumsy) as Doe 6; Jesus Zarate (aka Veneno, Poison) as Doe 65; Antonio

25  Zazueta (aka Speedy) as Doe 17.

26  /////

27  /////

28  /////

2

JUDGMENT FOR PERMANENT INJUNCTION

1    WHEREAS all defendants have been properly served with the Summons and
2  Amended Complaint in this action;
3    WHEREAS no defendants have appeared in this action, no answers have
4  been filed, and after due notice, defaults have been entered against all defendants;
5    WHEREAS remaining DOE defendants have been dismissed;
6    WHEREAS after due consideration of the evidence submitted, including the
7  declarations offered in support of the Preliminary Injunction and in support of the
8  Request for Default, the Amended Complaint, the pleadings and supporting
9  declarations, and the arguments of counsel, and good cause appearing therefor;
10    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that judgment is
11  entered in favor of the Plaintiff, (the People of the State of California) against
12  defendants as follows:  Juan Carlos Aguirre (aka Toro); Isidro Alba (aka Topo);
13  Florencio Alvarado (aka Cyclone); Antonio Alvarez (aka Pajaro); Juan Alvarez (aka
14  Bones); Gabriel Ayon (aka Bugsy, Huero); Jose Banuelos (aka Clumsy); Ivan Beltran
15  (aka Lil Huero, Tree); Juan Chavez (aka Viper); Raymundo Chavez (aka Boxer); Cesar
16  Fabian (aka Bouncer); Felipe Farias (aka Felix); Virginio Gallegos (aka Puppet,
17  Mosco); Humberto Garay (aka Cartoon); Raul Garay (aka Trusty, Listo); Trino Godinez
18  (aka Shorty); Cesar Gonzalez (aka Speedy); Johnny Gonzalez (aka Stomper);
19  Armando Graciano (aka Shanker); Jose Fabian Hernandez (aka Killer, Sporty); Jose
20  Luis Hernandez (aka Goofy); Oscar Hernandez (aka Beast, Bestia); Napoleon Inzunza
21  (aka Jokes, Mugsy); Alejandro Larios (aka Cricket); Francisco Larios (aka Baby);
22  Expedito Leon Lopez (aka Sneaky, Drifter); Kevin Lopez (aka Stranger, Cesar);
23  Douglas Lufti (aka Sharky, Clover); Jose Alfredo Madrigal (aka Lil Spyder); Jose Luis
24  Maldonado (aka Gordo); Rodolfo Martinez (aka Bandit); Alberto Mendez (aka Lil
25  Cocho); Raymundo Mendez (aka Big Cocho); Jesus Mendoza (aka Chepe); Antonio
26  Payan (aka Lil Brat); Randy Pelayo (aka Husky);  Ricardo Ramirez (aka Whisper);
27  Miguel Retana (aka Lil Flaco); Noe Rivera (aka Wacky); Jesus Rizo (aka Pirate); Jesus
28  Rodas (aka Scarface); Jose Felix Ruiz (aka Shady); Juan Ruiz (aka Largo); Arnulfo

3

JUDGMENT FOR PERMANENT INJUNCTION

1     Sarabia (aka Bam Bam); Manuel Serra (aka Snoopy, Weasel); Jesus Torres (aka

2     Termite); Ricardo Toscano (aka Ghost); Raul Urquiza (aka Boo Boo); Rene Valdez

3     (aka Sleepy); Carlos Valenzuela (aka Smokey); Gabriel Vasquez (aka Puppet, Lonely);

4     Jose Arturo Vasquez (aka Lil Enano); Carlos Velasco (aka Chico); Benjamin Villa (aka

5     Oso, Bear); Fernando Villa (aka Clumsy); Jesus Zarate (aka Veneno, Poison); Antonio

6     Zazueta (aka Speedy), the **Blythe Street Gang** and the unincorporated association's

7     members, agents, servants, employees and representatives, are enjoined from

8     engaging as follows in the public area or in public view within the designated map area

9     (North of Valerio Street, South of Chase Street, West of Van Nuys Blvd and east of

10    Sepulveda Blvd):

11        (a) Do not use or possess any deadly weapon in any public place or in public

12    view, nor remain in the presence of any person who is in possession of a deadly

13    weapon.  For purposes of this order, a deadly weapon is: any object capable of

14    inflicting serious bodily injury.  This includes but is not limited to all: 1) firearms and/or

15    ammunition; 2) knives of any length or type, except when cutting food to eat;

16    3) baseball bats; 4) metal pipes or rods; 5) glass bottles or containers; 6) rocks; 7)

17    bricks; 8) chains; 9) tire irons and bumper jacks; 10) screwdrivers and hammers; 11)

18    crow bars; 12) razors or razor blades; 13) large metal belt buckles; 14) sling shots;

19    15) BB guns and 16) ball bearings;

20        (b) Do not use or possess in any public place or in public view: 1) flashlights

21    larger than pen light size; 2) binoculars; 3) police scanners; 4) whistles;

22        (c) Do not use or possess in any public place or in public view, any objects

23    capable of defacing public property, including but not limited to: 1) marker pens; 2)

24    spray paint cans; 3) nails; 4) razor blades, except while shaving and stored in

25    bathrooms; 5) screwdrivers or other sharp objects;

26        (d) Do not use or possess: 1) channel lock pliers; 2) picks; 3) wire cutters; 4)

27    dent pullers; 5) sling shots; 6) steel shot; 7) spark plugs or any portion thereof ; 8)

28    screwdrivers; 9) slim jims; 10) slide hammers; or 11) other devices capable of being

4

---

JUDGMENT FOR PERMANENT INJUNCTION

1  used to break into locked vehicles;

2     (e) Do not possess any car parts unless you have a valid written proof of

3  purchase or ownership;

4     (f) Unless you are the registered or legal owner of the vehicle or you are in

5  possession of a valid, signed written authorization by the registered or legal owner for

6  said property, do not perform maintenance, repairs, or alterations to any vehicles;

7     (g) Do not enter, or be present, or cause others to enter or be present upon

8  the private property of others, not open to the general public, without the prior written

9  consent of the owner, lessee or person in lawful possession.

10     (h) Do not contact, or cause others to have any contact whatsoever, with any

11  persons who have complained about the defendants activities, including any persons

12  who signed declarations in support of this injunction;

13     (i) Do not demand, threaten or force entry into another's residence;

14     (j) Do not allow anyone to enter your residence who appears to be running,

15  hiding, or otherwise evading a law enforcement officer;

16     (k) Do not signal to or act as a lookout for other persons to warn of the

17  approach of a law enforcement officer, and do not solicit, encourage, employ or offer

18  gifts to others to do the same;

19     (l) Do not be on the roof of any building at any time unless repairs or other

20  lawful reasons require your presence, which reasons do not include either surveillance,

21  acting as a lookout, engaging in gang activity, or running from the police.

22     (m) Do not climb any wall or fence; or pass through any wall or fence utilizing

23  tunnels or other holes in such structures;

24     (n) Do not block the free passage of, or do anything to obstruct the free flow

25  of vehicular or pedestrian traffic upon any street, walkway, sidewalk, driveway,

26  alleyway, or other areas of public passage;

27     (o) Do not litter in any public place or place open to public view;

28     (p) If you are under 18 years of age, do not remain in a public place between

5

JUDGMENT FOR PERMANENT INJUNCTION

1    9:00 pm on any day and sunrise of the immediately following day, unless (1) going to

2    or from a legitimate meeting or entertainment activity, or legal employment, or (2)

3    involved in a legitimate emergency situation that requires immediate attention.

4        (q) For adults and minors alike, do not remain within the two block area

5    surrounding the street commonly known as Blythe Street, (the east-west street with

6    Strathern on the North and Arminta on the South, between Van Nuys Blvd on the East

7    and Brimfield Avenue on the West), between 9:00 pm on any day and sunrise of the

8    immediately following day, unless (1) going to or from a legitimate meeting or

9    entertainment activity, or legal employment, or (2) involved in a legitimate emergency

10   situation that requires immediate attention.

11        (r) Do not stand, sit, walk, drive, gather or appear anywhere in public view

12   with any other named Defendant(s) herein and/or with any other known Blythe Street

13   gang member(s), but not to include when all individuals are within a dwelling unit as

14   defined in LAMC § 12.03.

15        **No Costs.**   Each party shall bear its own costs in this action.

16

17

18

19   Dated: 2-17.00

20                                                    IT IS SO ORDERED:

                                                      Judge of the Superior Court
21                                                    MARY ANN MURPHY

22   Submitted on 17 FEB   2000 by:

23   Jule A. Bishop, Deputy City Attorney (134484)
     Martin Vranicar, Assistant City Attorney (89706)
24   **JAMES K. HAHN, City Attorney**
     222 South Hill Street
25   Los Angeles, CA  90012
     213.847.0186
26

27   By: Jule Bishop
28   Deputy City Attorney, Gang Unit

                                              6

─────────────────────────────────────────────────────────

                    JUDGMENT FOR PERMANENT INJUNCTION

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 12

1

2

3

4

5

6

7

ORIGINAL FILED

APR 24 20??

LOS ANGELES
SUPERIOR COURT

8  IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

10

| | |
|---|---|
| 11    PEOPLE OF THE STATE OF CALIFORNIA, | )   Case No. BC 267153 |
| 12    *ex rel.* Rockard J. Delgadillo as the <br>      City Attorney for the City of Los Angeles, | ) <br> )   [PROPOSED] |
| 13              Plaintiff, | )   JUDGMENT GRANTING <br> )   PERMANENT INJUNCTION <br> )   BY COURT AFTER DEFAULT |
| 14        vs. | ) |
| 15    CANOGA PARK ALABAMA, | )   Assigned for all purposes to the <br> )   Honorable David Horowitz |
| 16    an unincorporated association; <br>      DOES 1 through 500, inclusive, | ) <br> )   DATE:      April 24, 2002 |
| 17              Defendants. | )   TIME:      8:30 a.m. <br> )   PLACE:    Dep't 30 |
| 18 | )                111 North Hill Street <br> )                Los Angeles, CA 90012 |
| 19 | ) |
| 20 | )   TRIAL DATE:   Not Set <br> )   CASE FILED:    January 29, 2002 |

21        Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the

22  City Attorney for the City of Los Angeles, filed a complaint on January 29, 2002, seeking to abate a

23  public nuisance through the use of what is commonly known as a "gang injunction," against

24  defendant Canoga Park Alabama, an unincorporated association alleged to be a criminal street gang,

25  in a "Safety Zone" (a map of which is included as page 4) bounded by an area, located in the City of

26  Los Angeles, starting at Nordhoff Street and Topanga Canyon Boulevard, continuing east to DeSoto

27  Avenue, south to Roscoe Boulevard, east past Winnetka Avenue to Oakdale Avenue, south to

28  Lanark Avenue, west to Winnetka Avenue, south to Vanowen Street, west to Topanga Canyon

1

---

JUDGMENT GRANTING PERMANENT INJUNCTION

1  Boulevard, and then north to the starting point at Nordhoff Street, and extending 100 yards to the

2  outside of each of those boundary streets; plaintiff subsequently voluntarily dismissed without

3  prejudice all fictitious "Doe" defendants; default was duly entered against defendant Canoga Park

4  Alabama; after due consideration of all papers filed in this action, including the declarations,

5  requests for judicial notice, and other evidence submitted, plaintiff's memorandum of points and

6  authorities including *People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, *cert. denied*, 521 U.S. 1121

7  (1997); *People v. Englebrecht*, 88 Cal. App. 4th 1236 (2001); and *In re Englebrecht*, 67 Cal. App.

8  4th 486 (1998), this Court finds by clear and convincing evidence that:  (1) Canoga Park Alabama

9  a criminal street gang as defined in Penal Code section 186.22 (Street Terrorism Enforcement and

10  Prevention "STEP" Act) and is a gang as defined for the purpose of a gang abatement injunction in

11  *People v. Englebrecht*, 88 Cal. App. 4th 1236, 1258 (2001); and (2) the conduct and activities of

12  defendant Canoga Park Alabama and its members constitute a public nuisance in the Safety Zone;

13  and good cause appearing for entry of judgment,

14  **IT IS ORDERED, ADJUDGED AND DECREED** that:

15      1.    Defendant Canoga Park Alabama, its members, agents, servants, employees, and all

16  persons acting under, in concert with, for the benefit of, at the direction of, or in association with

17  them or any of them, are enjoined and restrained from engaging in or performing directly or

18  indirectly, any of the following activities in the Safety Zone:

19          a.    **Do Not Associate:**  Standing, sitting, walking, driving, gathering or

20  appearing, anywhere in public view or anyplace accessible to the public, with any known member

21  Canoga Park Alabama including but not limited to those members identified on pages five and six

22  herein, but not including:  (1) when all individuals are inside a school attending class or on school

23  business, and (2) when all individuals are inside a church; provided however that this prohibition

24  against associating shall apply to all claims of travel to or from any of those locations;

25          b.    **No Intimidation:**  Confronting, intimidating, annoying, harassing,

26  threatening, challenging, provoking, assaulting or battering any person known to be a witness to an

27  activity of Canoga Park Alabama, known to be a victim of any activity of Canoga Park Alabama,

28  known to be a person who has complained about any activity of Canoga Park Alabama;

2

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1      c.      **No Guns or Dangerous Weapons:**  Anywhere in public view or anyplace

2  accessible to the public, (1) possessing any gun, ammunition, or illegal weapon as defined in Penal

3  Code section 12020, (2) knowingly remaining in the presence of anyone who is in possession of

4  such gun, ammunition or dangerous weapon, or (3) knowingly remaining in the presence of such

5  gun, ammunition or dangerous weapon;

6      d.      **Stay Away From Drugs:**  Without a prescription, (1) selling, possessing, or

7  using any controlled substance or related paraphernalia, including but not limited to rolling papers

8  and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling,

9  possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly

10  remaining in the presence of any controlled substance or such related paraphernalia;

11      e.      **Stay Away From Alcohol:**  Anywhere in public view or anyplace accessible

12  to the public, (1) possessing an open container of an alcoholic beverage, (2) knowingly remaining

13  the presence of anyone possessing an open container of an alcoholic beverage, or (3) knowingly

14  remaining in the presence of an open container of an alcoholic beverage;

15      f.      **No Trespassing:**  Being present on or in any property not open to the general

16  public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

17  possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

18  owner's agent, or the person in lawful possession of the property;

19      g.      **Obey Curfew:**  Being outside between the hours of 10:00 p.m. on any day

20  and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment

21  activity, (2) actively engaged in some business, trade, profession or occupation which requires such

22  presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

23      h.      **Obey All Laws:**  Failing to obey all laws (1) which prohibit violence and

24  threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

25  prohibit interference with the property rights of others including trespass, theft, driving or taking a

26  vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

27  which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk

28  [text continued on page 7 after map and photos]

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**



**Safety Zone Map**
Office of the City Attorney
City of Los Angeles

2.    **No Costs**  Plaintiff waived costs.  Each party shall bear its own costs in this action.

DATED: _APk 2 ↓ 2002_ _____

/S/ DAVID A. HOROWITZ
_____
Judge of the Superior Court

DAVID A. HOROWITZ

Submitted on March **27**, 2002

ROCKARD J. DELGADILLO, Los Angeles City Attorney
Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
James A. McDougal, Deputy City Atty (140408)
Lisabeth Shiner, Deputy City Attorney (151792)
200 North Main Street, 1800 City Hall East
Los Angeles, California  90012  (213-847-0135)


By: James A. McDougal
Deputy City Attorney, Gang Unit

Attorneys for Plaintiff,
People of the State of California
doc 15609

7

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 13

ORIGINAL FILED

JAN 0 8 2007

LOS ANGELES
SUPERIOR COURT

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles, | Case No. BC 358881 |
| | [~~PROPOSED~~] **JUDGMENT GRANTING PERMANENT INJUNCTION** |
| Plaintiff, | |
| vs. | Assigned for all purposes to the Honorable Elizabeth Allen White |
| CLOVER, EASTLAKE, LINCOLN HEIGHTS, each as an unincorporated association; and DOES 1 through 450, inclusive, | DATE:   [No hearing required] TIME: PLACE: |
| Defendants. | |
| | TRIAL DATE:    Not Set CASE FILED:    September 20, 2006 |

Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles, filed a complaint seeking to abate a public nuisance through the use of what is commonly known as a "gang injunction," against defendants Clover, Eastlake and Lincoln Heights, each of which is an unincorporated association alleged to be a criminal street gang, and against all members of any defendant and all those through whom each defendant acts, in a "Safety Zone" (as depicted in the map included as page 5), located in the City of Los Angeles, bounded by the route starting at the intersection of Pasadena Avenue and Avenue 35, proceeding east on Avenue 35 to Griffin Avenue, north on Griffin Avenue to Avenue 39, east on Avenue 39 to its

1

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1  eastern terminus and continuing in a straight line to the intersection of Mercury Avenue and Sierra

2  Street, east along Mercury Avenue to Huntington Drive, south on Huntington Drive to Soto Street,

3  south on Soto Street to Valley Blvd., west on Valley Blvd. to Mission Road, west on Mission Road

4  to the 5 Freeway, north along the 5 Freeway to N. Main Street, west on N. Main Street to the Los

5  Angeles River, north along the river to the 110 Freeway, northeast on the 110 Freeway to Pasadena

6  Avenue, continuing south on Pasadena Avenue to the starting point at Avenue 35, and extending 100

7  yards outside those boundaries, but not including the roadbed of any freeway or portion thereof;

8  plaintiff subsequently voluntarily dismissed without prejudice all fictitious "Doe" defendants;

9  default was duly entered against all three defendants; after due consideration of all papers filed in

10 this action, including the declarations, request for judicial notice, and other evidence submitted,

11 plaintiff's memorandum of points and authorities including *People v. ex rel. Gallo v. Acuna*, 14 Cal.

12 4th 1090, *cert. denied*, 521 U.S. 1121 (1997); *People v. Englebrecht*, 88 Cal. App. 4th 1236 (2001);

13 *In re Englebrecht*, 67 Cal. App. 4th 486 (1998), and other argument of counsel, this Court finds by

14 clear and convincing evidence that service is proper under the circumstances and that each defendant

15 is a criminal street gang as defined in Penal Code section 186.22 (Street Terrorism Prevention and

16 Enforcement ("STEP") Act), that each defendant is a gang as defined for the purpose of a gang

17 abatement injunction in *People v. Englebrecht*, 88 Cal. App. 4th 1236, 1258 (2001); and the conduct

18 and activities of each defendant, the members of each defendant, and those persons through whom

19 each defendants acts, is a cause of the public nuisance in the Safety Zone; good cause appearing for

20 entry of judgment,

21 **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

22      1. Defendants Clover, Eastlake, and Lincoln Heights, all members of any defendant, all

23 persons acting under, in concert with, for the benefit of, at the direction of, or in association with any

24 defendant, are enjoined and restrained from engaging in or performing directly or indirectly, any of

25 the following activities in the Safety Zone:

26          a.      **Do Not Associate:** Driving, standing, sitting, walking, gathering or

27 appearing, anywhere in public view or anyplace accessible to the public, with any known member of

28 Clover, Eastlake or Lincoln Heights, but not including: (1) when all individuals are inside a school

2

---

JUDGMENT GRANTING PERMANENT INJUNCTION

1   attending class or on school business, and (2) when all individuals are inside a church; provided

2   however that this prohibition against associating shall apply to all claims of travel to or from any of

3   those locations;

4          b.      **No Intimidation:** Confronting, intimidating, annoying, harassing,

5   threatening, challenging, provoking, assaulting or battering any person known to be a witness to any

6   activity of, known to be a victim of, or known to be a person who has complained about any activity

7   of Clover, Eastlake or Lincoln Heights;

8          c.      **No Firearms, Imitation Firearms, or Dangerous Weapons:** Anywhere in

9   public view or anyplace accessible to the public, (1) possessing any firearm, imitation firearm,

10  ammunition, or illegal weapon as defined in Penal Code section 12020, (2) knowingly remaining in

11  the presence of anyone who is in possession of such firearm, imitation firearm, ammunition or

12  dangerous weapon, or (3) knowingly remaining in the presence of such firearm, imitation firearm,

13  ammunition or dangerous weapon.  For purposes of this provision, an imitation firearm means a

14  replica of a firearm that is so substantially similar in physical properties to an existing firearm as to

15  lead a reasonable person to conclude that the replica is a firearm;

16         d.      **Stay Away From Drugs:** Without a prescription, (1) selling, possessing, or

17  using any controlled substance or related paraphernalia, including but not limited to rolling papers

18  and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling,

19  possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly

20  remaining in the presence of any controlled substance or such related paraphernalia;

21         e.      **Stay Away From Alcohol:** Anywhere in public view or anyplace accessible

22  to the public, except on properly licensed premises, (1) possessing an open container of an alcoholic

23  beverage, (2) knowingly remaining in the presence of anyone possessing an open container of an

24  alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an alcoholic

25  beverage;

26         f.      **No Trespassing:** Being present on or in any property not open to the general

27  public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

28  possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**

1  owner's agent, or the person in lawful possession of the property;

2      g.    **Obey Curfew:**  Being outside between the hours of 10:00 p.m. on any day

3  and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment

4  activity, (2) actively engaged in some business, trade, profession or occupation which requires such

5  presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

6      h.    **No Graffiti or Graffiti Tools:**  Damaging, defacing, or marking any public

7  property or private property of another, or possessing any spray paint container or felt tip marker;

8  and

9      i.    **Obey All Laws:**  Failing to obey all laws (1) which prohibit violence and

10  threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

11  prohibit interference with the property rights of others including trespass, theft, driving or taking a

12  vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

13  which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk;

14  [text continued on page 6 after map]

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

4

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Lincoln Heights Safety Zone
Office of the City Attorney

2.    **No Costs**  Plaintiff waived costs. Each party shall bear its own costs in this action.

DATED:    JAN 0 9 2007

_____
Judge of the Superior Court

Submitted on November 3, 2006 by

ROCKARD J. DELGADILLO, Los Angeles City Attorney
Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
Lisabeth Shiner, Deputy City Attorney
200 North Main Street, 800 City Hall East
Los Angeles, California (213) 978-4090

By: Lisabeth Shiner
Deputy City Attorney, Gang Unit

Attorneys for Plaintiff,
People of the State of California

6

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 14

1  STEVE COOLEY
   DISTRICT ATTORNEY
2  By: JONLYN CALLAHAN (Bar No. 129236)
   Deputy District Attorney
3  Hardcore Gang Division
   210 West Temple St., 17th Floor
4  Los Angeles, California  90012
   Telephone:  (213) 974-3903

5
   JAMES K. HAHN, CITY ATTORNEY
6  222 S. Hill Street, 6th Floor
   Los Angeles, California  90012
7  Telephone:  (213) 847-0128

8

9  Attorney for Plaintiff, People of the State of California

10

11           SUPERIOR COURT OF THE STATE OF CALIFORNIA

12              FOR THE COUNTY OF LOS ANGELES

13

14  PEOPLE OF THE STATE OF CALIFORNIA,  )    CASE NO:  SC056980
                                        )
15                     Plaintiff,       )    �b▬▬▬▬▬▬▄
                                        )
16            v.                        )    PERMANENT INJUNCTION
                                        )
17  CULVER CITY BOYS, an unincorporated )
    association, et al.                 )
18                                      )
                       Defendants.      )
19  _____ )

20

21       After considering the declarations, memorandum of points and

22  authorities, oral evidence, arguments of counsel and any other

23  evidence submitted and for good cause:

24       IT IS HEREBY ORDERED THAT JUDGMENT is entered in favor of

25  Plaintiff, People of the State of California, acting by and through

26  Steve Cooley, the District Attorney for Los Angeles County and

27  James Hahn, the City Attorney for Los Angeles and against

28                                  1

 [▬▬▬▬] PERMANENT INJUNCTION

1  DEFENDANTS, ALEX ACUNA (FESTER), VICTOR AGUAYO (VIC DOG), JOSE LUIS
2  ALVARADO, RUBEN ARANGO (LIL SHARKY), BENJAMIN ARCHIBEQUE (BENJI),
3  JOSEPH  BARRON  (DRIFTER),  ISRAEL  BECERRA,  OSWALDO  BECERRA
4  (BECHO/OZ), DAVID BELTRAN (BROWNIE), NOE BELTRAN (LISTO/MONSTER),
5  HENRY BRAVO (HENNESEY/HEN-DOG), MARCOS CAMARILLO (TAVI), BRIAN
6  CISNEROS  (LITTLE  BRIAN),  EDMUND  CISNEROS  (STRETCH),  ANTHONY
7  COVARRUBIAS (PENGUIN), FRANCISCO DE LA TRINIDAD (CISCO), JOE DIAZ
8  (LAZY),  MARIO  ESCOBAR,  REFUGIO  ESCOBAR  (CUCO),  JULIAN  ESPINOZA
9  (TITO), MARIO ESQUIVEL, JR, GILBERTO FABIAN (BETO), JESUS "JESSE"
10 GARCIA (LIL PSYCHO), ERIBERTO GONZALEZ (LIL CUCO), SAUL GONZALEZ
11 (LIL BOUNCER/TOKER), JEAN PAUL GRAMMATICO (JP), BENJAMIN GUERRERO
12 (PIRATE),  JAIME  GUERRERO  (J-CAT/CAPONE),  DAVID  GUTIERREZ
13 (DOVERMAN), JOHN "JUAN" HARO (JASPER), KELLY HARO (LIL YOUNGSTER),
14 STEPHEN HARO (YOUNGSTER), JOSE JACOBO, JUAN CARLOS JACOBO (C-DOG),
15 VICTOR JACOBO (CREEPER), NOEL JAIME (NOE), ROBERT LARIOS (CHINO),
16 JOHNNY "JUAN" LEON (RATON/RACOON), MARIO LEON (NIGHT OWL), JOHN
17 LOVEJOY (JOHN-JOHN), RONALD MARESTEIN (RON BOY), SAL MARQUEZ
18 (GRIZZLEY), ROBERT MELGOZA (HUERO), JOHN MUNOZ (BOO-BOO), GUSTAVO
19 MURATAYA (GREEN EYES), MAURICIO OLMEDO (WICHO), FREDDIE PANIAGUA
20 (LIL CORNEJO), LEO PARRA, GUSTAVO PEREZ (LIL GUS), GUILLERMO
21 PLACENSIA (MEMO), ANDRES REGALADO (SMOKEY), JESUS "JESSE" RINCON
22 (LITTLE PSYCHO), MARTIN ROCHA, ROBERT RONQUILLO (LIL BETO/MC COY),
23 RICARDO SALAZAR (MALO), RUBEN SALAZAR (SCOOTER), PEDRO SANTANA
24 (CHUBBS), ANDRES VALENCIANA (BANDIT), GERARDO VALENCIANA, PEDRO
25 VALENCIANA (BOXER), HUGO VELIZ (CARTOON) AND THE CULVER CITY BOYS
26 GANG, and its members and all persons acting under, in concert
27 with, or for any one of them, and that the defendants named in this
28

2

[ ~~~~~~ ] PERMANENT INJUNCTION

1   judgment are hereby enjoined and restrained from engaging in,

2   committing or performing directly or indirectly, any of the

3   following activities in the **SAFETY ZONE** bounded by Venice Boulevard

4   to the north, Jefferson Boulevard to the south, Centinela Avenue to

5   the west and Sepulveda Boulevard to the east (See "Exhibit 1").

6       A.   Standing, sitting, walking, driving, or otherwise

7   appearing anywhere in public view with one or more named Defendants

8   or known Culver City Boys Gang members, but not including when all

9   individuals reside within a dwelling unit as defined in L.A.M.C.

10   section 1203;

11       Provision "A" does not apply at the Mar Vista Family Center

12   located at 5070 and 5075 Slauson Avenue, Monday through Saturday,

13   8:00 a.m. to 10:00 p.m.; Culver/Slauson Park located at 5070

14   Slauson Avenue, Monday through Saturday 8:00 a.m. to 7:00 p.m.

15       Provision "A" also does not apply to any named Defendant or

16   Culver City Boys Gang member who is in a vehicle in transit on the

17   405 and 90 Freeways or at the Los Angeles Police Department,

18   Pacific Division, located at 12312 Culver Boulevard.

19       B.   Selling, possessing, or using, without a prescription, or

20   knowingly remaining in the presence of anyone possessing, selling,

21   or using, without a prescription, any controlled substance or

22   related paraphernalia, including but not limited to, rolling papers

23   and pipes used for illegal drug use;

24       C.   Blocking the free passage of any person or vehicle on any

25   street, walkway, sidewalk, driveway, alleyway, or other area of

26   public passage;

27       D.   Being present on the private property of others except

28

3

[████████] PERMANENT INJUNCTION

**118**

with 1) the prior written consent of the owner or person in lawful possession of the property or 2) in the presence of and with the voluntary consent of the owner or person in lawful possession of the property;

E.   Being outside between the hours of 10:00 p.m. on any day and sunrise of the following day, unless (1) going to/from a legitimate meeting or entertainment activity, or (2) actively engaged in some business, trade, profession or occupation which requires such presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

F.   Acting as a lookout, whistling, yelling or otherwise to warn another person of an approaching law enforcement officer, or soliciting, encouraging or employing another to do so;

G.   Confronting, intimidating, harassing, or threatening any person;

H.   Drinking any alcoholic beverage in any public place or any place open to public view, or knowingly being within 10 feet of any open container of alcohol in a public place or a place open to public view;

I.   Possessing any gun, ammunition, or illegal weapon as defined in Penal Code section 12020 in any public place or place open to public view or knowingly remaining in the presence of anyone who is in possession of such gun, ammunition or dangerous weapon;

J.   Damaging or defacing any public property or private property of another, or possessing any aerosol paint container, a flat tip marker, or any other marking substance as defined by Penal

4

 [ ▮▮▮▮▮ ] PERMANENT INJUNCTION



1    Code section 594.2;

2        K.    Approaching or signaling as a pedestrian any moving

3    vehicle on any street unless legitimate emergency situation

4    requires;

5        L.    Possessing a pager;

6        M.    Being in any vehicle, other than a public bus, with any

7    other named Defendant or known Culver City Boys Gang member in the

8    area bordered by Lincoln Boulevard to the east, Pacific Avenue to

9    the west, Rose Avenue to the north and Venice Boulevard to

10   the south, unless a medical emergency exists (See "Exhibit 2").

11

12   DATE: *3-27-01*                    IT IS SO ORDERED

13

14

15                                      Judge of the Superior Court

16

17                                      Respectfully submitted by:

18                                      PEOPLE OF THE STATE OF CALIFORNIA
                                        Steve Cooley, District Attorney

19

20   DATE: *2-16-01*              By:

21                                      JONLYN CALLAHAN
                                        Deputy District Attorney
22                                      Attorney for Plaintiff

23

24

25

26

27

28

                                   5

                        ███████ PERMANENT INJUNCTION



120

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 15

ORIGINAL FILED

DEC 1 3 2006

LOS ANGELES
SUPERIOR COURT

FOR THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles,<br><br>            **Plaintiff,**<br><br>        **vs.**<br><br>**DOGTOWN, a criminal street gang sued as an unincorporated association; and DOES 1-200;**<br><br>        **Defendants.** | Case No.: BC359945<br>(Unlimited Civil Case)<br><br>[~~Proposed~~]<br>**JUDGMENT GRANTING<br>PERMANENT INJUNCTION**<br><br>Assigned for all purposes to the Honorable Soussan G. Bruguera (Dep't 71)<br><br>Date:  [No Hearing Required]<br>Time:<br>Place: Dep't 71<br>        Stanley Mosk Courthouse<br>        111 North Hill Street<br>        Los Angeles, CA 90012<br><br>Trial Date:   Not Set Yet<br>Case Filed:   October 6, 2006 |

///

Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles, filed a complaint seeking to abate a public nuisance through the use of what is commonly known as a "gang injunction," against defendant Dogtown, a criminal street gang sued as an unincorporated association, and against all members of defendant Dogtown gang, and all those through whom the defendant acts, in a "Safety Zone" (maps of which are included as pages 3-5),

1   located in the City of Los Angeles, comprised of two areas: the first area, known as the "William

2   Mead" area, includes but is not limited to the entire William Mead Housing Development, and is

3   bounded by North Main Street, East Elmyra Street, Bolero Lane, and Leroy Street, including the

4   sidewalk on the outside of each of those boundary streets, and extending 100 yards to the far side of

5   North Main Street, and including the buildings and playing fields located in the William Mead

6   Housing Development beyond the end of East Elmyra Street to where it would intersect with an

7   extension of Bolero Lane; and the second area, known as the "Northeast" area, starts at the

8   intersection of North Figueroa Street and North Avenue 50, continuing north along North Avenue 50

9   past Monte Vista Street to Granada Street, then east along Granada Street to Holland Avenue, then

10  north along Holland Avenue to Aldama Street, then east along Aldama Street to North Avenue 56,

11  then south along Avenue 56 to Monte Vista Street, then east along Monte Vista Street to North

12  Avenue 59, then south along North Avenue 59 to North Figueroa Street, then west along North

13  Figueroa Street to the starting point at its intersection with North Avenue 50, and extending 100

14  yards to the outside of each of those boundary streets; plaintiff subsequently voluntarily dismissed

15  without prejudice all fictitious "Doe" defendants; default was duly entered against the defendant

16  Dogtown; after due consideration of all papers filed in this action, including the declarations, other

17  evidence submitted, plaintiff's memorandum of points and authorities including *People ex rel. Gallo*

18  *v. Acuna* (1997) 14 Cal. 4th 1090, *cert. denied*, 521 U.S. 1121; *People v. Englebrecht* (2001) 88 Cal.

19  App. 4th 1236; *In re Englebrecht* (1998) 67 Cal. App. 4th 486, and other argument of counsel, this

20  Court finds by clear and convincing evidence that service is proper under the circumstances, that

21  defendant Dogtown is a criminal street gang as defined in Penal Code section 186.22 (the Street

22  Terrorism Enforcement and Prevention "STEP" Act), that defendant Dogtown is a gang as defined

23  for the purpose of a gang abatement injunction in *People v. Englebrecht* (2001) 88 Cal. App. 4th

24  1236, 1258, that a public nuisance caused by the conduct and activities of a criminal street gang

25  exists in the Safety Zone, and that the conduct and activities of defendant Dogtown and its members,

26  and those persons through whom defendant Dogtown acts, is a cause of the public nuisance that

27  exists in the Safety Zone; and good cause appearing for entry of judgment,

28  [text continued on page 6 after maps]

2

Judgment Granting Permanent Injunction

123



"Dogtown" Safety Zone

Office of the City Attorney

City of Los Angeles

3



**"William Mead" Area of the "Dogtown" Safety Zone**
Office of the City Attorney
City of Los Angeles



**"Northeast" Area of the "Dogtown" Safety Zone**
Office of the City Attorney
City of Los Angeles

[text continued from page 2]

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.      Defendant Dogtown, all of its members, and all persons acting under, in concert with, for the benefit of, at the direction of, or in association with Dogtown, are enjoined and restrained from engaging in or performing directly or indirectly, any of the following activities in the Safety Zone:

        a.      **Do Not Associate**:  Standing, sitting, walking, driving, gathering or appearing, anywhere in public view or anyplace accessible to the public, with any known member of the Dogtown gang, but not including:  (1) when all individuals are inside a school attending class or on school business; and (2) when all individuals are inside a church; provided however that this prohibition against associating shall apply to all claims of travel to or from any of those locations;

        b.      **No Intimidation**:  Confronting, intimidating, annoying, harassing, threatening, challenging, provoking, assaulting or battering any person known to be a witness to, known to be a victim of, or known to have complained about any activity of Dogtown;

        c.      **No Guns or Dangerous Weapons**:  Anywhere in public view or anyplace accessible to the public, (1) possessing any gun, ammunition, or illegal weapon as defined in Penal Code section 12020, (2) knowingly remaining in the presence of anyone who is in possession of such gun, ammunition or illegal weapon, or (3) knowingly remaining in the presence of such gun, ammunition or illegal weapon;

        d.      **No Graffiti or Graffiti Tools**:  Damaging, defacing, or marking any public property or private property of another, or possessing any spray paint can, felt tip marker, or other graffiti tool as defined in Penal Code section 594.2, including "slap tags";

        e.      **Stay Away From Drugs**:  Without a prescription, (1) selling, possessing, or using any controlled substance or related paraphernalia, including but not limited to rolling papers and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling, possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly remaining in the presence of any controlled substance or such related paraphernalia;

        f.      **Stay Away From Alcohol**:  Anywhere in public view or anyplace accessible

6

Judgment Granting Permanent Injunction

1  to the public, except on properly licensed premises, (1) possessing an open container of an alcoholic

2  beverage, (2) knowingly remaining in the presence of anyone possessing an open container of an

3  alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an alcoholic

4  beverage;

5          g.      **Obey Curfew**:  Being outside between the hours of 10:00 p.m. on any day and

6  sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment

7  activity, (2) actively engaged in a legitimate business, trade, profession or occupation which requires

8  such presence, or (3) involved in a legitimate emergency situation that requires immediate attention;

9          h.      **No Trespassing**:  Being present on or in any property not open to the general

10  public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

11  possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

12  owner's agent, or the person in lawful possession of the property; and

13          i.      **Obey All Laws**:  Failing to obey all laws (1) which prohibit violence and

14  threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

15  prohibit interference with the property rights of others including trespass, theft, driving or taking a

16  vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

17  which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk;

18      2.      **No Costs**  Plaintiff waived costs.  Each party shall bear its own costs in this action.

19

20  DATED: _____DEC 1 3 2006_____                    Soussan G. Bruguera

21                                                                  Judge of the Superior Court

22  Submitted on November 27, 2006 by:
    ROCKARD J. DELGADILLO, Los Angeles City Atty (125465x)

23  Martin J. Vranicar, Ass't City Atty, Supervisor, Gang Unit
    Rhonda P. Lowe, Deputy City Attorney (230052)

24  James A. McDougal, Deputy City Attorney (140408)
    200 North Main Street, 800 City Hall East

25  Los Angeles, California 90012
    213-978-4096 office; 213-978-8717 fax

26

27

28  By:  James A. McDougal, Deputy City Attorney, Gang Unit
    Attorneys for Plaintiff, People of the State of California

                                        7

                    Judgment Granting Permanent Injunction

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 16

RECEIVED

FEB 2 7 2004

By: _____
B. HAUN
SUPERIOR COURT
LONG BEACH

FILED
LOS ANGELES SUPERIOR COURT

MAR 0 9 2004

JOHN A. CLARKE, CLERK

BY R. ALVA, DEPUTY

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (SOUTH DISTRICT)

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        *Plaintiff,*<br><br>vs.<br><br>EASTSIDE WILMAS GANG, an unincorporated association; PAUL ALLEN (Duke), BALTAZAR ALVAREZ (Lil Bear/ Pelon), MARCELINO AVITIA (Psycho/Lino), LEON CONTRERAS (Danger), GARY COSTA (Lil Man), CRECENCIO GAMA (Chencho/Shorty), RICARDO GARCIA aka JOSE MARTINEZ (Charro/Pelon), ANTHONY LIZALDE (Troubles), JESSE LOPEZ (Lil Menace), MARIO LOPEZ (Puppet), RAY MAYNEZ (Trippy), RAYMOND PINZON (Rizzo/Sneaks), CARLOS REYES (Wino/Straws), DAVID REYES (Torpedo), IVAN REYES (Rat/Sneaks), RICARDO REYES (Criminal/Burro), JESSE SANCHEZ (J-Boy), DAVID SEDILLO (Lil Gizmo), all as individuals; DOES 1 through 200 inclusive;<br><br>WESTSIDE WILMAS GANG, an unincorporated association; ANTONIO ALCANTAR (Seco), ANTONIO AMAYA, JR. (Lil Crow), ARMANDO AMAYA (Mando), JIMMY AMAYA (Lil Japon), SERGIO AMAYA (Crow), JOSE CORTEZ (Lil Bandit), | Case No. NC 030080<br><br>[PROPOSED] *Hay*<br><br>**ORDER**<br><br>PERMANENT INJUNCTION AFTER DEFAULT |

1  RAMON CUEVAS III (Squirt), JESSE
   DELGADO (Yogi), RICHARD ESTRADA (Lil
2  Boy/Temper), WES FULLER (Triste),
   DANIEL GRAJEDA (Lil Peanut), MARTIN
3  GRAJEDA (Boo Boo), LAWRENCE KELLY
   (Bam Bam/Lil Puppet), MICHAEL KELLY
4  (Puppet/Lencho), GILBERTO MARTINEZ
   (Bad Boy/Conejo), PETE MARTINEZ
5  (Budda/Wack), JOSE RAMOS (Pelon/
   Felon), ADAN RODRIGUEZ, JR. (Grizzly/
6  Baloo), ARTURO TERRAZAS, JR.
   (Termite), GILBERT TERRAZAS (Cartoon),
7  DANIEL TORRES (Danny Boy), DAVID
   GRAJEDA TORRES (Nay Nay/Muddy); all
8  as individuals; and DOES 201 through 400
   inclusive,
9
10                         *Defendants.*
11 ────────────────────────────────
12
13      The Plaintiff, the People of the State of California (People), acting by and

14  through Rockard J. Delgadillo, as the City Attorney of Los Angeles, sought injunctive

15  relief against defendants, and it appearing the defendants, having been duly served

16  with process, having failed to answer the People's complaint and amendment to the

17  complaint, the People having voluntarily sought dismissal without prejudice of

18  defendants Richard Reyes (Criminal/Burro), and Raymond Pinzon (Rizzo/Sneaks),

19  Gilberto Martinez (Bad Boy/Conejo), Jose Ramos (Pelon/Felon) and the unnamed

20  fictitious defendants (Does 1-400);

21      **WHEREAS**, the Court having entered the defaults of defendants, namely:

22  EASTSIDE WILMAS, an unincorporated association; Paul Allen (Duke), Baltazar

23  Alvarez (Lil Bear/Pelon), Marcelino Avitia (Psycho/Lino), Leon Contreras (Danger), Gary

24  Costa (Lil Man), Crecencio Gama (Chencho/Shorty), Ricardo Garcia aka Jose Martinez

25  (Charro/Pelon), Anthony Lizalde (Troubles), Jesse Lopez (Lil Menace), Mario Lopez

26  (Puppet), Ray Maynez (Trippy), Carlos Reyes (Wino/Straws), David Reyes (Torpedo),

27  Ivan Reyes (Rat/Sneaks), Jesse Sanchez (J-Boy), and David Sedillo (Lil Gizmo),

28  (whose photographs are included on Page 7);

ORDER AFTER DEFAULT

1    And, the Court having entered the defaults of defendants, namely: WESTSIDE

2    WILMAS, an unincorporated association, and Antonio Alcantar (Seco), Antonio Amaya

3    Jr. (Lil Crow), Armando Amaya (Mando), Jimmy Amaya (Lil Japon), Sergio Amaya

4    (Crow), Jose Cortez (Lil Bandit), Ramon Cuevas III (Squirt), Jesse Delgado (Yogi),

5    Richard Estrada (Lil Boy/Temper), Wes Fuller (Triste), Daniel Grajeda (Lil Peanut),

6    Martin Grajeda (Boo Boo), Lawrence Kelly (Bam Bam/Lil Puppet), Michael Kelly

7    (Puppet/Lencho), Pete Martinez (Budda/Wack), Adan Rodriguez Jr. (Grizzly/Baloo),

8    Arturo Terrazas Jr. (Termite), Gilbert Terrazas (Cartoon), Daniel Torres (Danny Boy),

9    and David Grajeda Torres (Nay Nay/Muddy), (whose photographs are included on Page

10    8-9);

11    WHEREAS after considering the memorandum of points and authorities,

12    declarations, attached exhibits, Requests for Judicial Notice of Criminal Convictions,

13    and all pleadings, papers, files and records on file herein, this Court finds by clear and

14    convincing evidence that: 1) each defendant gang, Eastside Wilmas (ESW) and

15    Westside Wilmas (WSW), is a criminal street gang as defined in Penal Code section

16    186.22; 2) each of the named individual defendants is a member of a criminal street

17    gang, the Eastside Wilmas gang or the Westside Wilmas gang, respectively; 3) each

18    and together, these defendants have created and maintain a public nuisance in an area

19    hereinafter described as the Wilmington Safety Zone; 4) each of the defendants has

20    been observed in the Wilmington Safety Zone; and 5) the Wilmington Safety Zone,

21    consisting of one portion of a neighborhood commonly known as Wilmington, in the City

22    of Los Angeles, extending from Lomita Boulevard on the North, Alameda Street on the

23    East, Harry Bridges Boulevard on the South, and the 110 Harbor Freeway on the West,

24    (map included on Page 6), is adequately defined geographically and narrowly tailored to

25    protect the community from the public nuisance created by defendants;

26    IT IS HEREBY ORDERED THAT:

27    1.    Defendant gang **EASTSIDE WILMAS**, and all of its members, and all

28    persons acting under, in concert with or for any of them, including but not limited to,

---

ORDER AFTER DEFAULT                                    3 of 10

defendants Paul Allen (Duke), Baltazar Alvarez (Lil Bear/Pelon), Marcelino Avitia

(Psycho/Lino), Leon Contreras (Danger), Gary Costa (Lil Man), Crecencio Gama

(Chencho/Shorty), Ricardo Garcia aka Jose Martinez (Charro/Pelon), Anthony Lizalde

(Troubles), Jesse Lopez (Lil Menace), Mario Lopez (Puppet), Ray Maynez (Trippy),

Carlos Reyes (Wino/Straws), David Reyes (Torpedo), Ivan Reyes (Rat/Sneaks), Jesse

Sanchez (J-Boy), David Sedillo (Lil Gizmo), and

2.    Defendant gang **WESTSIDE WILMAS**, and all of its members, and all

persons acting under, in concert with or for any of them, including but not limited to,

defendants Antonio Alcantar (Seco), Antonio Amaya Jr. (Lil Crow), Armando Amaya

(Mando), Jimmy Amaya (Lil Japon), Sergio Amaya (Crow), Jose Cortez (Lil Bandit),

Ramon Cuevas III (Squirt), Jesse Delgado (Yogi), Richard Estrada (Lil Boy/Temper),

Wes Fuller (Triste), Daniel Grajeda (Lil Peanut), Martin Grajeda (Boo Boo), Lawrence

Kelly (Bam Bam/Lil Puppet), Michael Kelly (Puppet/Lencho), Pete Martinez

(Budda/Wack), Adan Rodriguez Jr. (Grizzly/Baloo), Arturo Terrazas Jr. (Termite),

Gilbert Terrazas (Cartoon), Daniel Torres (Danny Boy), and David Grajeda Torres (Nay

Nay/Muddy),

**ARE HEREBY** restrained and enjoined from engaging in or performing, any of

the following activities in the Wilmington Safety Zone, extending from Lomita Boulevard

on the North, Alameda Street on the East, Harry Bridges Boulevard on the South, and

the 110 Harbor Freeway on the west, in the City of Los Angeles:

(a)    **Do Not Associate.**  Standing, sitting, walking, driving, gathering, or

appearing anywhere in public or in public view, as defined in Health and Safety Code

section 11530(b), with any other known Eastside Wilmas gang member, or known

Westside Wilmas gang member including but not limited to the defendants named in

Paragraphs 1 and 2 herein. This prohibition shall not apply when all individuals are

within a dwelling unit as defined in LAMC section 12.03;

(b)    **Stay Away From Drugs.**  Selling, attempting to sell, possessing, or using,

without a prescription, or knowingly remaining in the presence of anyone selling,

---

ORDER AFTER DEFAULT                                                4 of 10

**133**

1   attempting to sell, obtaining, attempting to obtain, possessing, or using, without a

2   prescription, any controlled substance or related paraphernalia, including but not limited

3   to, rolling papers and pipes used for illegal drug use as defined in Health and Safety

4   Code section 11364 *et seq.*;

5      **(c)      Do Not Obstruct Traffic.**  Blocking the free passage of any person or

6   vehicle on any street, walkway, sidewalk, driveway, alleyway, or other area of public

7   use;

8      **(d)      Do Not Act as a Lookout.**  Acting as a lookout, whistling, yelling or

9   otherwise signaling with a flashlight, "walkie-talkie," or other means to warn another

10  person of an approaching law enforcement officer, or soliciting, encouraging or

11  employing another to do so;

12     **(e)      Stay Away From Alcohol.**  Drinking any alcoholic beverage or knowingly

13  being within 10 feet of an open container of alcohol anywhere in public or in public view,

14  as defined in Health and Safety Code section 11530(b);

15     **(f)      No Guns or Illegal Weapons.**  Possessing any firearm, ammunition, or

16  illegal weapon as defined in the California Penal Code or knowingly remaining in the

17  presence of anyone who is in possession of such firearm, ammunition or dangerous

18  weapon;

19     **(g)      No Vandalism or Graffiti Tools.**  Damaging or defacing any public

20  property or private property of another, or possessing any aerosol paint container, a felt

21  tip marker, or any other marking substance as defined by Penal Code section 594.2;

22     **(h)      No Trespassing.**  Being present on or in any property not open to the

23  general public, except with the prior written consent of the owner, owner's agent, or the

24  person in lawful possession of the property;

25  /////

26  /////

27  /////

28  /////

---

ORDER AFTER DEFAULT                                              5 of 10



**Wilmington Safety Zone**
Office of the City Attorney
City of Los Angeles

1       **(i)**    **Curfew.** Being in a public place between 12 midnight on any day and

2  sunrise of the immediately following day, unless (1) going to/from a legitimate meeting

3  or activity, or (2) involved in a legitimate emergency situation that requires immediate

4  attention;

5       **(j)**    **Obey All Laws.** Failing to obey all laws, including Los Angeles Municipal

6  Codes, and orders of the Court.

7      3.    **No Costs.**   Each party shall bear its own costs in this action.

8

9

10  DATED:  _3/09/04_                    _Margaret M. Hay_

11                                 Judge of the Superior Court

12

13

14  doc 21210

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER AFTER DEFAULT               10 of 10

Pánuco Decl. Supp Mtn for Preliminary Injunction

# Exh. 17

1
2
3
4
5
6
7

ORIGINAL FILED

MAY 2 5 2005

LOS ANGELES
SUPERIOR COURT

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF LOS ANGELES

10

| 11 | PEOPLE OF THE STATE OF CALIFORNIA, | Case No.: BC330087 |
|----|---|---|
| 12 | Plaintiff,<br>vs. | [PROPOSED]<br>JUDGMENT GRANTING |
| 13 | GRAPE STREET CRIPS (aka GRAPE STREET), | PERMANENT INJUNCTION<br>AFTER DEFAULT |
| 14 | an unincorporated association; DOES 1 through<br>300, inclusive; | Assigned for all purposes to the<br>Honorable Aurelio Munoz |
| 15 | Defendants. | |
| 16 | | Case Filed: March 10, 2005<br>Trial Date: None |
| 17 | | |

18          After considering the memorandum of points and authorities and attached exhibits, declarations

19   of officers, and all pleadings, papers, files and records on file herein, this Court finds by clear and

20   convincing evidence that the conduct of defendant Grape Street Crips (aka Grape Street) and its

21   members constitutes a public nuisance in the Safety Zone; and therefore, good cause appearing,

22          **IT IS HEREBY ORDERED THAT:**

23          1.     Defendant Grape Street Crips (aka Grape Street), its members including, but not limited

24   to, David Belfrey, Montrell Bernard, Grevon Brooks, Randy Brown, Tyrell Chance, Raymond Ford,

25   Garry Green, Bruce Harris, Johmel Howlett, Raymond McIntosh, Preston Moorehead, Rodney Parker,

26   Anthony Pittman, Wade Richardson, Miron Tyler and Tyree West, and all persons acting under, in

27   concert with, for the benefit of, at the direction of, or in association with them or any of them, are

28   enjoined and restrained from engaging in or performing, directly or indirectly, any of the following

1

[PROPOSED] JUDGMENT GRANTING PERMANENT INJUNCTION AFTER DEFAULT

1   activities in the Safety Zone (attached as Exhibit 1), bounded by an area starting at the intersection of

2   92nd Street and Alameda Street, continuing south along Alameda Street to Santa Ana Boulevard,

3   continuing northwest along Santa Ana Boulevard to 108th Street, continuing west on 108th Avenue to

4   Compton Avenue, continuing north on Compton Avenue to 103rd Street, continuing west on 103rd Street

5   to Success Avenue, continuing north on Success Avenue to 92nd Street, continuing east on 92nd Street

6   back to the starting point, and extending 100 yards to the outside of each of these boundaries:

7        a.   **Do Not Associate:** Standing, sitting, walking, driving, gathering or appearing

8   anywhere in public view, in a public place or in anyplace accessible to the public, with any other known

9   Grape Street Crips gang member including, but not limited to, David Belfrey, Montrell Bernard, Grevon

10   Brooks, Randy Brown, Tyrell Chance, Raymond Ford, Garry Green, Bruce Harris, Johmel Howlett,

11   Raymond McIntosh, Preston Moorehead, Rodney Parker, Anthony Pittman, Wade Richardson, Miron

12   Tyler and Tyree West.  This prohibition shall not apply in either of the following situations:  (1) when

13   all individuals are inside a school attending class or on school business or (2) when all are inside a

14   church or religious institution for purposes of worship; provided, however, that this prohibition against

15   associating shall apply to all methods of travel to and from any of those locations;

16        b.   **No Intimidation:** Confronting, intimidating, annoying, harassing, threatening,

17   challenging, provoking, assaulting or battering any person who lives, works, visits or passes through the

18   Safety Zone or any person known to be a witness to, or victim of, any Grape Street Crips gang activity

19   or any person known to have complained about any Grape Street Crips gang activity;

20        c.   **No Guns or Illegal Weapons:** (1) Possessing any gun, ammunition or illegal

21   weapon as described in Penal Code section 12020, whether or not concealed, while in public view, in a

22   public place or in anyplace accessible to the public, (2) knowingly remaining in the presence of anyone

23   who is in possession of such gun, ammunition or illegal weapon while in public view, in a public place

24   or in anyplace accessible to the public, or (3) knowingly remaining in the presence of such gun,

25   ammunition or illegal weapon while in public view, in a public place or in anyplace accessible to the

26   public;

27        d.   **Stay Away From Drugs:** (1) Selling, transporting, possessing or using, without a

28   prescription, any controlled substance or marijuana, or such drug-related paraphernalia, including, but

2

---

[PROPOSED] JUDGMENT GRANTING PERMANENT INJUNCTION AFTER DEFAULT

1   not limited to, rolling papers and pipes used for illegal drug use, (2) knowingly remaining in the

2   presence of anyone selling, transporting, possessing or using, without a prescription, any controlled

3   substance or marijuana, or such drug-related paraphernalia, or (3) knowingly remaining in the presence

4   of any controlled substance or marijuana, or such drug-related paraphernalia;

5          e.      **No Lookouts:** Acting as a lookout by whistling, yelling, or otherwise signaling,

6   by any means, to warn another person engaged in unlawful or nuisance activity of the approach of law

7   enforcement officers, or soliciting, encouraging, coercing or employing another person to act as such

8   lookout;

9          f.      **No Hooks:** Acting as a hook by approaching, signaling or otherwise attracting

10  another individual for the purpose of drug sales, or soliciting, encouraging, coercing or employing

11  another person to act as such hook;

12         g.      **No Obstructing Traffic:** Obstructing, impeding or blocking the free passage of

13  any person or vehicle on any street, walkway, sidewalk, driveway, alley, parking lot or other area of

14  public access;

15         h.      **No Approaching Vehicles:** Approaching or signaling any occupied motor vehicle

16  except a police car or public bus on any street, public passageway or parking lot, unless a legitimate

17  emergency situation requires such conduct;

18         i.      **No Blocking Parking:** Blocking or using parking spaces assigned to residents of

19  the Jordan Downs Housing Development;

20         j.      **Stay Away From Alcohol:** (1) Drinking or possessing an open container of an

21  alcoholic beverage in public view, in a public place or in anyplace accessible to the public, (2)

22  knowingly remaining in the presence of anyone possessing an open container of an alcoholic beverage

23  in public view, in a public place or in anyplace accessible to the public, or (3) knowingly remaining in

24  the presence of an open container of an alcoholic beverage in public view, in a public place or in

25  anyplace accessible to the public;

26         k.      **No Graffiti or Vandalism Tools:** Damaging, defacing, marking, painting or

27  otherwise applying graffiti on any public or private property, or possessing any aerosol paint container,

28  felt tip marker or other marking substances that can be used to paint, spray paint, etch, mark, draw or

3

---

[PROPOSED] JUDGMENT GRANTING PERMANENT INJUNCTION AFTER DEFAULT

1   otherwise apply graffiti;

2          l.   **No Loitering:** Loitering in public view, in a public place or in anyplace

3   accessible to the public for the purpose of engaging in graffiti, drug-related activity or any other illegal

4   or nuisance activity;

5          m.   **No Trespassing:** Being present in the Jordan Downs Housing Development or

6   being present on or in any property not open to the general public, except (1) with the prior written

7   consent of the owner, owner's agent or person in lawful possession of the property or (2) in the presence

8   of and with the voluntary consent of the owner, owner's agent or person in lawful possession of the

9   property. For purposes of this provision, the prior written consent must be carried on the person at the

10   time the person is visiting the property not open to the general public and be presented when requested

11   by any peace officer. With respect to being present in the Jordan Downs Housing Development, the

12   prior written consent must identify the tenant in lawful possession of the housing unit and be specific for

13   each entry into said housing development, and shall be valid only in the following areas: the lawful

14   tenant's housing unit, common areas in the building containing the unit, access to parking for the unit

15   and a direct route to and from the building containing the unit;

16          n.   **No Gambling:** Gambling, including, but not limited to, the playing of cards,

17   dominoes, dice, or dog fighting for money, in public view, in a public place or in anyplace accessible to

18   the public;

19          o.   **Obey Curfew:** Being outside between the hours of 10:00 p.m. on any day and

20   sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment activity,

21   (2) actively engaged in some legitimate business, trade, profession or occupation that requires such

22   presence, or (3) involved in a legitimate emergency situation that requires immediate attention; and

23          p.   **Obey All Laws:** Failing to obey all laws, including (1) those which prohibit

24   violence and threatened violence, including but not limited to murder, rape, robbery by force or fear,

25   assault and battery, (2) those which prohibit interference with the property rights of others including but

26   not limited to trespass, theft, the driving or taking of a vehicle without the owner's consent and

27   vandalism, (3) those which prohibit the commission of acts which create a nuisance including but not

28   limited to the illegal sale of controlled substances, blocking the sidewalk and street and provisions of the

4

[PROPOSED] JUDGMENT GRANTING PERMANENT INJUNCTION AFTER DEFAULT

1    Los Angeles Municipal Code, and (4) any lawful orders of the Court; and

2          2.    Under the "Renunciation Provision", any Grape Street Crips gang member or any person

3    who has been served with this injunction (hereinafter "Applicant") may move the Court, under this

4    provision, for an order of exclusion that this permanent judgment is not enforceable against him or her.

5    Plaintiff agrees not to object to Applicant's motion for an order of exclusion from this permanent

6    judgment, so long as the exclusion is to be without prejudice, with each side bearing its owns costs and

7    fees, and Applicant's request satisfies the following requirements:

8          a.    **Proper Notice**: Applicant's motion under this provision shall be made upon

9    proper notice to the Court and to Plaintiff's counsel, and shall not be made upon shortened time;

10         b.    **Public Renunciation**: Applicant must truthfully declare, under penalty of

11   perjury, that he/she is not or is no longer a gang member, and that he/she has renounced the gang life.

12   Applicant's truthful renunciation is an essential part of this provision;

13         c.    **Proof of Renunciation**: Applicant must truthfully declare under penalty of

14   perjury that, for the continuous period of three (3) years preceding the date of the renunciation, with the

15   starting date being no earlier than the date of a permanent judgment, and not including any time spent

16   incarcerated, any time on supervised release (parole or probation), and/or any time spent outside the

17   country after having been deported, all of the following are and have been true:

18         i.    Applicant has not claimed membership in any gang;

19         ii.    Applicant has not associated with any gang members, other than

20             immediate family members;

21         iii.    Applicant has not obtained any new gang-related tattoos and/or used,

22             owned, or possessed any gang-related paraphernalia;

23         iv.    Applicant has not been arrested for, committed or assisted in the

24             commission of any felony or misdemeanor crime; and

25         v.    Applicant has, in the 18 months prior to his/her renunciation, consistently

26             (1) been gainfully employed and/or (2) attended an educational institution

27             and made consistent progress toward an educational goal that qualifies

28             him/her for a job, career, or a higher level of education. Applicant must

5

[PROPOSED] JUDGMENT GRANTING PERMANENT INJUNCTION AFTER DEFAULT

1    provide sufficient documentation substantiating his/her employment

2    and/or educational attendance;

3        d.    **No Third-Party Beneficiaries**:  It shall not be a defense to any civil or criminal

4    contempt charge that Applicant was eligible to apply for this Renunciation Provision;

5        e.    **No Effect in Other Proceedings**:  This provision and any orders resulting from it

6    shall not be admissible in any civil or criminal action, and cannot be used for or against Applicant for

7    any purpose whatsoever, other than in a civil or criminal contempt proceeding brought for violation of

8    this permanent judgment; and

9        f.    **Renounced Applicant Committing New Violation**:  If subsequent to

10    successfully obtaining an order of exclusion under this provision, Applicant violates any of subsections

11    (i) through (iv) of (2)(c) above (by claiming membership in a gang, associating with known gang

12    members other than immediate family, obtaining any gang-related tattoos, possessing any gang

13    paraphernalia, or being arrested for, committing, or assisting in the commission of any felony or

14    misdemeanor crime), then Applicant may be re-served with this permanent judgment and the original

15    terms and conditions of this permanent judgment will apply to Applicant.

16    DATED: ___MAY 2 5 2005___        _____

17                            Judge of the Superior Court

Submitted by:                   AURELIO MUNOZ

18    PEOPLE OF THE STATE OF CALIFORNIA
ROCKARD J. DELGADILLO, CITY ATTORNEY

19    Martin Vranicar, Assistant City Attorney, Gang Unit

20

21    By _____

22        Kelly Huynh, Deputy City Attorney
Attorneys for Plaintiff

23

24

25

26

27

28

6

Pánuco Decl. Supp Mtn for Preliminary Injunction

Exh. 18

**FILED**

LOS ANGELES SUPERIOR COURT

FEB 1 6 2007

JOHN _____ CLERK

BY S. SMYTHE, DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>*ex rel.* Rockard J. Delgadillo as the<br>City Attorney for the City of Los Angeles,<br><br>                    Plaintiff,<br><br>          vs.<br><br>HIGHLAND PARK aka Highland Parque aka<br>HLP,<br>An unincorporated association;<br>DOES 1 through 500, inclusive,<br><br>                    Defendants. | Case No. BC359944<br><br>[PROPOSED]<br>JUDGMENT GRANTING PERMANENT<br>INJUNCTION BY COURT AFTER<br>DEFAULT<br><br>Assigned for all purposes to the<br>Honorable Mary Thornton House<br><br>DATE:  No hearing required<br>TIME:  N/A<br>PLACE:  Dept. 17<br>              111 North Hill Street<br>              Los Angeles, CA 90012<br><br>TRIAL DATE:  Not Set<br>CASE FILED:  October 6, 2006 |

        Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the City Attorney

for the City of Los Angeles, filed a complaint on October 6, 2006, seeking to abate a public nuisance

through the use of what is commonly known as a "gang injunction," against defendant Highland Park

aka Highland Parque aka HLP ("Highland Park"), an unincorporated association alleged to be a

criminal street gang, in a "Safety Zone" (as depicted in the map included as page 6 and incorporated

1

**JUDGMENT GRANTING PERMANENT INJUNCTION**

herein) within the City of Los Angeles which is defined by the area bounded by the route starting at the

intersection of Eagle Rock Boulevard and Colorado Boulevard, continuing east along Colorado

Boulevard to La Loma Road, to the Los Angeles city limits at Sycamore Glen, continuing in a

predominately southeasterly direction along the Los Angeles city limit line until it meets the 110

Freeway, then south along the 110 Freeway to East Avenue 40, north on Avenue 40 to Figueroa Street,

north on Figueroa Street to Avenue 50, north on Avenue 50 to York Boulevard, west on York

Boulevard to Eagle Rock Boulevard, north on Eagle Rock Boulevard to the starting point at Colorado

Boulevard, and extending 100 yards to the outside of each of those boundary streets; plaintiff

subsequently voluntarily dismissed without prejudice all fictitious "Doe" defendants; default was duly

entered against defendant Highland Park; after due consideration of all the papers filed in this action,

including the declarations, requests for judicial notice, and other evidence submitted, plaintiff's

memorandum of points and authorities including *People ex rel. Gallo v. Acuna*, 14 Cal.4[th] 1090, *cert.*

*denied*, 521 U.S. 1121 (1997); *People v. Englebrecht*, 88 Cal.App.4[th] 1236 (2001); *In re Englebrecht*,

67 Cal.App.4[th] 485 (1998), and other arguments of counsel, this Court finds by clear and convincing

evidence that service is proper under the circumstances, and that (1) Highland Park is also known as

Highland Parque and HLP; (2) Highland Park is a criminal street gang as defined in Penal Code section

186.22 (Street Terrorism Prevention and Enforcement ("STEP") Act) and is a gang as defined for the

purpose of a gang abatement injunction in *People v. Englebrecht*, 88 Cal.App.4[th] 1236, 1258 (2001);

(3) Highland Park includes cliques known as Back Street Kings, Dukes, Fuck the Cops Krew, Los

Crazy Mexicans and York Boulevard Locos; and (4) the conduct and activities of Highland Park and its

members constitute a public nuisance in the Safety Zone; and

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

    1.    Defendant Highland Park, its members, agents, servants, employees, and all persons

acting under, in concert with, for the benefit of, at the direction of, or in association with them or any of

them, including but not limited to all members of all its cliques, are enjoined and restrained from

engaging in or performing directly or indirectly, any of the following activities in the Safety Zone:

    a.    **Do Not Associate**: Driving, standing, sitting, walking, gathering or

appearing, anywhere in public view or anyplace accessible to the public, with any known Highland

2

---

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Park gang member(s), but not including: (1) when all individuals are inside a school attending class or on school business, (2) when all individuals are inside a church, and (3) when all individuals are inside a vehicle in transit on the 110 Freeway; provided, however, that this prohibition against associating shall apply to all claims of travel to or from any of those locations;

      b.      **No Intimidation**: Confronting, annoying, harassing, threatening, challenging, provoking, assaulting or battering any person, or displaying any logo, hand sign or tattoo known to represent the Highland Park gang in any public place or place exposed to public view, when any of these acts are done for the purpose of intimidating anyone;

      c.      **Stay Away from Schools**: Entering or remaining upon any school ground, or adjacent street, sidewalk or public way, except (1) during school hours or during a scheduled school event while a student enrolled at that school, (2) while picking up or dropping off a dependent minor student who is enrolled in that school, (3) while attending a scheduled school event in which a dependent minor student is participating, or (4) with the prior written permission for entry from the chief administrative officer of that school;

      d.      **No Guns or Dangerous Weapons**: Anywhere in public view or anyplace accessible to the public, (1) possessing any gun, ammunition, or weapon defined in Penal Code section 12020, (2) knowingly remaining in the presence of anyone who is in possession of such gun, ammunition or weapon, or (3) knowingly remaining in the presence of such gun, ammunition or weapon;

      e.      **Stay Away from Drugs**: Without a valid prescription, (1) selling, possessing or using any controlled substance or related paraphernalia, including but not limited to rolling papers and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling, possessing or using any controlled substance or such related paraphernalia, or (3) knowingly remaining in the presence of any controlled substance or such related paraphernalia;

      f.      **No Open Containers of Alcohol**: Anywhere in public view or anyplace accessible to the public, except on properly licensed premises, (1) possessing an open container of an alcoholic beverage, (2) knowingly remaining in the presence of anyone possessing an open container of

3

**JUDGMENT GRANTING PERMANENT INJUNCTION**

an alcoholic beverage, or (3) knowingly remaining in the presence of an open container of an alcoholic

beverage;

      g.      **No Trespassing**: Being present on or in any property not open to the general

public, except (1) while in possession of prior voluntary written consent of the owner, owner's agent or

other person in lawful possession of the property, which shall be presented to any peace officer upon

request, or (2) in the presence of and with the voluntary consent of the owner, owner's agent or other

person in lawful possession of the property;

      h.      **Obey Curfew**: Being outside between the hours of 10:00 p.m. on any day

and sunrise of the following day, unless (1) attending or going to or returning directly home from a

public, non-gang related meeting or entertainment activity, such as a movie, play, sporting event, dance

or school activity, (2) actively engaged in some legitimate business, trade, profession or occupation that

requires such presence, or (3) involved in an emergency situation that requires immediate action to

prevent serious bodily injury or loss of life;

      i.      **No Graffiti or Graffiti Tools**: Damaging, defacing, or marking any public

property or private property of another, or possessing any graffiti tools, including but not limited to

spray paint containers, etching cream, masonry or glass drill bits, glass cutters, grinding stones, awls,

chisels, carbide scribes, "slap tags" and felt tip markers;

      j.      **No Burglary Tools**: Possessing any instrument or tool commonly used to

break into buildings and/or vehicles, including but not limited to screwdrivers, master keys, shaved

keys, and ceramic and porcelain spark plug chips or pieces;

      k.      **No Reckless Driving**: Driving a vehicle in willful or wanton disregard for

the safety of persons or property, including but not limited to while evading a police officer in violation

of Vehicle Code section 2800.1 through 2800.3; and

      l.      **Obey All Laws**: Failing to obey all laws (1) that prohibit violence and

threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) that

prohibit interference with the property rights of others including trespass, theft, driving or taking a

vehicle without the owner's consent and vandalism, or (3) that prohibit the commission of acts that

create a nuisance including the illegal sale of controlled substances and blocking the sidewalk;

4

---

**JUDGMENT GRANTING PERMANENT INJUNCTION**

2.    **No costs**: Plaintiff waived costs.  Each party shall bear its own costs in this action.

DATED:  2-16-07

_Judge of the Superior Court_

Submitted on December 22, 2006

ROCKARD J. DELGADILLO, Los Angeles City Attorney
Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
200 North Main Street, 800 City Hall East
Los Angeles, California  90012
(213) 978-4090

By: Rena M. Shahandeh
Deputy City Attorney, Gang Unit

Attorneys for Plaintiff,
People of the State of California

5

**JUDGMENT GRANTING PERMANENT INJUNCTION**

Pánuco Decl. Supp Mtn for Preliminary Injunction

Exh. 19

1

2       **ORIGINAL FILED**

3                JAN 1 6 2003

4       LOS ANGELES

5       SUPERIOR COURT

6

7

8       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       FOR THE COUNTY OF LOS ANGELES (CENTRAL DISTRICT)

10

| | |
|---|---|
| 11  PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* Rockard J. Delgadillo as the City Attorney for the City of Los Angeles, | ) Case No. BC 282629 ) |
| 12 | ) [PROPOSED] |
| 13                          Plaintiff, | ) JUDGMENT GRANTING ) PERMANENT INJUNCTION |
| 14                   vs. | ) Assigned for all purposes to the ) Honorable Richard C. Hubbell |
| 15  KRAZY ASS MEXICANS aka KAM, an unincorporated association; DOES 1 through 200, inclusive, | ) ) DATE:      January 15, 2003 |
| 16 | ) TIME:      8:30 am ) PLACE:    Dep't 62 |
| 17                          Defendants. | )            111 North Hill Street )            Los Angeles, CA 90012 |
| 18 | ) |
| 19 | ) TRIAL DATE:  Not Set ) CASE FILED:   October 3, 2002 |

20          Plaintiff, the People of the State of California, *ex rel.* Rockard J. Delgadillo as the

21   City Attorney for the City of Los Angeles, filed a complaint on October 3, 2002, seeking to abate a

22   public nuisance through the use of what is commonly known as a "gang injunction," against

23   defendant Krazy Ass Mexicans aka KAM, an unincorporated association alleged to be a criminal

24   street gang, in a "Safety Zone" (a map of which is included as page 4), located in the City of Los

25   Angeles, bounded by Cesar E. Chavez Avenue to the south, Soto Street to the west, Marengo Street

26   to the north, and extending 100 yards to the outside of each of those three boundary streets, but not

27   including the roadbed of the San Bernardino (I-10) Freeway, and bounded on the east by the Los

28   Angeles City limits; plaintiff subsequently voluntarily dismissed without prejudice all fictitious

1

**ORDER GRANTING PRELIMINARY INJUNCTION**

1  "Doe" defendants; default was duly entered against defendant Krazy Ass Mexicans aka KAM; after

2  due consideration of all papers filed in this action, including the declarations, requests for judicial

3  notice, and other evidence submitted, plaintiff's memorandum of points and authorities including

4  *People ex rel. Gallo v. Acuna*, 14 Cal. 4th 1090, *cert. denied*, 521 U.S. 1121 (1997); *People v.*

5  *Englebrecht*, 88 Cal. App. 4th 1236 (2001); and *In re Englebrecht*, 67 Cal. App. 4th 486 (1998), this

6  Court finds by clear and convincing evidence that Krazy Ass Mexicans aka KAM is a criminal street

7  gang as defined in Penal Code section 186.22 (Street Terrorism Enforcement and Prevention

8  "STEP" Act) and is a gang as defined for the purpose of a gang abatement injunction in *People v.*

9  *Englebrecht*, 88 Cal. App. 4th 1236, 1258 (2001), and that the conduct and activities of defendant

10  Krazy Ass Mexicans aka KAM and its members constitute a public nuisance in the Safety Zone; and

11  good cause appearing for entry of judgment,

12  **IT IS ORDERED, ADJUDGED AND DECREED** that:

13      1.     Defendant Krazy Ass Mexicans aka KAM, its members, agents, servants, employees,

14  and all persons acting under, in concert with, for the benefit of, at the direction of, or in association

15  with them or any of them, are enjoined and restrained from engaging in or performing directly or

16  indirectly, any of the following activities in the Safety Zone:

17      a.     **Do Not Associate:** Standing, sitting, walking, driving, gathering or

18  appearing, anywhere in public view or anyplace accessible to the public, with any known member of

19  Krazy Ass Mexicans aka KAM including but not limited to those members identified on page five

20  herein but not including: (1) when all individuals are inside a school attending class or on school

21  business, and (2) when all individuals are inside a church; provided however that this prohibition

22  against associating shall apply to all claims of travel to or from any of those locations;

23      b.     **No Intimidation:** Confronting, intimidating, annoying, harassing,

24  threatening, challenging, provoking, assaulting or battering any person known to be a witness to any

25  activity of Krazy Ass Mexicans aka KAM, known to be a victim of any activity of Krazy Ass

26  Mexicans, or known to be a person who has complained about any activity of Krazy Ass Mexicans;

27      c.     **No Guns or Dangerous Weapons:** Anywhere in public view or anyplace

28  accessible to the public, (1) possessing any gun, ammunition, or illegal weapon as defined in Penal

2

**ORDER GRANTING PRELIMINARY INJUNCTION**

1    Code section 12020, (2) knowingly remaining in the presence of anyone who is in possession of

2    such gun, ammunition or dangerous weapon, or (3) knowingly remaining in the presence of such

3    gun, ammunition or dangerous weapon;

4         d.    **Stay Away From Drugs:**  Without a prescription, (1) selling, possessing, or

5    using any controlled substance or related paraphernalia, including but not limited to rolling papers

6    and pipes used for illegal drug use, (2) knowingly remaining in the presence of anyone selling,

7    possessing, or using any controlled substance or such related paraphernalia, or (3) knowingly

8    remaining in the presence of any controlled substance or such related paraphernalia;

9         e.    **Stay Away From Alcohol:**  Anywhere in public view or anyplace accessible

10   to the public, (1) possessing an open container of an alcoholic beverage, (2) knowingly remaining in

11   the presence of anyone possessing an open container of an alcoholic beverage, or (3) knowingly

12   remaining in the presence of an open container of an alcoholic beverage;

13        f.    **No Trespassing:**  Being present on or in any property not open to the general

14   public, except (1) with the prior written consent of the owner, owner's agent, or the person in lawful

15   possession of the property, or (2) in the presence of and with the voluntary consent of the owner,

16   owner's agent, or the person in lawful possession of the property;

17        g.    **Obey Curfew:**  Being outside between the hours of 10:00 p.m. on any day

18   and sunrise of the following day, unless (1) going to or from a legitimate meeting or entertainment

19   activity, (2) actively engaged in a legitimate business, trade, profession or occupation which require

20   such presence, or (3) involved in a legitimate emergency situation that requires immediate attention

21        h.    **Obey All Laws:**  Failing to obey all laws (1) which prohibit violence and

22   threatened violence including murder, rape, robbery by force or fear, assault and battery, (2) which

23   prohibit interference with the property rights of others including trespass, theft, driving or taking a

24   vehicle without the owner's consent, and vandalism, or (3) which prohibit the commission of acts

25   which create a nuisance including the illegal sale of controlled substances and blocking the sidewalk

26   **[text continued on page 6 after map and photos]**

27   ///

28   ///

3

**ORDER GRANTING PRELIMINARY INJUNCTION**



## Safety Zone Map
### Office of the City Attorney
City of Los Angeles

1        2.     **No Costs** Plaintiff waived costs. Each party shall bear its own costs in this action.

2

3

4   DATED:    JAN 1 6 2003                       RICHARD C. HUBBELL

5                                                     Judge of the Superior Court

6   Submitted on *November 21*, 2002 by:

7   ROCKARD J. DELGADILLO, Los Angeles City Attorney
    Martin Vranicar, Ass't City Atty, Supervisor, Gang Unit
8   James A. McDougal, Deputy City Atty (140408)
    200 North Main Street, 1800 City Hall East
9   Los Angeles, California 90012 (213-847-0135)

10

11  By: James A. McDougal
12  Deputy City Attorney, Gang Unit

13  Attorneys for Plaintiff,
    People of the State of California
14  doc 17874

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                 6

**ORDER GRANTING PRELIMINARY INJUNCTION**