ORIGINAL

1   DAVIS WRIGHT TREMAINE LLP
    KELLI L. SAGER (State Bar No. 120162)
2     kellisager@dwt.com
    ROCHELLE L. WILCOX (State Bar No. 197790)
3     rochellewilcox@dwt.com
    JEFF GLASSER (State Bar No. 252596)
4     jeffglasser@dwt.com
    865 S. Figueroa Street, Suite 2400
5   Los Angeles, California 90017-2566
    Telephone: (213) 633-6800 / Fax: (213) 633-6899
6
7   LOS ANGELES TIMES
    COMMUNICATIONS LLC
8   KARLENE GOLLER (State Bar No. 147065)
    202 West First Street
9   Los Angeles, California  90012
    Telephone: (213) 237-3760 / Fax: (213) 237-3810
10
11  Attorneys for Non-Party Press Organization
    LOS ANGELES TIMES COMMUNICATIONS LLC
12
13              UNITED STATES DISTRICT COURT
14              CENTRAL DISTRICT OF CALIFORNIA
15
16  CHRISTIAN RODRIGUEZ, ALBERTO      ) Case No. **CV11-01135 DMG (JEMx)**
    CAZAREZ, individually and as class )
17  representatives                    ) **NON-PARTY PRESS**
                                       ) **ORGANIZATION LOS ANGELES**
18              Plaintiff,             ) **TIMES COMMUNICATIONS LLC'S**
                                       ) **NOTICE OF MOTION AND**
19       vs.                          ) **MOTION TO INTERVENE AND**
                                       ) **FOR AN ORDER (1) UNSEALING**
20  CITY OF LOS ANGELES, CARMEN       ) **COURT RECORDS AND**
    TRUTANICH, CHARLES BECK,           ) **(2) MODIFYING STIPULATED**
21  ALLAN NADIR, ANGEL GOMEZ AND       ) **PROTECTIVE ORDER;**
    DOES 1 THROUGH 10,                 ) **MEMORANDUM OF POINTS AND**
22                                     ) **AUTHORITIES**
23              Defendant.             )
                                       ) Hearing Date:    August 3, 2012
24                                     ) Time:            9:30 a.m.
                                       ) Courtroom:        C
25                                     )
                                       ) [Declaration of Jeff Glasser with Exhibits
26                                     ) A-D and [Proposed] Order Filed and
                                       ) Lodged Concurrently]
27  _____   )
28

---

# TABLE OF CONTENTS

Page

1.   SUMMARY OF ARGUMENT ................................................................... 1

2.   THE TIMES SHOULD BE PERMITTED TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS AND MODIFYING THE PROTECTIVE ORDER. .................................................. 4

3.   THE PARTIES HAVE NOT MET THEIR HEAVY BURDEN OF ESTABLISHING "COMPELLING REASONS" TO FILE THE CLASS CERTIFICATION MOTION AND RELATED PAPERS UNDER SEAL. ................................................................................................. 5

    A.   The Press And The Public Have A Constitutional And Common Law Right Of Access To Court Records On The Merits Of The Action. .......................................................................................... 5

    B.   The First Amendment And Common Law Rights Of Access Apply To Class Certification Motions And Related Papers. ............... 9

    C.   The Parties Did Not And Cannot Meet Their Burden To Overcome The Public's Right Of Access To These Judicial Records. ............................................................................................ 12

        1.   The Parties' Stipulated Protective Order Cannot Justify The Order Sealing Court Records And Judicial Proceedings. ............................................................... 13

        2.   No Compelling Justification Exists For The Broad-Based Secrecy In This Case. ...................................................... 15

            a.   Privacy Interests Of Officers Do Not Overcome The Public's Presumptive Right Of Access To These Records Concerning The Gang Injunctions. ......................................................... 16

            b.   Speculative Safety Claims Cannot Overcome The Public's Presumptive Right of Access To These Records. ......................... 18

        3.   Even If Some Minimal Sealing Is Justified, The Blanket Sealing Of All Papers Related To Class Certification Is Not. ............................................................... 19

4.   THE PARTIES' BLANKET PROTECTIVE ORDER VIOLATES THE RULE 26(C) "GOOD CAUSE" REQUIREMENT. ...................................... 20

5.   CONCLUSION .......................................................................................... 22

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

**CASES**

Associated Press v. District Court,
    705 F.2d 1143 (9th Cir. 1983)..................................................... 4

Beckman Industries, Inc. v. Int'l Ins. Co.,
    966 F.2d 470 (9th Cir. 1992)....................................................... 4

Brown & Williamson Tobacco Corp. v. FTC,
    710 F.2d 1165 (6th Cir. 1983)..................................................... 7

Caldarola v. County of Westchester,
    343 F.3d 570 (2d Cir. 2003) ...................................................... 17

California ex rel. Lockyer v. Safeway, Inc.,
    355 F. Supp. 2d ........................................................ 2, 4, 6, 22

California First Amendment Coalition v. Woodford,
    299 F.3d 868 (9th Cir. 2002)..................................................... 18

Caranci v. Blue Cross & Shield of Rhode Island,
    194 F.R.D. 27 (D.R.I. 2000) ...................................................... 9

CBS, Inc. v. District Court,
    765 F.2d 823 (9th Cir. 1985)................................................ 4, 6, 12

Citizens F.N.B., Princeton v. Cincinnati Ins.,
    178 F.3d 943 (7th Cir. 1999)..................................................... 14

Daniels v. Finish Line, Inc.,
    No. 2:07-cv-1501-GEB, slip op. at 1-2 (E.D. Cal. May 16, 2008).................... 10

Doe v. Marsalis,
    202 F.R.D. 233 (N.D. Ill. 2001)............................................ 17, 18, 20

Ellis v. Costco Wholesale Corp.,
    657 F.3d 970 (9th Cir. 2011)................................................. 10, 11

Foltz v. State Farm Mutual Auto Ins. Co.,
    331 F.3d 1122 (9th Cir. 2003).............................................. 2, 8, 9, 21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Gambale v. Deutsche Bank AG,
    377 F.3d 133 (2d Cir. 2004).................................................................. 14

General Tel. Co. of Southwest v. Falcon,
    457 U.S. 147, 72 L. Ed. 2d 740, 102 S. Ct. 2364 (1982).................................... 11

Globe Newspaper Co. v. Superior Court,
    457 U.S. 596, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982)............................. 4, 5, 6

Gomes v. Fried,
    136 Cal. App. 3d 924, 186 Cal. Rptr. 605 (1982)............................................... 17

H.B. Fuller Co. v. Doe,
    151 Cal. App. 4th 879, 60 Cal. Rptr. 3d 501 (2007).......................................... 14

Hagestad v. Tragesser,
    49 F.3d 1430 (9th Cir. 1995)................................................................. 7, 12, 15

In re Agent Orange Prod. Liab. Litig.,
    821 F.2d 139 (2d Cir. 1987)................................................................... 20, 21

In re Associated Press,
    162 F.3d 503 (7th Cir. 1998)........................................................................ 4

In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.,
    101 F.R.D. 34 (C.D. Cal. 1984) ("Petroleum Products Antitrust Litigation") ......
    .......................................................................................... 7, 20, 21

In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,
    2007 U.S. Dist. LEXIS 20570 (N.D. Cal. March 6, 2007)................................... 9

In re Providian Credit Card Cases,
    96 Cal. App. 4th 292, 116 Cal. Rptr. 2d 833 (2002).......................................... 14

In re Wash. Mut. Mortg. Backed Sec. Litig,
    No. C09-37 MJP, slip op. (W.D. Wash. July 8, 2011) ...................................... 10

Joint Equity Committee of Investors of Real Estate Partners, Inc. v. Coldwell
    Banker Real Estate Corp.,
    2012 U.S. Dist LEXIS 12964 (C.D. Cal. Jan. 24, 2012) ............................. 10, 15

Kamakana v. City & County of Honolulu,
    2002 U.S. Dist. LEXIS 26921 Media L. Rptr. 2340 (D. Haw. Nov. 22,
    2002), aff'd, 447 F.3d 1172 (9th Cir. 2006) ............................................... passim

iii

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<u>Kelley v. Microsoft, Inc.</u>,
No. 07-475 MJP, slip op. (W.D. Wash. February 26, 2008) ............................. 10

<u>King v. Conde</u>,
121 F.R.D. 180 (E.D.N.Y. 1988) ......................................................... 16, 18

<u>Labrador v. Seattle Mortgage Co.</u>,
2010 U.S. Dist. LEXIS 95763 (N.D. Cal. Sep. 1, 2010) ................................ 2, 9

<u>Leucadia, Inc. v. Applied Extrusion Technologies, Inc.</u>,
998 F.2d 157 (3d Cir. 1983) .................................................................... 9

<u>Matter of Continental Illinois Securities Litigation</u>,
732 F.2d 1302 (7th Cir. 1984) .................................................................. 8

<u>NBC Subsidiary (KNBC-TV), Inc. v. Superior Court</u>,
20 Cal. 4th 1178 (1999) ................................................................. 2, 5, 6, 7

<u>New York Times Co. v. Superior Court</u>,
52 Cal. App. 4th 97, 60 Cal. Rptr. 2d 410 (1997)........................................ 16

<u>Nygren v. Hewlett-Packard Co.</u>,
2010 U.S. Dist. LEXIS 59094 (N.D. Cal. May 25, 2010) ................................ 11

<u>Oregonian Publishing Co. v. District Court</u>,
920 F.2d 1462 (9th Cir. 1990).......................................................... 1, 4, 12, 15

<u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>,
307 F.3d 1206 (9th Cir. 2002).............................................................. 8, 9

<u>Press-Enterprise Co. v. Superior Court</u>,
464 U.S. 501, 78 L. Ed. 2d 629, 104 S. Ct. 819 (1984) ("Press-Enterprise
I").................................................................................................. passim

<u>Press-Enterprise Co. v. Superior Court</u>,
478 U.S. 1 (1986) ("Press-Enterprise II")............................................. 1, 2, 5, 12

<u>Proctor & Gamble Co. v. Bankers Trust Co.</u>,
78 F.3d 219 (6th Cir. 1996).................................................................... 20

<u>Publicker Industries, Inc. v. Cohen</u>,
733 F.2d 1059 (3d Cir. 1984).................................................................... 8

<u>Ramirez v. County of Los Angeles</u>,
231 F.R.D. 407 (C.D. Cal. 2007) ......................................................... 1, 16

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Rich v. Hewlett-Packard Co.,
   2009 U.S. Dist. LEXIS 64033...................................................................... 11

Richmond Newspapers, Inc. v. Virginia,
   448 U.S. 555, 65 L. Ed. 2d 973, 100 S. Ct. 2814 (1980)............................ passim

Romero v. Drummond Co.,
   480 F.3d 1234 (11th Cir. 2007)................................................................. 9, 19

Rushford v. The New Yorker Magazine,
   846 F.2d 249 (4th Cir. 1988)......................................................................... 14

San Jose Mercury News, Inc. v. District Court,
   187 F.3d 1096 (9th Cir. 1999)................................................................... passim

Shingara v. Skiles,
   420 F.3d 301 (3d Cir. 2005).......................................................................... 14

United States v. Antar,
   38 F.3d 1348 (3d Cir. 1994).......................................................................... 12

United States v. Bagley,
   204 F.R.D. 170 (C.D. Cal. 2001) .................................................................. 21

United States v. Brooklier,
   685 F.2d 1162 (9th Cir. 1982).................................................................... 2, 12

United States v. Kaczynski,
   154 F.3d 930 (9th Cir. 1998)......................................................................... 19

United States v. Vario,
   943 F.2d 236 (2d Cir. 1991).......................................................................... 19

Virginia Dep't of State Police v. Washington Post,
   386 F.3d 567 (4th Cir. 2004)........................................................................... 8

Wal-Mart Stores, Inc. v. Dukes,
   -- U.S. --, 180 L. Ed. 2d 374, 131 S. Ct. 2541 (2011)..................................... 11

Waller v. Georgia,
   467 U.S. 39, 81 L. Ed. 2d 31, 104 S. Ct. 2210 (1984)........................................ 5

Welsh v. City & County of San Francisco,
   887 F. Supp. 1293 (N.D. Cal. 1995) ......................................................... 17, 21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Wiggins v. Burge,
    173 F.R.D. 226 (N.D. Ill. 1997) ............................................................... 16, 17, 20

**RULES**

Federal Rule of Civil Procedure 23 ........................................................................ 11

Federal Rule of Civil Procedure 23(a) .................................................................. 10

Federal Rule of Civil Procedure 26 ........................................................................ 20

Federal Rule of Civil Procedure 26(c) ............................................................. passim

**CONSTITUTIONAL PROVISIONS**

United States Constitution, First Amendment ................................................. passim

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 3, 2012, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Courtroom C of this Court, located at 312 N. Spring Street, Los Angeles, California 90012, non-party Los Angeles Times Communications LLC ("The Times") will and hereby does move this Court for an order: (i) allowing The Times to intervene for the limited purpose of challenging restrictions on the public's right of access to judicial records, and to seek modification of the parties' stipulated protective order; (ii) unsealing the motion for class certification and supporting exhibits (Docket Nos. 46, 47); and (iii) modifying the stipulated blanket protective order (Docket No. 31) under which the parties have agreed to secret proceedings and secret filings without meeting the constitutional, common law, and Federal Rules of Civil Procedure 26(c) requirements.

This Motion is made on the following grounds:

1.      The press has standing to assert the public's – and its own – constitutional right of access to court records and proceedings. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609 n.25, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982) ("representatives of the press and the general public must be given an opportunity to be heard on the question of their exclusion"). As the Ninth Circuit has held, non-parties must be permitted to intervene for the purpose of challenging any restrictions on the First Amendment right of access. See Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992).[1] Consequently, the request by The Times to intervene for the limited purpose of opposing the sealing of court records, including the motion for class certification and numerous exhibits, should be granted.

---

[1] The Ninth Circuit also has recognized that non-parties challenging restrictions on public access need not file a formal complaint in intervention. See id. See also In re Associated Press, 162 F.3d 503, 508 (7th Cir. 1998) ("Associated Press II") (reversing district court and instructing that "the Press ought to have been able to intervene in order to present arguments against limitations on the constitutional or common law right of access").

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

2.     Under the First Amendment and the federal common law, the press and the public have a presumptive right of access to judicial proceedings and court records, which includes records filed with this Court in connection with Plaintiffs' motion for class certification.  That right of access may be overcome only by a showing of "compelling reasons," articulated in specific, on-the-record findings, that a sealing order "is essential to preserve higher values and is narrowly tailored to serve that interest."  See, e.g., Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 65 L. Ed. 2d 973, 100 S. Ct. 2814 (1980); Globe Newspaper Co., 457 U.S. at 604-05; Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178-1179 (9th Cir. 2006); Foltz v. State Farm Mutual Auto Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).  See also California ex rel. Lockyer v. Safeway, Inc., 355 F. Supp. 2d 1111, 1125 (C.D. Cal. 2005); NBC Subsidiary (KNBC-TV) v. Superior Court, 20 Cal. 4th 1178, 1217-1218, 980 P.2d 337, 86 Cal. Rptr. 2d 778 (1999) ("NBC Subsidiary"); Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1179 (6th Cir. 1983).  These stringent tests apply to motions for class certification and related pleadings, just as they apply to other court records and proceedings.  See, e.g., Joint Equity Committee of Investors of Real Estate Partners, Inc. v. Coldwell Banker Real Estate Corp., 2012 U.S. Dist  LEXIS 12964, at *2 (C.D. Cal. Jan. 24, 2012); Labrador v. Seattle Mortgage Co., 2010 U.S. Dist. LEXIS 95763, at *6 (N.D. Cal. Sept. 1, 2010).

3.     No compelling interest justifies the blanket sealing of the entire motion for class certification and related materials that were submitted to this Court in connection with the motion, nor is the sealing of all these records narrowly tailored to address a specific compelling interest.

4.     These court records, including the motion for class certification and the exhibits, should be unsealed immediately.  The United States Supreme Court has made clear that "[t]he loss of First Amendment rights, for even minimal periods of time, unquestionably constitutes irreparable injury."  Elrod v. Burns, 427 U.S. 347, 373, 49 L. Ed. 2d 547, 96 S. Ct. 2673 (1976).  As one court explained in granting a

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

newspaper's petition for extraordinary relief, the public's right of access to judicial records is "threatened whenever immediate access … is denied, whatever provision is made for later disclosure." In re Charlotte Observer, 882 F.2d 850, 856 (4th Cir. 1989).

5.    The parties' stipulated protective order also should be modified to ensure that no documents are withheld from the public unless the proponents of secrecy can satisfy (i) the strict constitutional and common law tests for sealing of any substantive pleadings and related materials; and (ii) "good cause" under Federal Rule of Civil Procedure 26(c) for discovery materials exchanged in the litigation. All documents currently under seal should be released unless the parties satisfy these requirements.

The Motion is based on the accompanying Memorandum of Points and Authorities, the Declaration of Jeff Glasser, and Exhibits A-D; on all pleadings, records, and files in this case; on all matters of which judicial notice may be taken; and on such argument as may be presented at any hearing on this Motion. The Times is informed that Plaintiffs will not oppose The Times' Motion to Unseal and to

///

///

///

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 | Modify the Stipulated Protective Order. Glasser Decl. ¶ 2. The Times is informed

2 | that Defendants will oppose The Times' Motion. Glasser Decl. ¶¶ 3-6.

3 | DATED: July 6, 2012       DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER

4 | ROCHELLE L. WILCOX

5 | JEFF GLASSER

6

7 | LOS ANGELES TIMES COMMUNICATIONS LLC
KARLENE GOLLER

8 | By: _Jeff Glasser_ /bↄ

9 |       Jeff Glasser

10 | Attorneys for Non-Party Press
Organization LOS ANGELES TIMES

11 | COMMUNICATIONS LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    SUMMARY OF ARGUMENT

It is well established that government actors, like the City of Los Angeles Defendants ("City Defendants"), may not "abridge the free flow of information simply to protect [their] own activities from public scrutiny." Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 19 (1986) ("Press-Enterprise II").  Yet through the artifice of an overly broad stipulated protective order, the City Defendants have been able to keep secret important pleadings in this civil rights lawsuit.  In this case, an entire motion for class certification and all of its numerous exhibits were filed under seal by the Plaintiffs pursuant to the protective order.  As a result, the public has been kept in the dark about the alleged justifications for twenty-one (21) gang injunctions that the City has used to restrict hundreds of Los Angeles residents from even going outside their homes between the hours of 10 p.m. and 6 a.m.

The need for public scrutiny of this kind of government action is undisputable.  As one federal district court recognized in unsealing records related to allegations of police corruption in Honolulu, "[p]ublic access serves to promote the trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." Kamakana v. City & County of Honolulu, 2002 U.S. Dist. LEXIS 26921, 31 Media L. Rptr. 2340 (D. Haw. Nov. 22, 2002), aff'd, 447 F.3d 1172 (9th Cir. 2006).  Openness is especially important in this case, where the Los Angeles Police Department and its officers – "public servant[s] who must be accountable to public review" (Ramirez v. County of Los Angeles, 231 F.R.D. 407, 411 (C.D. Cal. 2007)) – are accused of these serious constitutional violations.

As set forth in more detail below, there is a well-established constitutional presumption in favor of public access to court proceedings and records.  See, e.g., Oregonian Publishing Co. v. District Court, 920 F.2d 1462, 1467 (9th Cir. 1990).  See also Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 571, 65 L. Ed. 2d

1
MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

973, 100 S. Ct. 2814 (1980); NBC Subsidiary (KNBC-TV), Inc. v. Superior Court, 20 Cal. 4th 1178, 1217-1218, 980 P.2d 337, 86 Cal. Rptr. 2d 778 (1999). The common law guarantees a similar right of public access to court records. See, e.g., Foltz v. State Farm Mutual Auto Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003) ("we start with a strong presumption in favor of access to court records" in civil cases). As district courts have found, this presumption of access applies to pre-trial motions addressing class certification, given the important role of such motions in class action litigation. See, e.g., Labrador v. Seattle Mortgage Co., 2010 U.S. Dist. LEXIS 95763, at *6 (N.D. Cal. Sep. 1, 2010).

Under these well established rules, a proponent of secrecy first must demonstrate the existence of "compelling reasons" for secrecy, and the court then must make specific, on-the-record findings that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." California ex rel. Lockyer v. Safeway, Inc., 355 F. Supp. 2d at 1124 (quoting Press-Enterprise Co. v. Superior Court, 478 U.S. at 9). But in this case, because of the parties' stipulated protective order, the entire class certification motion and all of the related exhibits and pleadings were filed under seal. The protective order states that the documents are "sensitive," and invokes "compelling privacy interests." Protective Order ¶ 1. These conclusory claims do not meet the constitutional requirement of on-the-record findings by the Court "specific enough that a reviewing court can determine whether the closure order was properly entered." See Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510, 78 L. Ed. 2d 629, 104 S. Ct. 819 (1984) ("Press-Enterprise I"). Indeed, "sensitive nature" is just the kind of generalized statement that the Ninth Circuit found insufficient in United States v. Brooklier, 685 F.2d 1162, 1169 (9th Cir. 1982) ("problems of publicity" is not specific enough to justify closure).

The overly broad scope of the blanket protective order makes clear that it captures a wide array of documents that should be public. Among other things, it purports to allow the parties to designate all arrest records, crime reports, and gang

1  injunction service documents as nonpublic and "confidential," see Protective Order

2  ¶¶ 1-10, allowing the parties to file under seal any paper that mentions this

3  "confidential" information. Id. ¶ 7. Yet, this lawsuit concerns the City Defendants'

4  service of gang injunctions and arrests pursuant to the injunctions; as such, these

5  purportedly "confidential" records are at the core of Plaintiffs' claims. If the

6  protective order is allowed to stand, the public and press will have no access to this

7  key information, which is necessary to understand the claims in this litigation. The

8  provision purporting to allow the Court to close the courtroom for all proceedings is

9  also constitutionally infirm (id. ¶ 8), as the parties cannot stipulate to secret

10  proceedings and thereby evade the stringent constitutional protections ensuring that

11  the courtrooms funded by the public are open to the public.[2]

12      Accordingly, The Times respectfully requests that the Court immediately

13  unseal the motion for class certification and the supporting exhibits, which were filed

14  under seal without satisfying the First Amendment and common law requirements for

15  sealing such judicial records. The Times also respectfully requests that the Court

16  modify the protective order to ensure that no documents are kept from the public

17  unless the proponents of secrecy can establish (1) "compelling reasons" to seal

18  motions that address the merits of the action and their supporting materials (including

19  proceedings adjudicating these motions) and (2) "good cause" under Federal Rule of

20  Civil Procedure 26(c) for all discovery materials exchanged in the litigation.

21

22

23

24

25      [2] See, e.g., Press-Enterprise I, 464 U.S. at 509 (closing court proceedings can

26  occur only if the court makes specific, on-the-record findings that: (1) an overriding
    interest supports closure; (2) a substantial probability exists that the interest will be

27  prejudiced absent closure; (3) closure is narrowly tailored to serve the overriding
    interest; (4) and no less restrictive means exist to achieve the identified overriding

28  interest).

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 2. THE TIMES SHOULD BE PERMITTED TO INTERVENE FOR THE LIMITED PURPOSE OF UNSEALING COURT RECORDS AND MODIFYING THE PROTECTIVE ORDER.

The press has standing to challenge the sealing of judicial records and to assert the public's – and its own – right of access to those records. See, e.g., Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609 n.25, 73 L. Ed. 2d 248, 102 S. Ct. 2613 (1982) (newspaper has right to be heard on issue of exclusion from court proceedings). Courts consistently have held that non-parties, like The Times here, may intervene to challenge limitations on the right of access. See, e.g., Beckman Industries, Inc. v. Int'l Ins. Co., 966 F.2d 470, 473 (9th Cir. 1992). See also In re Associated Press, 162 F.3d 503, 508 (7th Cir. 1998) ("the Press ought to have been able to intervene ... to present arguments against limitations on the ... right of access"). Not surprisingly, most of the Ninth Circuit's leading access decisions involve efforts by news organizations to open court proceedings and unseal court records. See, e.g., Oregonian Publishing, 920 F.2d at 1466; Associated Press v. District Court, 705 F.2d 1143, 1147 (9th Cir. 1983); CBS, Inc. v. District Court, 765 F.2d 823, 825 (9th Cir. 1985). See also Safeway, 355 F. Supp. 2d at 1112 (granting newspaper leave to intervene to move to unseal court records in civil action).

This Court similarly should permit The Times to intervene in this case for the limited purpose of moving to unseal court records and modify the protective order. This case addresses issues of profound importance to the citizens of Los Angeles – the constitutionality of nighttime curfews that ware included in 21 injunctions currently in effect in the City, prohibiting alleged gang members and their associates from going outside after 10 p.m. Among other things, Plaintiffs claim that students have been mislabeled as gang members and wrongfully arrested, jailed, and prosecuted under the gang injunctions' curfew. See Compl. ¶¶ 1-3. But without the information currently under seal – including the motion for class certification and supporting documents – The Times is limited in its ability to perform its critical

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

function of informing the public about the injunctions and their effects. The Times therefore requests that it be allowed to intervene for the limited purpose of challenging the Stipulated Protective Order and any sealing orders that have been or may be entered in this case.

## 3. THE PARTIES HAVE NOT MET THEIR HEAVY BURDEN OF ESTABLISHING "COMPELLING REASONS" TO FILE THE CLASS CERTIFICATION MOTION AND RELATED PAPERS UNDER SEAL.

The California Supreme Court has made clear that judicial proceedings and accompanying court records – or even portions of court records – may be concealed from the public only "in the rarest of circumstances." NBC Subsidiary, 20 Cal. 4th at 1226. Similarly, the Ninth Circuit has held that a court may not enter an order sealing papers related to a motion that addresses the merits of the action unless the party advocating sealing demonstrates "compelling reasons" to file the papers under seal. As The Times establishes below, the parties in this action have not come close to meeting that demanding standard.

## A. The Press And The Public Have A Constitutional And Common Law Right Of Access To Court Records On The Merits Of The Action.

The Supreme Court and the Ninth Circuit have recognized broad, presumptive constitutional and common law rights of access to court proceedings and records. See, e.g., Richmond Newspapers, 448 U.S. at 571 (right of access applies to criminal trials); Press-Enterprise I, 464 U.S. at 505-508 (voir dire); Waller v. Georgia, 467 U.S. 39, 47, 81 L. Ed. 2d 31, 104 S. Ct. 2210 (1984) (suppression hearings); Press-Enterprise II, 478 U.S. at 12-13 (preliminary hearings). This right of access is premised on "the common understanding that 'a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs.'" Globe Newspaper, 457 U.S. at 604. The presumption of public access "is no quirk of history." Richmond Newspapers, 448 U.S. at 569, 580 n.17. Instead, as the Supreme Court has observed, openness allows "the public to participate in and serve as a

5

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  check upon the judicial process – an essential component in our structure of self-
2  government." <u>Globe Newspaper Co.</u>, 457 U.S. at 606.

3      In <u>CBS, Inc. v. District Court</u>, 765 F.2d 823, 825 (9th Cir. 1985) ("<u>CBS II</u>"),
4  the Ninth Circuit reaffirmed that this "right of access is grounded in the First
5  Amendment and in common law, and extends to documents filed in pretrial
6  proceedings as well as in the trial itself." As Judge King reaffirmed in <u>Safeway</u>,
7  "[t]he courts' legitimacy in our system of government derives in large measure from
8  our historical commitment to offering reasoned decisions publicly setting forth our
9  rationale not only to litigants, <u>but to the people in whose name we administer</u>
10  <u>justice</u>." 355 F. Supp. 2d at 1124 (emphasis added).

11      This presumption applies with equal force to civil proceedings. <u>See</u>, <u>e.g.</u>,
12  <u>Richmond Newspapers</u>, 448 U.S. at 580 n.17 (Burger, C.J.) ("historically both civil
13  and criminal trials have been presumptively open"); <u>see also</u> <u>NBC Subsidiary</u>, 20
14  Cal. 4th at 1208 (compiling authorities on this issue, and noting that "every lower
15  court opinion of which we are aware that has addressed the issue of First Amendment
16  access to <u>civil</u> trials and proceedings has reached the conclusion that the
17  constitutional right of access applies to civil as well as criminal trials") (citations
18  omitted; original emphasis). Thus, it is no surprise that for more than two decades,
19  the Ninth Circuit consistently has championed transparency and openness in both
20  criminal and civil cases.

21      For example, in <u>Kamakana</u>, 447 F.3d at 1179, documents related to the
22  investigation of alleged police corruption filed in support of dispositive motions
23  could not be sealed based on a blanket protective order, especially in the absence of
24  "compelling reasons sufficient to outweigh the public's interest in disclosure." The
25  Honolulu Police Department's claims that production of the documents would
26  "hinder … future operations with other agencies, endanger informants' lives, and cast
27  HPD officers in a false light" were "conclusory offerings [that] do not rise to the
28  level of 'compelling reasons' sufficiently specific to bar the public access to the

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

documents." Id. at 1182. See also San Jose Mercury News, Inc. v. District Court, 187 F.3d 1096, 1102 (9th Cir. 1999) (public's common law right of access in civil cases "creates a strong presumption in favor of access"); Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (extending common law right of access to pretrial court documents in civil sexual abuse case; sealing is justified only for "compelling reasons"; vacating sealing order and remanding for reconsideration); In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig., 101 F.R.D. 34, 42-43 (C.D. Cal. 1984) ("Petroleum Products Antitrust Litigation") (holding that the common law right of access attaches to documents filed with the court in both civil and criminal cases, making such records presumptively open as soon as they are filed for consideration by a court).

The same compelling public policy rationale that has demanded public access to court proceedings and records for two centuries applies equally to civil trials. As the California Supreme Court noted, "the public has an interest in all civil cases, in observing and assessing the performance of its public judicial system ...." NBC Subsidiary, 20 Cal. 4th at 1210 (original emphasis). Courts in other circuits are in accord. For example, in Brown & Williamson Tobacco Corp. v. FTC, 710 F.2d 1165, 1170 (6th Cir. 1983), the Sixth Circuit vacated an order that sealed a Federal Trade Commission report and other documents filed with the district court relating to tar and nicotine levels in cigarettes. The court agreed that the "policy considerations discussed in Richmond Newspapers apply to civil as well as criminal cases." Id. at 1179. The court noted that the "resolution of private disputes frequently involves issues and remedies affecting third parties or the general public[,]" and that the "community catharsis, which can only occur if the public can watch and participate, is also necessary in civil cases." Id. Equally importantly, "[i]n either the civil or the criminal courtroom, secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." Id.

---

7

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1   The Third Circuit emphasized these same considerations in <u>Publicker</u>
2   <u>Industries, Inc. v. Cohen</u>, 733 F.2d 1059, 1069 (3d Cir. 1984), a securities case where
3   the district court had sealed the transcript of a hearing.  In vacating the sealing order,
4   the Third Circuit underscored that "the civil trial, like the criminal trial, plays a
5   particularly significant role in the functioning of the judicial process and the
6   government as a whole," and that "[p]ublic access to civil trials, no less than criminal
7   trials, 'plays an important role in the participation and free discussion of
8   governmental affairs.'" <u>Id.</u> at 1070 (citations omitted).  Accordingly, the court
9   "h[e]ld that the 'First Amendment embraces a right of access to [civil] trials … to
10  ensure that this constitutionally protected discussion of governmental affairs is an
11  informed one.'" <u>Id.</u> (citations omitted).  <u>See also</u> <u>Matter of Continental Illinois</u>
12  <u>Securities Litigation</u>, 732 F.2d 1302, 1308 (7th Cir. 1984) (court granted newspapers'
13  request to inspect report prepared by corporation and admitted into evidence in
14  shareholders' derivative suit, stating that the "policy reasons for granting public
15  access to criminal proceedings apply to civil cases as well"); <u>Virginia Dep't of State</u>
16  <u>Police v. Washington Post</u>, 386 F.3d 567, 578 (4th Cir. 2004) (finding First
17  Amendment-based right of access applied to documents filed in connection with
18  summary judgment motion in civil rights action, and finding that government had
19  failed to demonstrate compelling interest warranting sealing based on its ongoing
20  investigation of rape and murder).

21  These authorities make clear that dispositive motions and the accompanying
22  court records are subject to the public's constitutional and common law rights of
23  access, and thus must be unsealed and available to the public unless the proponent of
24  secrecy satisfies the rigorous First Amendment and common law prerequisites for
25  sealing.[3]

26

27  [3] In <u>Phillips ex rel. Estates of Byrd v. General Motors Corp.</u>, 307 F.3d 1206, 1212
    (9th Cir. 2002), this Court "carved out an exception to the presumption of access,"
28  holding that it did not apply to a "sealed discovery document [attached] to a
    nondispositive motion." <u>Foltz</u>, 331 F.3d at 1135.  Papers "unearthed in discovery"

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.    The First Amendment And Common Law Rights Of Access Apply To Class Certification Motions And Related Papers.**

Several district courts have held that the First Amendment and common law presumptions of access discussed above apply equally to class certification motions and related papers. For example, in <u>Labrador v. Seattle Mortgage Co.</u>, 2010 U.S. Dist. LEXIS 95763, the district court rejected a request to seal briefing, a declaration, and two exhibits submitted in opposition to a motion for class certification, finding "that many of the concerns the Ninth Circuit identified in <u>Kamakana</u> for applying the 'compelling reasons' test to dispositive motions are present here." <u>Id.</u> at *6. As the court in <u>Labrador</u> recognized, motions for class certification are more closely analogous to merits briefing than discovery issues, and the public adjudication of such motions is important to bolster the "public's understanding of the judicial process." <u>Id.</u>; <u>see also</u> <u>Kamakana</u>, 447 F.3d at 1179. The Northern District reached the same result in <u>In re Dynamic Random Access Memory (DRAM) Antitrust Litig.</u>, 2007 U.S. Dist. LEXIS 20570 (N.D. Cal. March 6, 2007), applying the "compelling reasons" test because a class certification motion is "akin to a dispositive motion." <u>Id.</u> at 31-32; <u>see also</u> <u>Caranci v. Blue Cross & Shield of Rhode Island</u>, 194 F.R.D. 27, 31 (D.R.I. 2000) (treating motion to certify a class as a dispositive motion).

---

and submitted with non-dispositive motions instead are subject to the "good cause" standard of Fed. R. Civ. Proc. 26(c). <u>See</u> Section 4, <u>infra</u>. In <u>Foltz</u>, however, the Court made clear that the <u>Phillips</u> exception applies only to non-dispositive motions; the Court reversed an order sealing papers submitted with a summary judgment motion because no "compelling reason" for secrecy was shown. <u>Id.</u> Other courts agree that any exception to the presumption of access is narrow. <u>See, e.g.,</u> <u>Romero v. Drummond Co.</u>, 480 F.3d 1234, 1245 (11th Cir. 2007) (although there was no dispositive motion before court, "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access"); <u>Leucadia, Inc. v. Applied Extrusion Technologies, Inc.</u>, 998 F.2d 157 (3d Cir. 1983) (articulating "a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith," and grounding this "pervasive common law right" in the many cases establishing that the filing of a document gives rise to a presumption of access).

---

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

In <u>Joint Equity Committee of Investors of Real Estate Partners, Inc. v.</u> <u>Coldwell Banker Real Estate Corp.</u>, 2012 U.S. Dist LEXIS 12964 (C.D. Cal. Jan. 24, 2012), the court went even further, chastising the defendants for filing their opposition materials to a motion for class certification under seal and admonishing that "parties seeking to seal court documents must establish 'compelling reasons' for doing so." <u>Id.</u> at *2 (citing <u>Kamakana</u>, 447 F.3d at 1179). <u>See also</u> <u>Daniels v. Finish Line, Inc.</u>, No. 2:07-cv-1501-GEB, slip op. at 1-2 (docket #39) (E.D. Cal. May 16, 2008)[4] (refusing to seal briefs and declarations submitted in support of motion for class certification for failure to meet "compelling reasons" standard; noting that motion for class certification has many of the characteristics of a dispositive motion); <u>In re Wash. Mut. Mortg. Backed Sec. Litig</u>, No. C09-37 MJP, slip op. at 1-2 (ECF No. 266) (W.D. Wash. July 8, 2011)[5] ("[d]ocuments filed under seal in conjunction with a motion for class certification will be kept under seal only if the party presents 'compelling reasons' for preserving them under seal"); <u>Kelley v. Microsoft, Inc.</u>, No. 07-475 MJP, slip op. at 3-4 (ECF No. 129) (W.D. Wash. February 26, 2008)[6] ("[g]iven the importance of class certification to the outcome of a case, ... the Court concludes that the motion for class certification is dispositive").

Although the Ninth Circuit has not directly addressed this access issue, it recently emphasized that "the merits of the class members' substantive claims are often highly relevant when determining whether to certify a class." <u>Ellis v. Costco Wholesale Corp.</u>, 657 F.3d 970, 981 (9th Cir. 2011). Consequently, the Ninth Circuit held that "it is not correct to say a district court <u>may</u> consider the merits to the extent that they overlap with class certification issues; rather, a district court <u>must</u> consider the merits if they overlap with Rule 23(a) requirements." <u>Id.</u> (emphasis in original)

---

[4] Attached as Glasser Decl. Ex. B.

[5] Attached as Glasser Decl. Ex. C.

[6] Attached as Glasser Decl. Ex. D.

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1    (citing <u>Wal-Mart Stores, Inc. v. Dukes</u>, -- U.S. --, 180 L. Ed. 2d 374, 131 S. Ct. 2541,

2    2551-2552 (2011)).  In addition, the Supreme Court has held that in deciding whether

3    the movants have met their burden of establishing the requirements of Rule 23

4    (numerosity, commonality, and other factors that overlap with the merits), the Court

5    must make a "rigorous analysis" of the movant's affidavits, documents and/or

6    testimony.  <u>See</u> <u>General Tel. Co. of Southwest v. Falcon</u>, 457 U.S. 147, 161, 72 L.

7    Ed. 2d 740, 102 S. Ct. 2364 (1982).

8         Given the holding in <u>Ellis</u> and the fundamental nature of class certification

9    motions as expressed in <u>General Tel. Co.</u> – both of which recognize that class

10   certification motions typically are intertwined with the merits of the proceeding – it

11   seems clear that the class certification motion and related papers at issue here easily

12   fall within the scope of "dispositive motions" that are subject to a presumptive right

13   of access.[7]  Thus, consistent with the policies favoring a strong presumption of public

14   access to judicial records, the parties may not seal the briefing, declarations and

15   exhibits filed in connection with the motion for class certification without satisfying

16   the strict constitutional and common law requirements.

17

18

19

---

20   [7] In contrast, the Northern District applied the Rule 26(c) "good cause" standard for
     nondispositive motions in a case in which "the contested issues in Plaintiffs' motion
21   for class certification involve the procedural requirement of Fed. R. Civ. P. 23 and
     related only tangentially to the underlying merits of Plaintiffs' claim."  <u>Rich v.</u>
22   <u>Hewlett-Packard Co.</u>, 2009 U.S. Dist. LEXIS 64033, at *4 (N.D. Cal. July 20, 2009.
     <u>See also</u> <u>Nygren v. Hewlett-Packard Co.</u>, 2010 U.S. Dist. LEXIS 59094 (N.D. Cal.
23   May 25, 2010) (applying "good cause" standard where plaintiffs did not provide
     evidence that information at issue in motion to seal was relevant to the merits of the
24   underlying claim).  Unlike in these cases, the motion at issue here goes to the heart of
     plaintiffs' lawsuit against Los Angeles County, shedding light on crucial issues in the
25   litigation such as the number of persons who must remain inside after 10 p.m. under
     the gang injunctions curfews, whether the exhibits show that the arrests, detentions,
26   and prosecutions of these persons are typical of the class, and whether their legal
     claims share recurring factual and legal issues pertaining to the arrests, detentions,
27   and prosecutions.  In light of the close relationship between the class certification
     motion and the merits of the action, the compelling reasons standard should apply to
28   the motion and all papers filed in support of or opposition to the motion.

---

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**C.**   **The Parties Did Not And Cannot Meet Their Burden To Overcome The Public's Right Of Access To These Judicial Records.**

Where, as here, the public's constitutional rights of access apply to a court record or proceeding, the party seeking to seal documents or close proceedings must meet rigorous constitutional and common law requirements.[8] First, the party must present a compelling interest that purportedly justifies the sealing order, CBS II, 765 F.2d at 825, which the Court must be able to identify in specific, on-the-record findings. Press-Enterprise II, 478 U.S. at 13-14; Oregonian Publishing, 920 F.2d 1462, 1467 (9th Cir. 1990). Generalized findings will not suffice. Brooklier, 685 F.2d at 1168; Hagestad, 49 F.3d at 1435. Instead, the findings must be "specific enough that a reviewing court can determine whether the closure order was properly entered." Press-Enterprise I, 464 U.S. at 510. See also United States v. Antar, 38 F.3d 1348, 1363 (3d Cir. 1994) ("particularized findings of compelling interest must be placed on the record before a hearing is closed or a record is sealed").

Second, the Court must find that the party promoting secrecy has demonstrated that there is a "substantial probability" that the interest identified will be prejudiced absent closure and/or sealing. See, e.g., Press-Enterprise II, 478 U.S. at 14. Notably, even in a case where the murder defendant was facing his fourth trial, the Supreme Court held that a blanket closure order was unjustified under this standard. Richmond Newspapers, 448 U.S. at 580-581.

Third, any closure or sealing order must be narrowly tailored. In Press-Enterprise I, for example, the Supreme Court instructed that a sealing order should be limited "to information that was actually sensitive," and should restrict public access to "only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected." 464 U.S. at 512-513. Here, the entire class

---

[8] The court also must afford opponents of secrecy a reasonable opportunity to state their objections. See, e.g., United States v. Brooklier, 685 F.2d at 1167-1168.

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

certification motion was sealed, along with volume two of the appendix of exhibits in support of that motion. This is hardly the kind of "narrowly tailored" order that the Supreme Court has held the Constitution demands.

Fourth, there must be a finding that there is no less restrictive alternative to achieve the overriding interest identified, before any portion of the court proceeding or court record can be kept from the public. See, e.g., Press-Enterprise I, 464 U.S. at 513.

As set forth below, although the parties' purported basis for broad-based secrecy in this case is not easy to determine – because their stipulated protective order allowing for secrecy includes no actual supporting grounds – there is no conceivable basis upon which these strict constitutional principles can be satisfied.

### 1.     The Parties' Stipulated Protective Order Cannot Justify The Order Sealing Court Records And Judicial Proceedings.

The fact that the parties entered into a stipulated protective order early in this litigation [Docket Nos. 24, 31] does not alter the public's right of access, nor does it absolve the court of its responsibility to make the rigorous and independent constitutional and common law findings necessary before judicial records may be sealed. As the Ninth Circuit stated in San Jose Mercury News, 187 F.3d at 1102, 1103, stipulated protective orders are "subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document," and only "compelling reasons" supported by "specific factual findings" can justify sealing of judicial records submitted as a basis for adjudication.

Similarly, the Ninth Circuit held in Kamakana, 447 F.3d at 1182, that reliance on a stipulated protective order did not justify sealing judicial records. Instead, the court explained that for dispositive proceedings and the accompanying records (such as a court trial, or motion for summary judgment or motion to dismiss), the government must identify specific "compelling reasons" overriding the public's

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  presumptive right of access that the court endorses in on-the-record findings before

2  closing the proceedings or sealing the records at issue. Id. at 1179. In that case,

3  notwithstanding government objections, the Ninth Circuit ordered the release of

4  documents that shed light on allegations of police corruption. 447 F.3d at 1184. The

5  Ninth Circuit warned of "the hazard of stipulated protective orders," such as the one

6  entered into here, because they "contain provisions that purport to put the entire

7  litigation under lock and key" without the document-by-document analysis that is

8  necessary under the prevailing case law. Id. at 1183. The court reiterated that

9  "[s]imply invoking a blanket claim, such as privacy or law enforcement [or safety or

10  security], will not, without more, suffice to exempt a document from the public's

11  right of access." Id. See also Rushford v. The New Yorker Magazine, 846 F.2d 249,

12  252 (4th Cir. 1988); Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir.

13  2004) (parties cannot overcome public's right of access to court records by

14  stipulating to dismiss case); Citizens F.N.B., Princeton v. Cincinnati Ins., 178 F.3d

15  943, 944 (7th Cir. 1999) (rejecting stipulated protective order because "[t]he parties

16  to a lawsuit are not the only people who have a legitimate interest in the record

17  compiled in a legal proceeding"); see also H.B. Fuller Co. v. Doe, 151 Cal. App. 4th

18  879, 891-892, 60 Cal. Rptr. 3d 501 (2007) (unsealing records that had been sealed

19  pursuant to stipulated protective order); In re Providian Credit Card Cases, 96 Cal.

20  App. 4th 292, 309-310, 116 Cal. Rptr. 2d 833 (2002) (same); Shingara v. Skiles, 420

21  F.3d 301, 308 (3d Cir. 2005) (vacating blanket protective order encompassing all

22  discovery particularly where case involved public officials and "issues important to

23  the public").

24       Here, too, the stipulated protective order is a device that the parties may use to

25  attempt to protect documents disclosed in discovery – if they can meet the "good

26  cause" requirements of Rule 26(c), although they cannot (Section 4, infra). But it has

27  no effect on the parties' submission of evidence and arguments to the court in the

28  context of a dispositive motion. Thus, the Court should reject the existence of a

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

stipulated protective order as a basis for justifying the expansive sealing order the Court entered here.

### 2. No Compelling Justification Exists For The Broad-Based Secrecy In This Case.

As the Ninth Circuit emphasized in <u>Oregonian Publishing</u>, "the party seeking access is entitled to a presumption of entitlement to disclosure. <u>It is the burden on the party seeking closure … to present facts supporting closure and to demonstrate that available alternatives will not protect his rights</u>." 920 F.2d at 1466-1467 (emphasis added). This is an onerous standard; any sealing order must be based on "evidentiary support," <u>id.</u> at 1467, not on "hypothesis or conjecture." <u>Hagestad</u>, 49 F.3d at 1434.

Here, the parties entered into a stipulated protective order without attempting to justify their blanket secrecy in discovery. The parties are now adjudicating the class certification issues and filing briefing and supporting records with the Court, but neither party has made the particularized showing necessary to justify the sealing of these judicial records. The stipulated protective order states that the parties are stipulating to secrecy to protective documents of a "sensitive" nature and privacy interests. Protective Order ¶ 1 (Docket No. 31). In turn, the sealing application states that the class certification motion and exhibits are being filed under seal because of the Protective Order. <u>See</u> Docket No. 43. These conclusory statements force The Times – and everyone else who might be interested in this litigation – to speculate about the privacy and safety claims that the parties have offered as reasons for denying the public's right of access.[9] Neither of these supposed interests supports the blanket sealing of the motion for class certification and many of the exhibits.

---

[9] Despite multiple attempts to confer with Defendants regarding their opposition to The Times' Motion to Unseal, Defendants provided no reasons justifying keeping secret many of the exhibits and the motion for class certification and the thousands of pages of discovery materials apparently exchanged in discovery. Glasser Decl. ¶¶ 3-6. The Times provided Defendants' counsel with citations to <u>Kamakana</u>, <u>San Jose Mercury News</u>, and <u>Joint Equity Committee of</u>

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### a.   Privacy Interests Of Officers Do Not Overcome The Public's Presumptive Right of Access To These Records Concerning The Gang Injunctions.

Federal courts been skeptical of privacy claims made by defendant police officers and law enforcement agencies concerning their official conduct.  As the court explained in <u>Ramirez v. County of Los Angeles</u>,

> Most information requested by civil rights plaintiffs in these lawsuits deals with professional personnel records, such as prior involvement in disciplinary proceedings or citizen complaints filed against the officers.  The privacy interest in this kind of professional record is not substantial, because it is not the kind of 'highly personal' information warranting constitutional safeguard.  <u>The privacy interest in nondisclosure of professional records should be especially limited in view of the role played by the police officer as a public servant who must be accountable to public review.</u>  Some requests might touch on intuitively more private domains, such as an officer's psychiatric history, but <u>even disclosures having 'some effect on individual liberty or privacy' because of their personal nature are permissible when disclosure serves important public concerns.</u>

231 F.R.D. at 411 (citations omitted) (emphasis added) (quoting <u>King v. Conde</u>, 121 F.R.D. 180, 191 (E.D.N.Y. 1988)).  <u>See also</u> <u>New York Times Co. v. Superior Court</u>, 52 Cal. App. 4th 97, 104-105, 60 Cal. Rptr. 2d 410 (1997) ("the labels of 'personnel records' and 'internal investigation' are captivatingly expansive and present an elasticity menacing to the principle of public scrutiny of government"); <u>Wiggins v. Burge</u>, 173 F.R.D. 226, 230 (N.D. Ill. 1997) ("[t]he defendants have not shown that

Investors of Real Estate Partners, Inc. during these calls and in correspondence, but as of the date of filing, Defendants have not provided any case law supporting the broad-based withholding of all these records. <u>Id.</u>, Ex. A.

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the privacy interest of the police officers, the alleged chilling effect to internal investigations and the possibility of false allegations outweigh the significant public interest in the disclosure of these documents.  The public has a right to know whether allegations of police torture are appropriately investigated and resolved by the City of Chicago").

Balanced against the officers' <u>de minimis</u> privacy interest is the profound public interest in access to the briefing and records regarding the 21 gang injunctions being enforced unconstitutionally against hundreds of Los Angeles residents, according to the Complaint (¶¶ 32, 36).  Courts have recognized that "[t]he public has a strong interest in assessing the truthfulness of allegations of official misconduct [by law enforcement personnel], and whether the agencies responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely."  <u>Welsh v. City & County of San Francisco</u>, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995).  <u>See also</u> <u>Doe v. Marsalis</u>, 202 F.R.D. 233, 238 (N.D. Ill. 2001) (same); <u>Wiggins</u>, 173 F.R.D. at 229 (same).  These holdings reflect law enforcement officers' unique role in our society.  "It is indisputable that law enforcement is a primary function of local government and that the public has a ... great[] interest in the qualifications and conduct of law enforcement officers, even at, and perhaps especially at, an 'on the street' level[.]"  <u>Gomes v. Fried</u>, 136 Cal. App. 3d 924, 933, 186 Cal. Rptr. 605 (1982).[10]

Because accountability is critical, courts should exercise great caution before withholding from public view information about alleged misconduct by the police

---

[10] The Federalist Papers recognized that publicity regarding initial detentions guards against "dangerous" or "arbitrary" governmental actions.  Federalist No. 84 (Hamilton), at 577 (J. Cooke ed. 1961).  As one court explained, disclosing arrestees' identities and basic information about arrests "protect[s] individuals from police abuse."  <u>Caldarola v. County of Westchester</u>, 343 F.3d 570, 576 n.3 (2d Cir. 2003).  Similarly, the Supreme Court made clear in <u>Richmond Newspapers</u>, 448 U.S. at 569, that the First Amendment protects the public's right to attend criminal trials in part because such access fosters "the proper functioning" of such proceedings.  (Plurality opinion.)

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

department and its officers.  See, e.g., King, 121 F.R.D. at 190; Doe, 202 F.R.D. at 238.  Although "[p]eople in an open society do not demand infallibility from their institutions, [] it is difficult for them to accept what they are prohibited from observing."  Richmond Newspapers, 448 U.S. at 572.  These policies weigh heavily in favor of openness here, where the sealed motion for class certification and supporting evidence – including Los Angeles police department records – are likely to shed light on a number of key issues in this litigation, including (1) the number of people subject to the injunctions and arrested under the injunctions, (2) whether the City of Los Angeles enforced the injunctions preventing people from leaving their homes between 10 p.m. and 6 a.m. despite claims that these curfew provisions are unconstitutional, and (3) whether the City of Los Angeles served and enforced the gang injunctions erroneously on individuals who should not have been subject to the restrictions.

### b. Speculative Safety Claims Cannot Overcome The Public's Presumptive Right of Access To These Records.

To the extent that the parties attempt to justify the blanket sealing order with generalized concerns about safety or security, this Court should flatly reject those unsubstantiated concerns.  Numerous courts have found similar concerns to be inadequate to overcome the public's and press' right of access.  For example, in California First Amendment Coalition v. Woodford, 299 F.3d 868, 880 (9th Cir. 2002), the Ninth Circuit rejected a claim by California state prison officials that allowing public access to lethal injection executions would jeopardize the safety of its staff.  The Ninth Circuit stated that because prison officials "had presented no evidence" that staff actually faced threats to their safety from performing the lethal injection executions, the prison officials could not overcome the public's right of access.  Id.  It also affirmed the district court's finding that the prison officials' claims about safety were pretext – the real motivation was concern that aspects of the

18

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

"lethal injection execution would be perceived as brutal by the public." Id. The officials' opposition to access "thus was, to that extent, prompted by considerations other than legitimate concerns for prison personnel safety." Id.; see also Kamakana, 447 F.3d at 1182 (claim that production of documents would "endanger informants' lives" were "conclusory offerings" that "do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents").

Similarly, in evaluating whether a purported safety threat to jurors justified empanelling an anonymous jury, the Second Circuit noted that "[t]he invocation of the words 'organized crime,' 'mob,' or 'Mafia,' unless there is something more, does not warrant an anonymous jury." United States v. Vario, 943 F.2d 236, 241 (2d Cir. 1991). And in Romero v. Drummond Co., 480 F.3d 1234, 1247-1248 (11th Cir. 2007), the Eleventh Circuit held that the potential "firestorm" of accusations related to international labor dispute involving murder of union organizers was not sufficient to overcome the common law right of access to a declaration provided outside of the discovery context but in reliance on a protective order.

Given these principles and the strong presumption of openness that attaches to briefing and records filed with the Court, the parties must present actual evidence justifying the sealing of the motion for class certification and the exhibits that were filed under seal. Generalized assertions of safety or security concerns do not suffice.

### 3.   Even If Some Minimal Sealing Is Justified, The Blanket Sealing Of All Papers Related To Class Certification Is Not.

Even if a compelling justification existed for sealing some specific item of evidence or piece of information, the blanket sealing of the entire motion for class certification pursuant to the stipulated protective order – including routine legal argument – cannot conceivably be said to be "narrowly tailored." In United States v. Kaczynski, 154 F.3d 930, 932 (9th Cir. 1998), the Ninth Circuit rejected the type of blanket sealing that was allowed here. Instead, it redacted small portions of a psychiatric report about the Unabomber to protect the privacy of third parties, but

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  granted the public access to the "vast bulk" of the report. If necessary, the Court
2  should do the same here. Because the parties have not met their burden under the
3  First Amendment or the common law to justify these blanket orders, they should be
4  vacated. If any closure or sealing is allowed, The Court should permit only the bare
5  minimum that is necessary to protect any "compelling" interests found by the Court.

6  ### 4. THE PARTIES' BLANKET PROTECTIVE ORDER VIOLATES
7  ### THE RULE 26(C) "GOOD CAUSE" REQUIREMENT.

8      Federal Rule of Civil Procedure 26(c) creates a right of public access to
9  unfiled discovery materials. See San Jose Mercury News v. United States District
10  Court, 187 F.3d 1096, 1103 (9th Cir. 1999). The Ninth Circuit has recognized that
11  "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a
12  court order to the contrary, presumptively public." Id.; see also In re Agent Orange
13  Prod. Liab. Litig., 821 F.2d 139, 145-46 (2d Cir. 1987) (same). As another court
14  explained, "pretrial discovery must take place in the public unless compelling
15  reasons exist for denying the public access to the proceeding." Wiggins, 173 F.R.D.
16  at 228.

17      Because Rule 26 creates a "strong presumption in favor of access," "blanket
18  orders are inherently subject to challenge[.]" San Jose Mercury News, 187 F.3d at
19  1102-03; see also Proctor & Gamble Co. v. Bankers Trust Co., 78 F.3d 219, 227 (6th
20  Cir. 1996) (protective order that "allows the parties to control public access to court
21  papers" violates Rule 26(c)); In re Coordinated Pretrial Proceedings in Petroleum
22  Prod. Antitrust Litig., 101 F.R.D. 34, 44 (C.D. Cal. 1984) ("Petroleum Products")
23  (same). "[A]ccess is particularly appropriate when the subject matter of the litigation
24  is of especial public interest." Agent Orange, 821 F.2d at 146; see also Petroleum
25  Products, 101 F.R.D. at 38. "Police misconduct certainly meets this standard." Doe,
26  202 F.R.D. at 239.

27      Under Rule 26(c), the party advocating secrecy bears the burden of proving
28  that good cause exists for a protective order. See, e.g., Agent Orange, 821 F.2d at

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

145; <u>United States v. Bagley</u>, 204 F.R.D. 170, 175 (C.D. Cal. 2001). "Any other conclusion would negate the good cause requirement of Rule 26(c)." <u>Agent Orange</u>, 821 F.2d at 146. In meeting this "good cause" burden for discovery materials not filed as part of dispositive motions, the Ninth Circuit has counseled that the proponent of secrecy must show "specific prejudice or harm"; "tepid and general justifications offered for sealing the documents" are inadequate. <u>Kamakana</u>, 447 F.3d at 1186-1187 (affirming district court that "took seriously the presumption of public access" and unsealed most discovery records except for medical records that pertained to claims about police misconduct in Hawaii). <u>See also</u> <u>Welsh</u>, 887 F. Supp. at 1297; <u>San Jose Mercury News</u>, 187 F.3d at 1103 (good cause requires a "particularized showing"); <u>Petroleum Products</u>, 101 F.R.D. at 40 n.7 (proponent of secrecy must show disclosure will cause "clearly defined, specific and serious injury").[11]

Here, the parties have not satisfied the requirements of Rule 26(c) with their blanket protective order. The parties have not shown "specific prejudice or harm" justifying the sealing of all discovery records related to the service of the gang injunctions and arrests pursuant to the gang injunctions, which is the heart of the lawsuit. <u>Kamakana</u>, 447 F.3d at 1186-1187. The "tepid and general justifications" offered for the sealing of these records – asserting that the documents contain "sensitive" information and invoking "privacy" (Protective Order ¶ 1) – do not satisfy the parties' burden for keeping these records from the public. <u>See id.</u> The Court also must consider the strong public interest in access to these records, which illuminate the numbers of Los Angeles residents subject to the gang injunctions and

---

[11] To the extent that civil discovery materials are later filed with the Court as part of dispositive proceedings, the "good cause" standard gives way to the "compelling reasons" standard. <u>See</u> <u>Foltz</u>, 331 F.3d at 1138. As explained in Section 3.B, <u>supra</u>, the "compelling reasons" standard applies to the motion for class certification and supporting exhibits (as well as the opposing briefing and opposing exhibits that the City Defendants will file opposing the motion).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  the nature of the arrests that Los Angeles police have made pursuant to the
2  injunctions. Because the parties have not demonstrated good cause, the Court should
3  vacate the protective order and provide maximum public access to the discovery
4  material in this case.

### 5.  CONCLUSION

6  As one court has recognized, "[t]he presumption of access exists because the
7  citizens are entitled to observe, monitor, understand and critique their courts …
8  because what transpires within our courtrooms belongs to our citizens in a
9  fundamental way. This is why we require not just a showing of some possible reason
10 to justify closure of the court to the public, but a showing of a compelling one."
11 Safeway, 355 F. Supp. 2d at 1125 (emphasis in original). This rule applies "even in
12 the most mundane of cases that excite no media interest," id., and with added force in
13 the present case, where Los Angeles residents allege that the City of Los Angeles
14 deprived them of their constitutional rights by enforcing injunctions that placed them
15 under house arrest from the hours of 10 p.m. to 6 a.m., even when it was clear that
16 they did not even fit within the scope of the injunctions.

17 Because no specific justification, much less a compelling one, has been or
18 could be offered to justify the sealing of the entire motion for class certification and
19 all of the papers filed in support of or opposition to that motion, The Times
20 respectfully requests that the Court grant this Motion and promptly unseal all of these
21 judicial records. The Times also respectfully requests that the Court modify the
22 protective order to ensure that documents and proceedings are only closed to the
23 public if the City Defendants can establish "compelling reasons" for closure, as
24 required by the First Amendment and the common law. Finally, The Times also
25 requests that the protective order be modified to ensure that materials produced in
26 discovery and/or filed with the Court in connection with non-dispositive motions are
27 ///
28 ///

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1 only sealed if the party seeking the sealing order establishes the "good cause"

2 required by Rule 26(c).

3 DATED: July 6, 2012

DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER
ROCHELLE L. WILCOX
JEFF GLASSER

LOS ANGELES TIMES COMMUNICATIONS LLC
KARLENE GOLLER

By: *Jeff Glasser* /DL

Jeff Glasser
Attorneys for Non-Party Press
Organization LOS ANGELES TIMES
COMMUNICATIONS LLC

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## PROOF OF SERVICE BY ELECTRONIC MAIL & U.S. MAIL

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Davis Wright Tremaine LLP, Suite 2400, 865 South Figueroa Street, Los Angeles, California 90017-2566.

On July 6, 2012, I served the foregoing document(s) described as:

**NON-PARTY PRESS ORGANIZATION LOS ANGELES TIMES COMMUNICATIONS LLC'S NOTICE OF MOTION AND MOTION TO INTERVENE AND FOR AN ORDER (1) UNSEALING COURT RECORDS AND (2) MODIFYING STIPULATED PROTECTIVE ORDER; MEMORANDUM OF POINTS AND AUTHORITIES** by forwarding a **true copy** of said document(s) for each addressee named below, to their respective electronic mail addresses, as well as, by placing a **true copy** of said document(s) enclosed in a sealed envelope(s) for each addressee named below served shown on the envelope as follows:

Cory Brente
Assistant City Attorney
200 North Main Street, 6th Floor
City Hall East
Los Angeles, California 90012-4119
Email: cory.brente@lacity.org

Olu K. Orange
Orange Law Offices
3435 Wilshire Boulevard, Suite 2900
Los Angeles, California 90010
Email: oluorange@att.net

I placed such envelope(s) with postage thereon fully prepaid for deposit in the United States Mail in accordance with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service.  I am familiar with the office practice of Davis Wright Tremaine LLP, for collecting and processing correspondence for mailing with the United States Postal Service, which practice is that when correspondence is deposited with the Davis Wright Tremaine LLP, personnel responsible for delivering correspondence to the United States Postal Service, such correspondence is delivered to the United States Postal Service that same day in the ordinary course of business.

Executed on July 6, 2012, Los Angeles, California.as follows:

State   I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

x   Federal   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

LISA HERNANDEZ
Print Name

Signature

MOTION TO INTERVENE AND UNSEAL COURT RECORDS
DWT 19194961v10 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899