Olu K. Orange, Esq. [S.B. #213653]
ORANGE LAW OFFICES
3435 Wilshire Blvd., Suite 2900
Los Angeles, California 90010
Telephone:  (213) 736-9900
Facsimile:  (213) 417-8800
Email:  oluorange@att.net

Dan Stormer, Esq. [S.B. #101967]
Anne Richardson, Esq. [S.B. #151541]
Cindy Pánuco, Esq. [S.B. #266921]
HADSELL, STORMER
     RICHARDSON & RENICK, LLP
128 North Fair Oaks Avenue
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Facsimile: (626) 577-7079
Email: dstormer@hadsellstormer.com
          arichardson@hadsellstormer.com
          cpanuco@hadsellstormer.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTIAN RODRIGUEZ, ALBERTO CAZAREZ, individually and as class representatives<br><br>*Plaintiffs,*<br>vs.<br><br>CITY OF LOS ANGELES, CARMEN TRUTANICH, CHARLES BECK, ALLAN NADIR, ANGEL GOMEZ AND DOES 1 THROUGH 10.<br><br>*Defendants.* | Case No.:  CV11-01135 DMG (JEMx)<br><br>[Assigned to the Honorable Dolly M. Gee – Courtroom 7]<br><br>**PLAINTIFFS' EX PARTE APPLICATION TO CONTINUE DISCOVERY, MOTION, AND PRETRIAL AND TRIAL DATES IN LIGHT OF THE PENDING STATUS OF THE COURT'S RULING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>*[[Proposed] Order Filed Concurrently Herewith]* |

1

PLTFS' EX PARTE APP TO CONT. DISCOVERY, MTN & PRETRIAL & TRIAL DATES IN LIGHT OF THE PENDING
STATUS OF THE COURT'S RULING ON PLTFS' MTN FOR CLASS CERT

# EX PARTE APPLICATION

Plaintiffs Christian Rodriguez and Alberto Cazarez ("Plaintiffs") hereby apply <u>ex parte</u> for an Order continuing the deadlines for final discovery, motion practice, pretrial dates, the pretrial conference and January trial date, for two months, or in the alternative, two months from the date of the issuance of the ruling on class certification; or such other date as the Court may deem appropriate.

Plaintiffs' counsel notified defendants of their intention to seek this relief on August 17, 2012, at approximately 11:30 via email.  At approximately 2:30 p.m., counsel for defendants informed plaintiffs that it would oppose this request.

Good cause for this Application exists, in that the ruling on plaintiffs' motion for class certification is still pending, and that since the original dates for final discovery and trial were set, the date for filing the motion for class certification was pushed forward twice, at defendants' request, as more fully described in the following Memorandum in Support of the Application.  This is the first Ex Parte Application that plaintiffs have filed in this case.

DATED: August 20, 2012             Respectfully submitted,

                                   ORANGE LAW OFFICES

                                   HADSELL STORMER
                                      RICHARDSON & RENICK, LLP

                                   By  /s/ - Anne Richardson
                                       Anne Richardson, Esq.
                                   Attorneys for Plaintiffs

2

PLTFS' EX PARTE APP TO CONT. DISCOVERY, MTN & PRETRIAL & TRIAL DATES IN LIGHT OF THE PENDING STATUS OF THE COURT'S RULING ON PLTFS' MTN FOR CLASS CERT

# MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION

## I.

## INTRODUCTION

Plaintiffs Christian Rodriguez and Alberto Cazarez ("Plaintiffs") hereby apply ex parte for an Order continuing the deadlines for final discovery, motion practice, pretrial dates, the pretrial conference and January trial date, for two months, or in the alternative, two months from the date of the issuance of the ruling on class certification; or such other date the Court may deem appropriate. This request is made in light of the fact that the ruling on plaintiffs' motion for class certification is still pending, and that since the original dates for final discovery and trial were set, the date for filing the motion for class certification was pushed forward twice, at defendants' request.

Notwithstanding the plaintiffs' prior willingness to accommodate Defendants' City of Los Angeles ("City") Carmen Trutanich, Charles Beck, Allan Nadir, and Angel Gomez, (collectively "Defendants") requests for more time to produce precertification discovery documents necessary for plaintiffs to bring their motion for class certification, on two separate occasions, the City[1] has indicated that it will oppose plaintiffs' request.

## II.

## STATEMENT OF FACTS

The complaint in this case was filed on February 7, 2011. Pursuant to the parties' stipulation, on June 30, 2011 the Court ordered the parties to complete

---

[1] Counsel for the City and Defendants are Rena Shahandeh and Bruce Monroe. Their contact information as required by Local Civil Rule 7-19 is as follows: Los Angeles City Attorneys' Office 200 N. Main Street, 6th Floor, City Hall East Los Angeles, CA 90012-4119; Tel: (213) 878-7047; Fax: (213) 978-8787; rena.shahandeh@lacity.org; bruce.monroe@lacity.org.

3

PLTFS' EX PARTE APP TO CONT. DISCOVERY, MTN & PRETRIAL & TRIAL DATES IN LIGHT OF THE PENDING STATUS OF THE COURT'S RULING ON PLTFS' MTN FOR CLASS CERT

precertification discovery by December 9, 2011 and file the motion for class certification by January 13, 2012. Dkt. #16. Thereafter, on August 22, 2011, the Court held a Scheduling Conference, and set the following additional pertinent dates:

    Class certification motion filing cut-off: January 13, 2012

    Early Mediation Cut-off: April 30, 2012

    Nonexpert Discovery cut-off: September 11, 2012

    Motion cut-off (filing deadline): September 18, 2012

    Settlement Conference Completion Date: November 20, 2012

    Final Pretrial Conference: December 18, 2012

    Trial: January 15, 2013.

Dkt. #22.

The parties immediately embarked on precertification discovery regarding the scope of the class, and plaintiffs filed a motion to compel. The parties ultimately reached agreement as to all issues but one, and the Magistrate indicated that he would require the City to either provide the database and allow plaintiffs to extract the arrest records, or require the City to produce the records. The City thereupon requested additional time to produce the documents to plaintiffs. On December 8, 2011, the parties <u>stipulated</u> to continue the precertification discovery deadline as well as the class certification motion filing cut-off date for 45 days.

The Court signed an order approving that the dates for the precertification discovery and class certification motion cut off were continued 45 days, to January 23, 2012 and February 27, 2012, respectively. Dkt. #35.

When late January rolled around, the City again requested a continuance. This time, the City requested an additional 30 days continuance to produce the documents. Once again, the plaintiffs stipulated. On January 24, 2012, the Court signed an order continuing the precertification discovery to February 27, 2012, and the motion cut off

4

PLTFS' EX PARTE APP TO CONT. DISCOVERY, MTN & PRETRIAL & TRIAL DATES IN LIGHT OF THE PENDING STATUS OF THE COURT'S RULING ON PLTFS' MTN FOR CLASS CERT

1  date to March 30, 2012.  Dkt. #38.

2       Plaintiffs thereupon filed their Motion for Class Certification timely on March
3  30, 2012.  The initial hearing date was continued from May 4, 2012 to June 1, 2012
4  on the Court's own motion.

5       Since June 1, 2012, the motion has been pending.  The parties still do not
6  know whether certification will be granted at all, or whether it will be granted as to
7  one subclass but not as to the other.  Uncertainty over the scope of the case obviously
8  makes it difficult for the parties to make efficient and economically sound decisions
9  enabling them to complete discovery, prepare dispositive motions, engage in
10  meaningful settlement discussions, and prepare for trial.

11       Since the filing of the motion for class certification, as a practical matter, the
12  case has stood at a standstill, other than the motion for preliminary injunction that
13  plaintiffs filed in early August, and the motion for public access filed by the LA
14  Times in July.  Neither plaintiffs nor defendants have engaged in any discovery other
15  than a flurry of document requests, interrogatories, RFAs and deposition notices that
16  were served by both sides in mid-August.  However, without yet knowing whether a
17  class will be certified, or the scope of any such class, the current discovery cut-off
18  remains September 11, 2012 and the trial remains January 13, 2013.

## III.

## ARGUMENT

By this motion, plaintiffs seek the minimum amount of time possible to continue the discovery cut-off, motion cut-off, pretrial dates and trial date.  Assuming the ruling on class certification is issued soon, plaintiffs contemplate that 2 months should be sufficient.  Notwithstanding the fact that the plaintiffs were willing – on two separate occasions – to provide the city with additional time to produce documents on which plaintiffs would rely in bringing their motion for class

5

PLTFS' EX PARTE APP TO CONT. DISCOVERY, MTN & PRETRIAL & TRIAL DATES IN LIGHT OF THE PENDING STATUS OF THE COURT'S RULING ON PLTFS' MTN FOR CLASS CERT

1  certification, thus delaying the date for filing the class certification motion,
2  defendants are unwilling to reciprocate and agree to an extension of the remaining
3  deadlines.
4      Even a cursory view of the deadlines and status of this case clearly shows that
5  a continuance is reasonable.  It has not made economic or strategic sense for the
6  parties to engage in full-on liability discovery until the Court had issued its ruling on
7  class certification.  If for example, the Court were to deny class certification,
8  plaintiffs' discovery plan would be very short, since only the named plaintiffs would
9  be parties.  If the Court were to grant certification as to one subclass but not the
10 other, the discovery plan would also be more limited.
11     Similarly, plaintiffs intend to bring an affirmative motion for summary
12 judgment since the facts are largely undisputed and the issues can be dealt with on
13 the papers.  However, it is hard and inefficient to draft a motion for summary
14 judgment without knowing what claims remain in the case on a class-wide basis.
15     Finally, it is hard if not impossible to have settlement discussions or to begin
16 to prepare for trial without having had class certification resolved.  Indeed, arguably
17 the parties will need a continuance of more like 90 days from the date the court
18 issues its ruling on class certification.  However, plaintiffs are seeking the shortest
19 possible continuance.
20 ///
21 ///
22 ///

6

PLTFS' EX PARTE APP TO CONT. DISCOVERY, MTN & PRETRIAL & TRIAL DATES IN LIGHT OF THE PENDING STATUS OF THE COURT'S RULING ON PLTFS' MTN FOR CLASS CERT

# IV.
# CONCLUSION

For all these reasons, plaintiffs seek a modest continuance of two months for the discovery cut-off, motion cut-off, settlement conference date, pretrial dates, and trial date. In the alternative, plaintiffs request two months from the date of the ruling on the motion for class certification, or such other date as this Court deems appropriate.

DATED: August 20, 2012          Respectfully submitted,

                                ORANGE LAW OFFICES

                                HADSELL STORMER
                                   RICHARDSON & RENICK, LLP

                                By  /s/ - Anne Richardson
                                   Anne Richardson, Esq.
                                Attorneys for Plaintiffs

7

PLTFS' EX PARTE APP TO CONT. DISCOVERY, MTN & PRETRIAL & TRIAL DATES IN LIGHT OF THE PENDING STATUS OF THE COURT'S RULING ON PLTFS' MTN FOR CLASS CERT