DAVIS WRIGHT TREMAINE LLP
KELLI L. SAGER (State Bar No. 120162)
  kellisager@dwt.com
ROCHELLE L. WILCOX (State Bar No. 197790)
  rochellewilcox@dwt.com
JEFF GLASSER (State Bar No. 252596)
  jeffglasser@dwt.com
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800 / Fax: (213) 633-6899

LOS ANGELES TIMES
COMMUNICATIONS LLC
KARLENE GOLLER (State Bar No. 147065)
202 West First Street
Los Angeles, California  90012
Telephone: (213) 237-3760 / Fax: (213) 237-3810

Attorneys for Intervenor
LOS ANGELES TIMES COMMUNICATIONS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ, ALBERTO CAZAREZ, individually and as class representatives<br><br>                              Plaintiff,<br><br>        vs.<br><br>CITY OF LOS ANGELES, CARMEN TRUTANICH, CHARLES BECK, ALLAN NADIR, ANGEL GOMEZ AND DOES 1 THROUGH 10,<br><br>                              Defendant. | Case No. **CV11-01135 DMG (JEMx)**<br><br>**INTERVENOR LOS ANGELES TIMES COMMUNICATIONS LLC'S NOTICE OF MOTION AND MOTION FOR AN ORDER MODIFYING STIPULATED PROTECTIVE ORDERS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:    February 12, 2013<br>Time:               10:00 a.m.<br>Courtroom:        C<br><br>[[Proposed] Order Lodged Concurrently] |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 12, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom C of this Court, located at 312 N. Spring Street, 8th Floor, Los Angeles, California 90012, Intervenor Los Angeles Times Communications LLC ("The Times") will and hereby does move this Court for an order modifying the two stipulated blanket Protective Orders entered in this matter (Docket Nos. 25, 31), which the City of Los Angeles (the "City") has used to justify the sealing of more than eleven thousand pages of records relating to the City's injunctions and arrest records related to those injunctions.

The parties' Stipulated Protective Orders should be modified because Defendants City of Los Angeles, Carmen Trutanich, Charles Beck, Allan Nadir, and Angel Gomez (the "City Defendants") have failed to meet their burden of showing specific prejudice or harm under Federal Rule of Civil Procedure 26(c), and there is substantial public interest in the City of Los Angeles' conduct in serving gang injunctions and arresting individuals pursuant to the injunctions.  The Plaintiffs have contended the gang injunctions are unconstitutional, and have filed a multi-million dollar lawsuit asserting their claims.  After the filing of this lawsuit, the City has withdrawn the challenged provisions of the injunctions at issue in the lawsuit.  See Docket Nos. 77, 79.  The public is entitled to scrutinize the City's conduct in enforcing gang injunctions that included what it now admits are unconstitutional provisions.

The Motion is based on the accompanying Memorandum of Points and Authorities; on all pleadings, records, and files in this case; on all matters of which judicial notice may be taken; and on such argument as may be presented at any hearing on this Motion.  The Times is informed that Plaintiffs will not oppose The

///

///

///

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Times' Motion to Modify the Protective Orders and the City Defendants oppose the Motion.  See Joint Status Report (Docket No. 72).

DATED: December 21, 2012              DAVIS WRIGHT TREMAINE LLP
                                       KELLI L. SAGER
                                       ROCHELLE L. WILCOX
                                       JEFF GLASSER


                                       LOS ANGELES TIMES COMMUNICATIONS LLC
                                       KARLENE GOLLER


                                       By:/s/ Jeff Glasser
                                                    Jeff Glasser
                                          Attorneys for Intervenor LOS ANGELES
                                          TIMES COMMUNICATIONS LLC

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# I.   SUMMARY OF ARGUMENT

On July 6, 2012, Intervenor Los Angeles Times Communications LLC ("The Times") filed a Motion to Intervene and for an Order (1) Unsealing Court Records and (2) Modifying the Stipulated Protective Orders entered by the parties.  Docket No. 62.  On August 7, 2012, Judge Gee issued an order allowing The Times to intervene and ordering the unsealing of Plaintiffs' Memorandum of Points and Authorities in support of their Motion for Class Certification.  Docket Nos. 69-70.  Judge Gee further stated that the exhibits submitted in support of that brief should not be sealed in their entirety, and ordered the parties to meet and confer to attempt to resolve the scope of any redactions.  Finally, Judge Gee ordered the parties to meet and confer regarding the question of whether the Stipulated Protective Orders in this matter should be modified,[1] without prejudice to The Times renewing its Motion if the parties were unable to reach agreement.

Although the parties met and conferred, the City Defendants have refused to agree to any revisions to the Protective Orders, maintaining that the thousands and thousands of pages of records exchanged in discovery should remain sealed.  Docket No. 72.  Consequently, pursuant to Judge Gee's instructions, The Times is renewing its Motion to Modify the Protective Orders.

As The Times previously has explained (see The Times' Motion, Reply, Joint Status Report – Docket Nos. 62, 66, 72), the parties' Stipulated Protective Orders should be modified to ensure that none of the documents exchanged by the parties in discovery are withheld from the public unless the proponents of secrecy – the City

---

[1] The Court has entered two Protective Orders:  (1) the Protective Order entered on November 21, 2011, which governs "records of service of injunctions, including attachments and addenda thereto" which Defendants claimed "might contain information of a privileged, confidential, private or sensitive nature" (Docket No. 25 at 1); and (2) the Protective Order entered on December 6, 2011, which governs "crime and arrest reports concerning individuals other than the plaintiffs, including attachments and addenda thereto," which Defendants claimed also "might contain information of a privileged, confidential, private or sensitive nature" (Docket No. 31 at 1).

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Defendants – can establish <u>with particularity</u> that there is "good cause" under Federal Rule of Civil Procedure 26(c) for treating <u>each particular document</u> as confidential. The City Defendants have failed to meet this high burden.

Indeed, to the contrary, the balance of interests strongly favors modifying the Stipulated Protective Orders.  Substantial public interests support the public release of the gang injunction service and arrest records in this case, which provide important information about the City's enforcement of a gang injunction that is alleged to be unconstitutional.  The public's interest is only magnified by the City Defendants' recent withdrawal of all the challenged provisions of the gang injunctions at issue in this lawsuit.  <u>See</u> Docket Nos. 77, 79.

In contrast to this weighty public interest, the City Defendants offered only a vague privacy claim, a laundry list of claimed privileges – without any explanation of the grounds for invoking those privileges – and speculative claims about chilling citizen candor and police ability to investigate crimes that are unsupported by admissible evidence.  <u>See</u> Docket Nos. 64, 72.  In the meet and confer ordered by Judge Gee, the City Defendants asserted that <u>the individuals arrested or served</u> with a gang injunction have a privacy interest in that fact.  But this claim has no merit.  The United States Supreme Court decided long ago that citizens have no privacy interest in the fact that they have been accused of a crime, even if they are innocent.[2]  <u>Paul v. Davis</u>, 424 U.S. 693 (1976).  Because the City Defendants cannot meet their weighty burden under Rule 26(c) to maintain the confidentiality of these records, the Stipulated Protective Orders should be modified, and all of the records released.

---

[2] Moreover, Plaintiffs are not opposing the public release of these documents. Docket Nos. 65, 72.

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## II.  THE CITY DEFENDANTS HAVE NOT ESTABLISHED GOOD CAUSE TO PERMIT BLANKET SEALING OF THE GANG INJUNCTION SERVICE AND ARREST RECORDS PRODUCED IN DISCOVERY.

### A.  The Rule 26(c) Good Cause Requirement Applies Here.

Federal Rule of Civil Procedure 26(c) creates a right of public access to discovery materials exchanged between the parties.  See San Jose Mercury News v. United States District Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  As the Ninth Circuit has recognized, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."  Id. (emphasis added).[3]

As the Ninth Circuit stated in a case decided after the 2000 amendments to the Rules of Civil Procedure, "[g]enerally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary."  Phillips v. General Motors Corp., 307 F.3d 1206, 1209 (2002) (citing San Jose Mercury News, Inc., 187 F.3d at 1103).  The Ninth Circuit cited this rule as recently as January of this year, stating that "the default rule concerning discovery … is that 'the fruits of pre-trial discovery are, in the absence of a court order to the contrary, presumptively public.'"  Yonemoto v. Dep't of Veteran Affairs, 2012 U.S. App. LEXIS 1108, at *19-*20 (9th Cir. January 18, 2012) (citing Phillips, 307 F.3d at 1210).  See also Hollis v. Sloan, 2012 U.S. Dist. LEXIS 28023, at *2-*3 (E.D. Cal. March 2, 2012) (the "right to commence an action, in the public forum of a court, carries with it the necessity and responsibility of disclosing information that one may prefer to keep

---

[3] The City Defendants have relied on Seventh Circuit and Second Circuit cases involving unfiled discovery materials to support their assertion that the Rule 26(c) good cause requirement was superseded in 2000.  Docket No. 64 (Opp. at 3).  But the Ninth Circuit has not adopted the reasoning of these cases or the standards utilized in them; it and the district courts in this Circuit continue to follow the rule set forth in San Jose Mercury News, 187 F.3d at 1103.

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

confidential"; court recognized that pre-trial discovery exchanged between the parties is "presumptively public").

The Ninth Circuit's decision in Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003), also is instructive.  In that case, as here, the parties entered into a stipulated protective order that broadly allowed the parties to seal documents. Id. at 1130, 1131.  Public interest groups and private litigants who were engaged in collateral litigation intervened and sought to modify the protective order, which the district court denied.  Id.  The Ninth Circuit reversed, holding that the Rule 26(c) standard applied to unfiled discovery documents, and that State Farm could not rely on the stipulated protective order to seal all of the documents without making the required "good cause" showing.  Id.

Notably, the Court made clear that "[a] party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted."  Id. (emphasis added). The Court also held that to satisfy the "good cause" showing under Rule 26(c) for sealing of a particular record, the party must make "specific demonstrations of fact, supported where possible by affidavits and concrete examples, rather than broad, conclusory allegations of potential harm."  Id. (citing Cippollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) and Deford v. Schmid Prods. Co., 120 F.R.D. 648, 653 (D. Md. 1987)).  The Court concluded by holding that because intervenors "have challenged the contention that the unfiled discovery documents belong under seal, the district court must require State Farm to make an actual showing of good cause for their continuing protection under Federal Rule of Civil Procedure 26(c)."  Id. (emphasis added).

Rule 26(c) plainly applies to the gang injunction service and arrest records that were exchanged in discovery between the parties.  It imposes on the City Defendants the heavy burden of showing good cause to maintain the confidentiality of each such document.  The City Defendants did not, and cannot, meet that burden.

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**B.     The Parties' Stipulated Protective Orders Do Not Provide Good Cause For Sealing All Of The Gang Injunction Service And Arrest Records.**

The Times expects the City to argue that the documents must be maintained as confidential because they were produced in reliance on the parties' Stipulated Protective Orders.  See, e.g., Docket Nos. 25, 31.  But stipulated protective orders do not alter the "good cause" requirements for sealing under Federal Rule of Civil Procedure 26(c), nor can they absolve the Court of its responsibility to make the rigorous and independent findings necessary to justify ongoing confidentiality in these records.  As the Ninth Circuit held in San Jose Mercury News, 187 F.3d at 1102, 1103, stipulated protective orders are "subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document…."

Similarly, in Phillips, the Ninth Circuit reaffirmed that when the protective order is a stipulated order and no party has made a "good cause" showing as to each particular document, the party seeking to withhold documents produced pursuant to the protective order bears the burden of showing that specific prejudice or harm will result.  307 F.3d at 1211 & n.1.  As the Court noted, "In Beckman Indus. Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir. 1992), we rejected the argument that intervenors need to show 'extraordinary circumstances' before modifying a protective order.  We explained how the burden of proof will remain with the party seeking protection when the protective order was a stipulated order and no party had made a 'good cause' showing."  Id.  Because the district court had not conducted the "good cause" analysis before entering the closure orders, the Phillips Court remanded the case.  Id.

More recently, in Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1182-1183 (9th Cir. 2006), a case concerning allegations of police corruption, the Court reiterated its position, warning about "the hazard of stipulated protective

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

orders" because they "contain provisions that purport to put the entire litigation under lock and key" without conducting the document-by-document analysis that is necessary under the prevailing case law.  As the Court explained, "[s]imply invoking a blanket claim, such as privacy or law enforcement [or safety or security], will not, without more, suffice to exempt a document from the public's right of access."  Id.[4]

Similarly, in Kelley v. Euromarket Designs dba Crate & Barrel, Inc., 2008 U.S. Dist. LEXIS 6017 (E.D. Cal. Jan. 28, 2008), the Eastern District of California rejected an effort by Crate & Barrel to claim that plaintiff could not discover the identities of its supporters because the court had to defer to the stipulated protective order that was in place.  The court explained that "[i]n the present case, the stipulated protective order allows a party or non-party to initially determine whether a particular item is confidential without court intervention.  As such, the protective order is akin to a blanket protective order, which is 'inherently subject to challenge and modification, as the party has not made a particularized showing of good cause with respect to any individual document.'"  Id. at *7 (quoting San Jose Mercury News, 187 F.3d at 1103; Beckman, 966 F.2d at 476).

Here, the Stipulated Protective Orders allow the City Defendants to designate as confidential all gang injunction service and arrest records exchanged between the parties in discovery.  However, as the above cases make clear, the blanket sealing sought by the City Defendants is inherently subject to challenge and modification,

---

[4] See also Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004) (parties cannot evade public's right of access to court records by stipulating to dismiss case); Citizens F.N.B., Princeton v. Cincinnati Ins., 178 F.3d 943, 944 (7th Cir. 1999) (rejecting stipulated protective order because "[t]he parties to a lawsuit are not the only people who have a legitimate interest in the record compiled in a legal proceeding"); H.B. Fuller Co. v. Doe, 151 Cal. App. 4th 879, 891-892, 60 Cal. Rptr. 3d 501 (2007) (unsealing records that had been sealed pursuant to stipulated protective order); In re Providian Credit Card Cases, 96 Cal. App. 4th 292, 309-310, 116 Cal. Rptr. 2d 833 (2002) (same); Shingara v. Skiles, 420 F.3d 301, 308 (3d Cir. 2005) (vacating blanket protective order encompassing all discovery particularly where case involved public officials and "issues important to the public").

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

because it does not include a particularized showing of good cause with respect to any of the gang injunction service and arrest records.

**C.      The City Defendants Did Not Meet Their Burden Of Establishing Good Cause To Seal Thousands Of Pages Of Documents.**

As Judge Gee made clear in the August 7 Order, the City Defendants' burden to establish good cause for continued sealing is high:

> The party asserting "good cause" must demonstrate for each document it seeks to protect that "specific prejudice or harm will result if no protective order is granted." Foltz, 331 F.3d at 1130. Generally, "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." Kamakana [v. City & County of Honolulu], 447 F.3d [1172,] 1180 [(9th Cir. 2006)].  Nevertheless, "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Foltz, 331 F.3d at 1130 (quoting from Beckman Industries, 966 F.2d at 476).

August 7, 2012 Order at 5 (Docket No. 70).

The City Defendants have failed to meet this high burden.  Their argument for ongoing confidentiality was supported only by their blanket invocation of a hodge-podge of privileges that were previously mentioned in a proposed stipulation – to which Plaintiffs never agreed.  Docket No. 64 (Opp. at 3-4).  Moreover, even if this Court were to entertain Plaintiffs' invocation of these privileges, the City Defendants failed to meet their burden of showing why any of these privileges would apply. Rote recitation of privileges without any explanation does not provide the specific evidence of harm establishing good cause for sealing thousands of pages of records. See, e.g., Foltz, 331 F.3d at 1130-1131 (citing Deford v. Schmid Prods. Co., 120 F.R.D. 648, 653 (D. Md. 1987) (requiring party requesting protective order to provide "specific demonstrations of fact, supported where possible by affidavits and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

concrete examples, rather than broad, conclusory allegations of potential harm")); Manriquez v. Huchins, 2011 U.S. Dist. LEXIS 82350, at *23 (E.D. Cal. July 27, 2011) ("boiler plate assertions of privilege will not suffice to assert a privilege"); Kamakana, 447 F.3d at 1186 (blanket invocation of deliberative process privilege, law enforcement privilege, official information privilege, privacy and embarrassment did not establish "sufficient particularity" to merit withholding under Rule 26(c).

### 1.   None Of The Privileges Invoked By The City Defendants Supports A Blanket Sealing Order.

First, the City Defendants' attempt to assert privacy interests should be rejected.  Docket No. 64 (Opp. at 4); Docket No. 72 (Joint Status Report at 3). Initially, the City Defendants made vague references to "privacy" in their opposition brief, without explaining what privacy interests were implicated or how they would have standing to do so.  As The Times previously explained, to the extent such claims were being made on behalf of peace officers, they must be rejected.  Docket No. 66 (Reply at 18-21).  Federal courts have been skeptical of privacy claims made by defendant police officers and law enforcement agencies concerning their official conduct.  Docket No. 62 (Motion at 16-18) (citing, inter alia, Ramirez v. County of Los Angeles, 231 F.R.D 407, 411 (C.D. Cal. 2005)).  Here, the officers' de minimis privacy interests in gang injunction service and arrest records does not outweigh the profound public interest in access to the records regarding Plaintiffs' allegations that gang injunctions across Los Angeles were being unconstitutionally enforced.

Subsequently, the City Defendants have "clarified" their position, and now claim that the individuals served with the gang injunctions, and arrested for alleged violation of those injunctions, have protectable privacy interests that would be implicated by the release of the records.  These broad assertions also should be rejected.  The City Defendants are required to establish good cause for sealing each individual document, by showing that the individual whose records are implicated

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

has a privacy interest that outweighs the public's interest in access to the information. The City Defendants have not even attempted to meet this standard.

Nor could they establish any such privacy interest.  As the United States Supreme Court held thirty-five years ago, individuals have no privacy interest in the fact of their arrest, even if the arrest proved to be unfounded.  <u>Paul v. Davis</u>, 424 U.S. 693 (1976).  As the Court explained there,

> [Plaintiff] claims constitutional protection against the disclosure of the fact of his arrest on a shoplifting charge.  His claim is based, not upon any challenge to the State's ability to restrict his freedom of action in a sphere contended to be "private," but instead on a claim that the State may not publicize a record of an official act such as an arrest.  <u>None of our substantive privacy decisions hold this or anything like this, and we decline to enlarge them in this manner</u>.

<u>Id.</u> at 713 (emphasis added).

California law is the same.  In <u>Loder v. Municipal Court</u>, 17 Cal. 3d 859, 864-865 (1976), the California Supreme Court held that "the suspect's right of privacy is not violated by prompt and accurate public reporting of the facts and circumstances of his arrest."  The Court stated that the right of privacy in an arrest does not prevail over the right of the public to an honest government:

> It is … generally in the social interest to identify adults currently charged with the commission of a crime.  While such an identification may not presume guilt, it may legitimately put others on notice that the named individual is suspected of having committed a crime.  Naming the suspect may also persuade eyewitnesses and character witnesses to testify.  For these reasons, <u>while the offender obviously does not consent to public disclosure, his right of privacy must give way to the overriding social interest.</u>

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Id. (emphasis added).  The Court also noted that "numerous state and federal courts have reaffirmed the rule that … dissemination of arrest records does not violate the right of privacy," including the United States Supreme Court in Paul v. Davis.  Id. at 877 & n.24.

Similarly, the California Public Records Act mandates that certain information regarding an individual's arrest must be released to the public, including the name and address of the person arrested.  Cal. Gov't Code § 6254(f)(1) (requiring public disclosure of, among other things, "[t]he full name and occupation of every individual arrested by the agency, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight").  See also City of Santa Rosa v. The Press Democrat, 187 Cal. App. 3d 1315, 1320 (1986) ( "[m]atters to be disclosed include '[the] full name … and occupation of every individual arrested by the agency, the individual's physical description including date of birth, color of eyes and hair, sex, height and weight, the time and date of arrest, the time and date of booking, the location of the arrest, the factual circumstances surrounding the arrest, the amount of bail set, the time and manner of release or the location where the individual is currently being held, and all charges the individual is being held upon, including any outstanding warrants from other jurisdictions and parole or probation holds") (citing Cal. Gov't Code § 6254(f)(1)).  In addition, the CPRA entitles journalists to an even broader scope of information, including current addresses for both the arrestee and the victim.  Id. § 6254(f)(3) (requiring disclosure to journalists of "the current address of every individual arrested by the agency and the current address of the victim of a crime").

Here, the individuals identified in the City's records do not have cognizable privacy rights in the facts and circumstances of their arrests pursuant to the gang injunctions.  Even if they did, the individuals were included because the Los Angeles Police Department ("LAPD") believes that they have gang connections and are properly subject to a gang injunction, as a suspected gang member or as a potential

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

witness to gang activity.  Whether or not the LAPD's assessment is correct as to any particular individual is irrelevant.  By virtue of being included in the City's records, these individuals are connected to an issue of tremendous public importance, and any privacy rights must yield as a result.  <u>E.g.</u>, <u>Loder</u>, 17 Cal. 3d at 865 ("overriding social interest" in dissemination of arrestee information outweighs right of privacy); <u>Sipple v. Chronicle Publ'g Co.</u>, 154 Cal. App. 3d 1040, 1048-49 (1984) (homosexuality of individual who saved President Ford's life newsworthy and overrides privacy interests when reported in connection with actions that may have saved his life).  As a matter of law, the City cannot establish a privacy interest in the injunction service and arrest records.

        <u>Second</u>, the City Defendants have attempted to rely on the "official-information" privilege (Docket No. 64 (Opp. at 4)), but it applies only to "information acquired in confidence by a public employee in the course of his duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made."  Cal. Evid. Code § 1040(a).  Moreover, the privilege applies only if a "court determines, in accordance with precise statutory standards, that disclosure is <u>against the public interest</u>."  <u>Shepherd v. Superior Court</u>, 17 Cal. 3d 107, 123 (1976) (emphasis added); <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>People v. Holloway</u>, 33 Cal. 4th 96 (2004).[5]  The burden of establishing that the privilege applies is on the City Defendants.  <u>See</u> <u>Torres</u>, 80 Cal. App. 4th at 873.

        Before a federal court can consider whether the official information privilege applies, defendants seeking to keep information secret must file a declaration or affidavit setting forth:

_____

    [5] <u>See also</u> <u>Torres v. Superior Court</u>, 80 Cal. App. 4th 867, 873 (2000) ("[t]he official information privilege, once asserted, should not be sustained unless the court is presented with a showing that the information sought to be protected is covered by the privilege").

11

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(1) an affirmation that the agency generated or collected the
material in issue and has in fact maintained its
confidentiality…, (2) a statement that the official has
personally reviewed the material in question, (3) a specific
identification of the governmental or privacy interests that
would be threatened by disclosure of the material to
plaintiff and/or his lawyer, (4) a description of how
disclosure subject to a carefully crafted protective order
would create a substantial risk of harm to significant
governmental or privacy interests, and (5) a projection of
how much harm would be done to the threatened interests if
the disclosure were made.

Kelly v. San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987).  The City Defendants did
not even attempt to satisfy these requirements.  Docket No. 64 (Opp. at 4).  Their
wholly conclusory assertion fails to satisfy the threshold declaration requirement for
making a proper official information privilege argument.  See Price v. County of San
Diego, 165 F.R.D. 614, 621 (S.D. Cal. 1996) ("[c]ounsel for defendant may not make
a blanket assertion of the official information privilege …."), overruled on other
grounds in Jaffe v. Redmond, 518 U.S. 1, 15, 116 S. Ct. 1923, 135 L. Ed. 2d 337
(1996); Randolph, Sr. v. City of East Palo Alto, 2007 U.S. Dist. LEXIS 89249, at *2
(N.D. Cal. November 20, 2007) (rejecting defendants' official information privilege
claim; "[i]f defendants actually want the Court to consider the official information
privilege, they must submit more than the merely conclusory assertions currently
before the Court"); Carter v. City of Carlsbad, 2011 U.S. Dist. LEXIS 14921, at *14-
*17 (S.D. Cal. February 15, 2011) (rejecting official information privilege claim
where City defendants again made conclusory assertions and failed to meet
procedural prerequisites).

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**Third**, the City Defendants have relied on state statutes providing protection to peace officer personnel records.  But The Times seeks <u>arrest and service</u> records – not personnel records.  On their face, statutes concerning officers' personnel records have no application here.

Moreover, the City Defendants' attempt to rely on state law fails.  <u>See</u>, <u>e.g.</u>, <u>Welsh v. City & County of San Francisco</u>, 887 F. Supp. 1293, 1301 (N.D. Cal. 1995); <u>Jackson v. County of Sacramento</u>, 175 F.R.D. 653, 654 (E.D. Cal. 1997) ("[d]espite defendant's repeated assertions to the contrary, the law of California, the forum state, does not inform federal privilege law"); <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 609 n.2 (N.D. Cal. 1995) ("[t]he California statutory privileges cited by Defendants are inconsistent with federal privileges ....").  As one court explained, limiting the application of state-created privileges in federal court proceedings protects litigants, and the public, from self-serving governments:  "If state law controlled, state authorities could effectively insulate themselves from constitutional norms[.]"  <u>Kelly</u>, 114 F.R.D. at 656.  Thus, as the City Defendants have conceded (Docket No. 64, (Opp. at 4)), federal courts are not bound by state law privileges.

Indeed, federal courts explicitly have <u>rejected</u> application of the very law that the City cites.  In <u>Welsh</u>, <u>Soto</u>, and other cases, courts concluded that the California police personnel file privilege cited by the City Defendants, California Penal Code § 832.7, is inconsistent with the broad mandate for disclosure embodied in the federal rules.  <u>Welsh</u>, 887 F. Supp. at 1301 ("[d]espite claims of privilege, personnel files are discoverable in federal question cases ....");  <u>Soto</u>, 162 F.R.D. at 609 n.2.  <u>See also</u> <u>Garrett v. City of San Francisco</u>, 818 F.2d 1515, 1519 n.6 (9th Cir. 1987) (personnel files are discoverable in federal question cases despite claims of privilege); <u>Ramirez</u>, 231 F.R.D. at 411-412 (same).

As the court explained in <u>Soto</u>:

> The federal policy on discovery is a liberal standard, and
>
> applying California privilege law, such as California

**DAVIS WRIGHT TREMAINE** LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1        Evidence Code Sec. 1043 and Penal Code Sec. 832.5 would
2        severely limit Plaintiff from gaining access to the police
3        files in dispute.
4  162 F.R.D. at 609 n.2.[6]

5        Fourth, the City Defendants have cited a "self-critical analysis privilege," but
6  neither the Ninth Circuit nor California recognizes such a privilege.  See Union Pac.
7  R.R. v. Mower, 219 F.3d 1069, 1076 (9th Cir. 2000); Dowling v. American Haw.
8  Cruises, Inc., 971 F.2d 423, 425-426 (9th Cir. 1992); Cloud v. Superior Court, 50
9  Cal. App. 4th 1552, 1558-1560 (1996).  In any event, the City Defendants make no
10  effort to explain how records of the service of injunctions and records of arrests
11  constitute "self-critical analysis" records.

12        Fifth, the City Defendants have cited the "deliberative process privilege"
13  (Docket No. 64 (Opp. at 4)), but they do not meet their burden of stating what
14  deliberative process is at issue for these records, nor do they explain what role these
15  documents play in the deliberative process.  As the District of Columbia Circuit
16  explained in Coastal States Gas Corp. v. Doe, 617 F.2d 854 (D.C. Cir. 1980), it is
17  "clear that the agency has the burden of establishing what deliberative process is
18  involved, and the role played by the documents in issue in the course of that
19  process."  See also Assembly of California v. DOC, 968 F.2d 916, 920 (9th Cir.
20  1992) ("[t]he government has the burden to prove that a requested document" falls
21  within the deliberative process privilege).[7]  They also have not demonstrated any

22

23       [6] The Soto court ultimately entered a protective order, but only after balancing
24  interests under federal law rather than invoking the state statute.  162 F.R.D. at 609
n.2.  Conversely, the Ramirez court rejected the argument that the official
25  information privilege and other state law privileges applied, and found that privacy
interests had to give way to "interests favoring disclosure" because the "privacy"
26  interest in "professional personnel records … is not the kind of 'highly personal'
information warranting constitutional safeguard."  231 F.R.D. at 411-412.

27       [7] Invocation of the privilege requires the City Defendants to establish "the
character of the decision, the deliberative process involved, and the role played by
28  the documents in the course of that process."  United States v. Rozet, 183 F.R.D.
662, 666 (N.D. Cal. 1998); see also Landry v. FDIC, 204 F.3d 1125, 1135 (D.C. Cir.

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

specific harm that would justify withholding documents under this privilege. Kamakana, 447 F.3d at 1186-1187 (affirming magistrate judge's ruling that documents regarding police whistleblower claim had to be disclosed because Honolulu had not asserted the privilege "with sufficient particularity" and had "fail[ed] to demonstrate any specific prejudice or harm").

Sixth, the City Defendants have purported to assert Fifth Amendment rights, but it is unclear for whom they are making this assertion.  Docket No. 64 (Opp. at 4). This conclusory assertion should be disregarded.  As the Ninth Circuit has noted:

> A defendant has no absolute right not to be forced to
> choose between testifying in a civil matter and asserting his
> Fifth Amendment privilege.  Not only is it permissible to
> conduct a civil proceeding at the same time as a related
> criminal proceeding, even if that necessitates invocation of
> the Fifth Amendment privilege, but it is even permissible
> for the trier of fact to draw adverse inferences from the
> invocation of the Fifth Amendment in a civil proceeding.

Keating v. Office of Thrift Supervision, 45 F.3d 322 (9th Cir. 1995).[8]

---

2000) (for privilege to apply, defendant must show "(1) a formal claim of privilege by the head of the department possessing control over the requested information; (2) an assertion of the privilege based on actual personal consideration by that official; and (3) a detailed specification of the information for which the privilege is claimed, along with an explanation why it properly falls within the scope of the privilege"). Like all privileges, the deliberative process privilege is to be narrowly construed. J.R. Norton Co. v. Arizmendi, 108 F.R.D. 647, 648 (S.D. Cal. 1985); Coastal States, 617 F.2d at 868 (privilege should be applied "as narrowly as consistent with efficient government operation").

    [8] The City Defendants also claimed that California Government Code § 6254(f) prohibits disclosure of gang injunction service and arrest records.  Docket No. 64 (Cross Decl. ¶ 5).  But federal courts have refused to interpret Section 6254(f) as barring disclosure in civil lawsuits.  See Doubleday v. Ruh, 149 F.R.D. 601, 611 (E.D. Cal. 1993) ("[t]he court cannot find any absolute, analogous privileges in federal law, and to interpret [6254(f)] as such would be too anomalous with federal law ....").  Likewise, federal courts have refused to interpret California Penal Code sections related to criminal history records as barring disclosure in civil suits.  See, e.g., Todd v. County of Solano, 2008 U.S. Dist. LEXIS 10708, at *2-*3 (E.D. Cal. February 1, 2008) ("under principles of federalism, state legislatures are not free to legislate what a federal court may order produced by way of documentation"; court

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## 2.   The Balance Of Interests Strongly Favors The Times.

Because none of these privileges apply, this Court need not reach the second-part of the Rule 26(c) analysis – balancing the public and private interests.  But even if this Court were to reach the second prong, the balance of interests strongly favors release of the gang injunction service and arrest records, especially considering that the City Defendants served numerous individuals and arrested many others pursuant to gang injunctions that the City Defendants abandoned after constitutional challenges were raised.  <u>See</u> Docket Nos. 77, 79.

Notably, courts already have found that the public's manifest interest in the legality and effectiveness of gang injunctions in California are of broad public interest.  For example, in <u>People v. Englebrecht</u>, 88 Cal. App. 4th 1236, 1242 n.1 (2001), although defendant had been released from the effect of a gang injunction, the Court continued to hear defendant's challenge to that injunction because "the legal issues here are of broad legal interest."  Similarly, in finding a similar curfew provision of a gang injunction in Oxnard to be unconstitutional, the court stated that the provision is "so vague that men [and women] of common intelligence must necessarily guess at its meaning and differ as to its application. … [I]t impermissibly delegates basic policy matters to policemen, judges and juries for a resolution on an <u>ad hoc</u> and subjective basis, with the attendant dangers of arbitrary and discriminatory application" to an entire community.  <u>People ex rel. Totten v. Colonia Chiques</u>, 156 Cal. App. 4th 31, 49 (2007); <u>see also</u> <u>People ex rel. Reisig v. Acuna</u>, 182 Cal. App. 4th 866, 873 (2010) ("<u>the importance of the interests</u> affected by a gang injunction 'requires that the finding of facts necessary to justify its issuance be proved by clear and convincing evidence") (emphasis added).  The many articles and scholarly discourses on the constitutionality and efficacy of gang injunctions

---

held that "Cal. Penal Code § 11101, <u>et seq.</u> did not bar plaintiff from obtaining the requested information") (citing <u>Doubleday</u>, 149 F.R.D. at 612).

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

evidence the public's interest in access to the gang injunction service and arrest records exchanged by the parties in discovery.[9]

Moreover, the public has an undeniable interest in scrutinizing government conduct. This interest is rooted in "assessing the truthfulness of allegations of official misconduct, and whether the agencies responsible for investigating and adjudicating complaints of misconduct have acted properly and wisely." Welsh v. City & County of San Francisco, 887 F. Supp. 1293, 1302 (N.D. Cal. 1995). See also Doe v. Marsalis, 202 F.R.D. 233, 238 (N.D. Ill. 2001) (same); Wiggins v. Burge, 173 F.R.D. 226, 229 (N.D. Ill. 1997) (same). The public has a particularly strong interest in the activities of law enforcement officers, given their unique role in our society. "It is indisputable that law enforcement is a primary function of local government and that the public has a ... great[] interest in the qualifications and conduct of law enforcement officers, even at, and perhaps especially at, an 'on the street' level[.]" Gomes v. Fried, 136 Cal. App. 3d 924, 933 (1982).[10]

_____

[9] See, e.g., Patrick McGreevy & Sandy Banks, "On Paper, Leaving a Gang is Difficult," Los Angeles Times, Mar. 23, 2006, available at http://articles.latimes.com/2006/mar/23/local/me-gang23; Andrew Stelzer, "The Fight Over Gang Injunctions," California Lawyer, June 12, available at http://www.callawyer.com/Clstory.cfm?eid=922757; Matthew D. O'Deane, "Evaluation of the Effectiveness of Gang Injunctions in California," 2 J. CRIM. JUST. RES. 1 (2011); Beth Caldwell, "Criminalizing Day-to-Day Life: A Socio-Legal Critique of Gang Injunctions," 37 AM. J. CRIM. L. 241 (2010); Gregory W. Griggs, "Most of gang ban is upheld: State appeals panel voids overnight curfew imposed as part of Oxnard injunction," Los Angeles Times, October 17, 2007, available at http://articles.latimes.com/2007/oct/17/local/me-colonia17; Ryan Young, "Sharpen the Blade: Void for Vagueness and Service of Process Concerns in Civil Gang Injunctions," 40 MCGEORGE L. R. 1002 (2010), available at http://www.mcgeorge.edu/documents/publications/mlr/Vol_40_4/08_Young_Master.pdf.

[10] The Federalist Papers recognized that public scrutiny of initial detentions guards against "dangerous" or "arbitrary" governmental actions. Federalist No. 84 (Hamilton), at 577 (J. Cooke ed. 1961). Disclosing arrestees' identities and basic information about arrests "protect[s] individuals from police abuse." Caldarola v. County of Westchester, 343 F.3d 570, 576 n.3 (2d Cir. 2003). Similarly, the Supreme Court made clear in Richmond Newspapers v. Virginia, 448 U.S. 555, 569 (1980), that the First Amendment protects the public's right to attend criminal trials in part because such access fosters "the proper functioning" of such proceedings. (Plurality opinion.)

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Because accountability is critical, courts should exercise great caution before allowing information about alleged misconduct by the police department and its officers to be kept secret.  See, e.g. King v. Conde, 121 F.R.D. 180, 190 (E.D.N.Y. 1988); Doe, 202 F.R.D. at 238.  Although "[p]eople in an open society do not demand infallibility from their institutions, [] it is difficult for them to accept what they are prohibited from observing."  Richmond Newspapers, 448 U.S. at 572.

Recent cases have reaffirmed that public policy lawsuits involving the police department and other public agencies are particularly well-suited for public disclosure of discovery materials.  For example, in Schiller v. City of New York, 2007 U.S. Dist. LEXIS 32746 (S.D.N.Y. May 4, 2007), the district court granted the New York Times' request for access to 600 pages of discovery materials related to intelligence gathered by the New York City Police Department that it used in formulating policies for arrests to be made at the 2004 Republican National Convention.  Id. at *3-*4.  The Court found that the NYPD had not established "good cause" under Rule 26(c) for sealing the records because the NYPD failed to show "a clearly defined, specific and serious injury," and because the discovery materials were "central" to the case.  Id. at *6-*8, *15.  In concluding that the documents could not remain confidential, the court noted, "the press, by encouraging public discussion of the issues raised by these cases, serves an important role in maintaining the robust 'marketplace of ideas so essential to our system of democracy.'"  Id. at *12 (quoting Edwards v. Nat'l Audubon Society, Inc., 556 F.2d 113, 115 (2d Cir. 1977)).

Similarly, in Morrow v. City of Tenaha Deputy City Marshal Barry Washington, et al., 2010 U.S. Dist. LEXIS 106541 (E.D. Tex. Oct. 5, 2010), the court refused to seal unfiled deposition transcripts and video of law enforcement officers that pertained to the issue of class certification in a putative class action.  There, plaintiffs claimed that county law enforcement officers detained plaintiffs because of race or ethnicity and unreasonably seized their property in violation of their constitutional rights.  The Court found that the defendant police officers and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

other public officials had not met the Rule 26(c) "good cause" standard for keeping secret the depositions and video of the officials.

The same principles strongly militate in favor of openness here. The sealed gang injunction service and arrest records are likely to shed light on a number of important issues, including (1) the number of people subjected to and arrested under the injunctions, (2) whether the City of Los Angeles enforced curfew provisions that were alleged to be unconstitutional (and which the City of Los Angeles discontinued after this lawsuit was filed), and (3) whether the City of Los Angeles improperly served and enforced the gang injunctions on individuals who should not have been subject to the restrictions.

As a newspaper that has provided extensive coverage regarding the injunctions, The Times has a particular interest in obtaining identification and contact information for individuals who have been directly impacted by the enforcement of the injunctions. The California Legislature has long recognized the strong public interest in ensuring that journalists have access to contact information for individuals involved in criminal activities – whether as the accused or a witness – and mandated that public agencies release the current address for both the accused and the victim in connection with a crime. Cal. Gov't Code § 6254(f)(3).[11]  Here, The Times has a strong interest in investigating whether the City Defendants are misusing gang injunctions, as Plaintiffs claim, or whether the government is acting appropriately to protect the City from the serious threat of gang violence. To do so, access to information about the individuals subject to the injunctions must be made available.

---

[11] Similarly, in ordering disclosure of identifying information under the California Public Records Act, the California Supreme Court expressly recognized The Times' particularized interest in obtaining that information so that it could conduct follow-up research and investigation. Commission on Peace Officer Standards & Training v. Superior Court, 42 Cal. 4th 278, 300 n.10 (2007).

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST., SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## III.   CONCLUSION

This Court should flatly reject the City Defendants' self-serving claim that they have provided the information the public needs to satisfy its "curiosity."  Opp. at 7.  The public interest in the gang injunction service and arrest records at issue here is not based on "curiosity."  To the contrary,

> The public interest undergirding the common law right of access to court records does not turn on whether the details of a particular case are "interesting," or whether a party opposing access has deemed the available information sufficient to satisfy the public's curiosity.
>
> The public interest at issue here has a venerable heritage rooted in the need for openness in a democratic society.

California ex rel. Lockyer v. Safeway, Inc., 355 F. Supp. 2d 1111, 1124 (C.D. Cal. 2005).  As that court explained, "every citizen should be able to satisfy himself with his own eyes as to the mode in which a public duty is being performed." Id. at 1124-1125.

The records exchanged by the parties in this litigation will provide vital information to the public about the City's service and enforcement of gang injunctions, which the City now has reversed in the face of the constitutional challenge by Plaintiffs.  The City Defendants did not and cannot offer any evidence to justify sealing these documents – more than eleven thousand pages – as required by Rule 26(c).

Because the City Defendants have failed to meet their heavy burden to justify the blanket secrecy of the gang injunction and service records, The Times respectfully requests that the Stipulated Protective Orders be modified to eliminate the blanket sealing on which the City relies to keep thousands of pages of records

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

from the public, and that all of these records be made available to The Times and the public.

DATED: December 21, 2012                    DAVIS WRIGHT TREMAINE LLP
                                            KELLI L. SAGER
                                            ROCHELLE L. WILCOX
                                            JEFF GLASSER


                                            LOS ANGELES TIMES COMMUNICATIONS LLC
                                            KARLENE GOLLER


                                            By:/s/ Jeff Glasser
                                                       Jeff Glasser
                                               Attorneys for Intervenor LOS ANGELES
                                               TIMES COMMUNICATIONS LLC

21

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

I.   SUMMARY OF ARGUMENT ....................................................... 1

II.  THE CITY DEFENDANTS HAVE NOT ESTABLISHED GOOD
     CAUSE TO PERMIT BLANKET SEALING OF THE GANG
     INJUNCTION SERVICE AND ARREST RECORDS PRODUCED IN
     DISCOVERY ................................................................................... 3

     A.   The Rule 26(c) Good Cause Requirement Applies Here. ................... 3

     B.   The Parties' Stipulated Protective Orders Do Not Provide Good
          Cause For Sealing All Of The Gang Injunction Service And
          Arrest Records. ................................................................... 5

     C.   The City Defendants Did Not Meet Their Burden Of Establishing
          Good Cause To Seal Thousands Of Pages Of Documents. ................. 7

          1.   None Of The Privileges Invoked By The City
               Defendants Supports A Blanket Sealing Order. ........................ 8

          2.   The Balance Of Interests Strongly Favors The Times ............. 16

III. CONCLUSION ........................................................................... 20

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

CASES

Assembly of California v. DOC,
    968 F.2d 916 (9th Cir. 1992) ................................................................. 14

Beckman Indus. Inc. v. International Ins. Co.,
    966 F.2d 470 (9th Cir. 1992) ......................................................... 5, 6, 7

Caldarola v. County of Westchester,
    343 F.3d 570 (2d Cir. 2003)................................................................... 17

California ex rel. Lockyer v. Safeway, Inc.,
    355 F. Supp. 2d 1111 (C.D. Cal. 2005) ............................................... 20

Carter v. City of Carlsbad,
    2011 U.S. Dist. LEXIS 14921 (S.D. Cal. February 15, 2011) .......... 12

Cippollone v. Liggett Group, Inc.,
    785 F.2d 1108 (3d Cir. 1986)................................................................... 4

Citizens F.N.B., Princeton v. Cincinnati Ins.,
    178 F.3d 943 (7th Cir. 1999) ................................................................... 6

City of Santa Rosa v. The Press Democrat,
    187 Cal. App. 3d 1315 (1986) ............................................................... 10

Cloud v. Superior Court,
    50 Cal. App. 4th 1552 (1996) ............................................................... 14

Coastal States Gas Corp. v. Doe,
    617 F.2d 854 (D.C. Cir. 1980) ........................................................ 14, 15

Commission on Peace Officer Standards & Training v. Superior Court,
    42 Cal. 4th 278 (2007) ........................................................................... 19

Deford v. Schmid Prods. Co.,
    120 F.R.D. 648 (D. Md. 1987).......................................................... 4, 7

Doe v. Marsalis,
    202 F.R.D. 233 (N.D. Ill. 2001)................................................... 17, 18

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Doubleday v. Ruh,
    149 F.R.D. 601 (E.D. Cal. 1993) ................................................................ 15, 16

Dowling v. American Haw. Cruises, Inc.,
    971 F.2d 423 (9th Cir. 1992) ........................................................................ 14

Edwards v. Nat'l Audubon Society, Inc.,
    556 F.2d 113 (2d Cir. 1977)........................................................................... 18

Foltz v. State Farm Mut. Auto. Ins. Co.,
    331 F.3d 1122 (9th Cir. 2003) ..................................................................... 4, 7

Gambale v. Deutsche Bank AG,
    377 F.3d 133 (2d Cir. 2004)............................................................................. 6

Garrett v. City of San Francisco,
    818 F.2d 1515 (9th Cir. 1987) ....................................................................... 13

Gomes v. Fried,
    136 Cal. App. 3d 924 (1982) ......................................................................... 17

H.B. Fuller Co. v. Doe,
    151 Cal. App. 4th 879, 60 Cal. Rptr. 3d 501 (2007) ........................................ 6

Hollis v. Sloan,
    2012 U.S. Dist. LEXIS 28023 (E.D. Cal. March 2, 2012) ................................ 3

In re Providian Credit Card Cases,
    96 Cal. App. 4th 292, 116 Cal. Rptr. 2d 833 (2002) ....................................... 6

J.R. Norton Co. v. Arizmendi,
    108 F.R.D. 647 (S.D. Cal. 1985) ................................................................... 15

Jackson v. County of Sacramento,
    175 F.R.D. 653 (E.D. Cal. 1997) ................................................................... 13

Jaffe v. Redmond,
    518 U.S. 1, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996)................................... 12

Kamakana v. City & County of Honolulu,
    447 F.3d 1172 (9th Cir. 2006) ............................................................... passim

Keating v. Office of Thrift Supervision,
    45 F.3d 322 (9th Cir. 1995) ........................................................................... 15

Kelley v. Euromarket Designs dba Crate & Barrel, Inc.,
     2008 U.S. Dist. LEXIS 6017 (E.D. Cal. Jan. 28, 2008) ........................... 6

Kelly v. San Jose,
     114 F.R.D. 653 (N.D. Cal. 1987)........................................................ 12, 13

King v. Conde,
     121 F.R.D. 180 (E.D.N.Y. 1988) .............................................................. 18

Landry v. FDIC,
     204 F.3d 1125 (D.C. Cir. 2000) ................................................................ 14

Loder v. Municipal Court,
     17 Cal. 3d 859 (1976) .............................................................. 9, 10, 11

Manriquez v. Huchins,
     2011 U.S. Dist. LEXIS 82350 (E.D. Cal. July 27, 2011) ..................................... 8

Morrow v. City of Tenaha Deputy City Marshal Barry Washington, et al.,
     2010 U.S. Dist. LEXIS 106541 (E.D. Tex. Oct. 5, 2010) ................................. 18

Paul v. Davis,
     424 U.S. 693 (1976) .................................................................... 2, 9, 10

People ex rel. Reisig v. Acuna,
     182 Cal. App. 4th 866 (2010) ............................................................ 16

People ex rel. Totten v. Colonia Chiques,
     156 Cal. App. 4th 31 (2007) ............................................................. 16

People v. Englebrecht,
     88 Cal. App. 4th 1236 (2001) ............................................................ 16

People v. Holloway,
     33 Cal. 4th 96 (2004) .................................................................... 11

Phillips v. General Motors Corp.,
     307 F.3d 1206 (2002) .................................................................... 3, 5

Price v. County of San Diego,
     165 F.R.D. 614 (S.D. Cal. 1996), overruled on other grounds in Jaffe v.
     Redmond, 518 U.S. 1, 15, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996)............. 12

Ramirez v. County of Los Angeles,
     231 F.R.D 407 (C.D. Cal. 2005)...................................................... 8, 13, 14

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Randolph, Sr. v. City of East Palo Alto,
    2007 U.S. Dist. LEXIS 89249 (N.D. Cal. November 20, 2007) ...................... 12

Richmond Newspapers v. Virginia,
    448 U.S. 555 (1980) ................................................................................ 17, 18

San Jose Mercury News v. United States District Court,
    187 F.3d 1096 (9th Cir. 1999) ................................................................ 3, 5, 6

Schiller v. City of New York,
    2007 U.S. Dist. LEXIS 32746 (S.D.N.Y. May 4, 2007) ................................. 18

Shepherd v. Superior Court,
    17 Cal. 3d 107 (1976)); overruled on other grounds by People v. Holloway,
    33 Cal. 4th 96 (2004) ....................................................................................... 11

Shingara v. Skiles,
    420 F.3d 301 (3d Cir. 2005) ............................................................................. 6

Sipple v. Chronicle Publ'g Co.,
    154 Cal. App. 3d 1040 (1984) ......................................................................... 11

Soto v. City of Concord,
    162 F.R.D. 603 (N.D. Cal. 1995) ............................................................... 13, 14

Todd v. County of Solano,
    2008 U.S. Dist. LEXIS 10708 (E.D. Cal. February 1, 2008) ........................... 15

Torres v. Superior Court,
    80 Cal. App. 4th 867 (2000) ........................................................................... 11

Union Pac. R.R. v. Mower,
    219 F.3d 1069 (9th Cir. 2000) ......................................................................... 14

United States v. Rozet,
    183 F.R.D. 662 (N.D. Cal. 1998) .................................................................... 14

Welsh v. City & County of San Francisco,
    887 F. Supp. 1293 (N.D. Cal. 1995) ........................................................... 13, 17

Wiggins v. Burge,
    173 F.R.D. 226 (N.D. Ill. 1997) ...................................................................... 17

Yonemoto v. Dep't of Veteran Affairs,
    2012 U.S. App. LEXIS 1108 (9th Cir. January 18, 2012) ................................. 3

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**STATUTES**

California Evidence Code
 § 1040(a) ........................................................................................ 11
 § 1043 ......................................................................................... 13, 14

California Government Code
 § 6254(f) ....................................................................................... 15
 § 6254(f)(1) ................................................................................... 10
 § 6254(f)(3) ............................................................................... 10, 19

California Penal Code
 § 832.7 ........................................................................................ 13
 § 11101 ....................................................................................... 16

Penal Code § 832.5 ............................................................................ 14

**CONSTITUTIONAL PROVISIONS**

United States Constitution
 Fifth Amendment ............................................................................ 15
 First Amendment ............................................................................. 17

**RULES**

Federal Rule of Civil Procedure 26(c) ............................................... passim

**TREATISES**

Beth Caldwell, "Criminalizing Day-to-Day Life: A Socio-Legal Critique of
 Gang Injunctions," 37 AM. J. CRIM. L. 241 (2010) ............................... 17

Matthew D. O'Deane, "Evaluation of the Effectiveness of Gang Injunctions in
 California," 2 J. CRIM. JUST. RES. 1 (2011) ........................................ 17

Ryan Young, "Sharpen the Blade: Void for Vagueness and Service of Process
 Concerns in Civil Gang Injunctions," 40 MCGEORGE L. R. 1002 (2010),
 available at
 http://www.mcgeorge.edu/documents/publications/mlr/Vol_40_4/08_Youn
 g_Master.pdf ................................................................................. 17

**OTHER AUTHORITIES**

Andrew Stelzer, "The Fight Over Gang Injunctions," <u>California Lawyer</u>, June
 12, available at http://www.callawyer.com/Clstory.cfm?eid=922757 ............. 17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Federalist No. 84 (Hamilton) (J. Cooke ed. 1961) .................................................. 17

Gregory W. Griggs, "Most of gang ban is upheld: State appeals panel voids
    overnight curfew imposed as part of Oxnard injunction," Los Angeles
    Times, October 17, 2007, available at
    http://articles.latimes.com/2007/oct/17/local/me-colonia17 ............................ 17

Patrick McGreevy & Sandy Banks, "On Paper, Leaving a Gang is Difficult,"
    Los Angeles Times, Mar. 23, 2006, available at
    http://articles.latimes.com/2006/mar/23/local/me-gang23 ............................... 17

MOTION TO MODIFY PROTECTIVE ORDER
DWT 20222785v6 0026175-000417

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899