Kevin E. Gilbert, SBN: 209236
kgilbert@lozanosmith.com
**LOZANO SMITH**
2001 North Main Street, Suite 650
Walnut Creek, CA 94596
Telephone:   (925) 953-1620
Facsimile:   (925) 953-1625
Email:        kgilbert@lozanosmith.com

Attorney for Defendant
ANGEL GOMEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ; ALBERTO CAZAREZ, individually and as class representatives,<br><br>             Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; CARMEN TRUTANICH; CHARLES BECK; ALLAN NADIR; ANGEL GOMEZ; AND DOES 1 THROUGH 10,<br><br>             Defendants. | Case No.  CV11-01135 DMG (JEMx)<br><br>**DEFENDANT OFFICER GOMEZ'S MOTION IN LIMINE NO. 2 TO EXCLUDE WITNESSES NOT IDENTIFIED BY PLAINTIFFS; DECLARATION OF KEVIN E. GILBERT IN SUPPORT**<br><br>DATE:       June 23, 2015<br>TIME:        3:00 p.m.<br>DEPT:       Courtroom 7, 2nd Floor<br>JUDGE:     Honorable Dolly M. Gee |

COMES NOW Defendant ANGEL GOMEZ (hereinafter "Defendant Gomez") and hereby moves this Court in limine for an Order precluding Plaintiffs from calling or offering any evidence from any witnesses not previously identified by Plaintiffs in response to their required disclosures or discovery. Despite Plaintiffs identifying only six potential witnesses on their Rule 26 Disclosures (see Exhibit 1),[1] they now identify some 33 proposed witnesses on their proposed witness list for trial. (Exhibit 2.) Notably, some of those proposed witnesses are identified simply as "Class Member," without any other identifying information. Pursuant to Federal Rules of Civil Procedure 37, Plaintiffs' previously unidentified witnesses must be excluded.

A party who fails to comply with the mandatory requirements of Federal Rules of Civil Procedure 26 is subject to evidentiary sanctions under Federal Rules of Civil Procedure 37(c)(1) provides in relevant part:

> If a party fails to provide information or a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.

"Rule 37(c)(1) gives teeth to these [Rule 26(a)] requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." (*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).) Thus, the Court may impose Rule 37 evidentiary sanctions even if such sanctions will preclude a party's entire cause of action. (See *Hoffman v. Const. Protective Services, Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (affirming district court's exclusion of plaintiffs' damages calculations for failure to disclose under Rule 26(a)(1)(A)(iii)).)

Once the moving party demonstrates that Rules 26(a), 26(e)(l) or 26(e)(2) have been violated, the Rule 37 sanction is automatic unless the respondent demonstrates a "substantial justification" for its failure, or shows that the failure was "harmless." (*Yeti*, 259 F.3d at 1106-07.) The burden is on the party opposing sanctions to prove failure was

---

[1] All referenced exhibits are attached to the Declaration of Kevin E. Gilbert in support of Defendant's Motion in Limine.

harmless. (*Id*. ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.").)

Plaintiffs failed to timely or properly disclose numerous lay witnesses as required by Federal Rules of Civil Procedure 26(a)(1)(A)(i), who they now attempt to call as witnesses at trial. In fact, their proposed witness list for trial includes 22[2] witnesses who were not previously identified by Plaintiffs. Rule 26(a)(1)(A)(I) imposes a mandatory requirement on a party to disclose the witnesses it expects to call at trial. The rule requires that, without awaiting a discovery request, a party disclose:

> the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]

In addition, Rule 26(e)(1)(A) requires a party to supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Here, Plaintiffs identify 22 witnesses for the first time as trial witnesses that were never disclosed as required by Federal Rules of Civil Procedure 26(a)(1)(A)(i). Plaintiffs' failure to disclose the witnesses before the discovery cut-off was extremely prejudicial to Defendants because it has significantly hindered their ability to fully conduct discovery in preparation for examining witnesses at trial. Plaintiffs also failed to timely or properly disclose these witnesses at the pretrial meeting of counsel as required by Central District Local Rule 16-2.4. For example, Plaintiffs' proposed witness list contains references to five anonymous witnesses simply identified as "Class Member 1" through "Class Member 5." Thus, even in preparing for trial, Defendants are not aware of which witnesses may testify in Plaintiffs' case.

---

[2] Five of the proposed trial witnesses are Plaintiffs' experts, who are not included in the 22 previously unidentified witnesses.

Plaintiffs now attempt to offer evidence in the form of witness testimony which should have (but was not) disclosed in response to direct discovery requests.  Even if Plaintiffs were unaware of the identity of the subject witnesses at the time of their initial disclosures (which is doubtful), the duty to supplement obligates Plaintiffs to provide any later acquired information immediately upon learning that their earlier disclosures were incomplete.  (Fed.R.Civ.P. 26(e)(1)(A); *United States v. Boyce*, 148 F.Supp.2d 1069, 1088 (S.D. Cal. 2001).)  This duty applies whether the new information is obtained by the client or the attorney.  Any party who fails to amend or supplement disclosures and discovery responses as required by Rule 26(e) may be barred from using the evidence or witnesses not so disclosed at trial or any hearing in any matter.  (Fed.R.Civ.P. 37(c)(1).)

The purpose of the federal rules is to prevent unfairness and prejudicial surprise, not to facilitate last minute production of information.  (*ATD Corp. v. Lydall*, 159 F.3d 534, 550-551 (Fed. Cir. 1998).)  Further, it need not be shown that the nondisclosing party acted in bad faith in failing to supplement their prior discovery in order for the exclusionary remedy to apply.  (*Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003); Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide Fed. Civ. Procedure Before Trial § 11:1258 No. 5 (The Rutter Group 2011).)

Despite their continuous obligation to update their discovery responses, Plaintiffs failed to identify any of the non-party witnesses who are now identified for the first time on Plaintiffs' proposed witness list.  Due to Plaintiffs' failure to timely identify and produce this information in response to Defendants' earlier discovery requests and or in their initial disclosures, said witnesses and documents must be excluded.  (Fed.R.Civ.P. 37(c)(1); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179-1180 (9th Cir. 2008).)

It is also undisputed that, unless the nondisclosure is "harmless" or excused by "substantial justification," the Court must impose sanctions against an offending party.  Such sanctions include prohibiting the party from using any responsive evidence at trial, at a hearing or on motion, of any witness or information not so disclosed unless Plaintiffs

- 3 -

can prove the failure to disclose was harmless.  (Fed.R.Civ.P. 37(c)(1).)  Such a holding provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.  (See *Yeti by Molly, Ltd.*, 259 F.3d at 1106.)

Such belated disclosures of potential witnesses for the first time on a witness list for trial defeats the purpose of Rule 26(a)(1)(A)(i)'s initial disclosure requirements.  (See Advisory Committee Note to 1993 Amendments to Fed.R.Civ.P. 26(a) ("Through the addition of paragraphs (1)-(4), this subdivision imposes on parties a duty to disclose, without awaiting formal discovery requests, certain basic information that is needed in most cases to prepare for trial or make an informed decision about settlement.").)  Moreover, these lay witnesses appear to be relatives and close friends of the named Class Plaintiffs, who were known to them early in the case and should have been included in Rule 26 disclosures.

Because of Plaintiffs' wholesale failure to comply with Rule 26(a)(1)(A)(i)'s disclosure requirements, the Court must exclude the testimony of Plaintiffs' previously undisclosed witnesses pursuant to Rule 37(c)(1).

Dated:  May 26, 2015          Respectfully submitted,

                              LOZANO SMITH

                              By:      /s/   Kevin Gilbert
                                    Kevin E. Gilbert
                                    Attorney for Defendant
                                    OFFICER ANGEL GOMEZ

# DECLARATION

I, Kevin E. Gilbert, if called upon to testify will competently testify as follows:

1. I am an attorney at law with the law firm of Lozano Smith, attorneys of record herein for Defendant Angel Gomez, and have personal knowledge of the matters testified to herein below.

2. Attached hereto as Exhibit 1 is a true and correct copy of Plaintiffs' Rule 26 Disclosures, which were served on September 12, 2011.

3. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' proposed witness list for trial.

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge. Executed on May 26, 2015 in Walnut Creek, California.

/s/ Kevin Gilbert
Kevin E. Gilbert