1   Olu K. Orange, Esq. [S.B. #213653]
2   ORANGE LAW OFFICES
    3435 Wilshire Blvd., Suite 2900
3   Los Angeles, California 90010
    Telephone:  (213) 736-9900
4   Facsimile:  (213) 417-8800
    Email:  oluorange@att.net
5
    Dan Stormer, Esq. [S.B. #101967]
6   Cindy Pánuco, Esq. [S.B. #266921]
    Mohammad Tajsar, Esq. [S.B. #280152]
7   HADSELL, STORMER & RENICK LLP
    128 North Fair Oaks Avenue
8   Pasadena, California 91103-3645
    Telephone: (626) 585-9600
9   Facsimile: (626) 577-7079
    Emails: dstormer@hadsellstormer.com
10          cpanuco@hadsellstormer.com
            mtajsar@hadsellstormer.com
11
    Attorneys for Plaintiffs
12
    [Additional counsel listed on next page]
13

14              **UNITED STATES DISTRICT COURT**
15              **CENTRAL DISTRICT OF CALIFORNIA**

16  CHRISTIAN RODRIGUEZ, ALBERTO ) Case No.:  CV11-01135 DMG (JEMx)
17  CAZAREZ, individually and as class       )
    representatives                           ) [Assigned to the Honorable Dolly M.
                                              ) Gee – Courtroom 7]
18                                            )
                              *Plaintiffs,*   ) **PLAINTIFFS' OPPOSITION TO**
19      vs.                                   ) **DEFENDANT OFFICER GOMEZ'S**
                                              ) **MOTION IN LIMINE NO. 2 TO**
20  CITY OF LOS ANGELES, CARMEN    ) **EXCLUDE WITNESSES NOT**
    TRUTANICH, CHARLES BECK,        ) **IDENTIFIED BY PLAINTIFFS**
21  ALLAN NADIR, ANGEL GOMEZ        )
22  AND DOES 1 THROUGH 10.          ) DATE:        June 23, 2015
                                              ) TIME:        3:00 p.m.
23                                            ) CRTRM:    7
                                              )
24                            *Defendants.*   ) Complaint Filed:    February 7, 2011
                                              ) Trial Date:          July 14, 2015
25                                            )
                                              )
26  _____ )
27
28

_____
PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

1 | [Additional counsel cont. from first page]

2 |

3 | Anne K. Richardson, Esq. [S.B. #151541]
Alisa Hartz, Esq. [S.B. #285141]

4 | PUBLIC COUNSEL
610 S. Ardmore Ave.

5 | Los Angeles, California 90005

6 | Telephone:  (213) 385-2977
Facsimile:  (213) 385-9089

7 | Emails: arichardson@publiccounsel.org

8 |        ahartz@publiccounsel.org

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

1
## TABLE OF CONTENTS

2
**Page(s)**

3
TABLE OF AUTHORITIES..................................................................................................... ii

4
I.       INTRODUCTION..........................................................................................................1

5
II.      DISCOVERY HISTORY...............................................................................................1

6
III.     ARGUMENT ...............................................................................................................10

7
         A.     Plaintiffs complied with Rule 26 in the disclosure of all witnesses ......10

8
         B.     Any alleged failure to disclose information was

9
                justified and harmless .................................................................................13

10
IV.      CONCLUSION ...........................................................................................................15

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Banxcorp v. Costco Wholesale Corp.*
978 F. Supp.2d 280 (S.D.N.Y. 2013).......................................................11, 14

*Coleman v. Keebler Co.*
997 F. Supp. 1102 (N.D. Ind. 1998).......................................................13, 14

*David v. Caterpillar, Inc.*
324 F.3d 851 (7th Cir. 2004)...........................................................................11

*de la Torre v. CashCall, Inc.*
56 F. Supp. 3d 1073 (N.D. Cal. 2014) ...........................................................13

*EEOC v. Outback Steak House of Fla., Inc.*
2008 U.S. Dist. LEXIS 63758 (D. Colo. Aug. 20, 2008) ..............................13

*Green v. Baca*
226 F.R.D. 624 (C.D. Cal. 2005) ...................................................................12

*Gutierrez v. AT&T Broadband, LLC*
382 F.3d 725 (7th Cir. 2004)....................................................................10, 11

*Hoffman v. Constr. Protective Servs.*
541 F.3d 1175 (9th Cir. 2008)........................................................................14

*Lanard Toys Ltd. v. Novelty, Inc.*
375 F. App'x 705 (9th Cir. 2010)...................................................................13

*McKesson Information  Solutions, Inc. v. Bridge Medical, Inc.*
434 F. Supp. 2d 810 (E.D. Cal. 2006).............................................................11

*Nehara v. California*
2013 U.S. Dist. LEXIS 42993, 2013 WL 1281618
(E.D. Cal. Mar. 26, 2013)...............................................................................13

ii

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*
        259 F.3d 1101 (9th Cir. 2001)...........................................................................................13

## FEDERAL STATUTES

Federal Rules of Civil Procedure
        Rule 26.................................................................................................... *passim*
        Rule 37.................................................................................................13, 14

iii

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

## I.   INTRODUCTION

By his motion in *limine* No. 2, (Dkt. No. 271) Defendant Angel Gomez, seeks to preclude Plaintiffs "from calling or offering any evidence from any witnesses not previously identified by Plaintiffs in response to their required disclosures or discovery." (Dkt. No. 271 at p. 1.) Defendants City of Los Angeles ("City"), Carmen Trutanich ("Trutanich") and Charles Beck ("Beck") have filed a notice a "Notice of Joinder" to this motion. (Dkt. No. 276.)

While they ask this Court to exclude testimony of 27 witnesses that were allegedly unknown to them in discovery, Defendants have not specifically explained how they would be prejudiced if Plaintiffs were to call each of their witnesses to testify at trial. Further, while Plaintiffs did list 5 "Class members," as potential witnesses, Plaintiffs have served Defendants with the names of the specific witnesses whom they intend to call at trial. These names were gleaned from Defendants' documents. Because Defendants have been on notice of every single person Plaintiffs have identified in their proposed witness list, this motion must be denied.

## II.   DISCOVERY HISTORY

On September 12, 2011, Plaintiffs served their "F.R.C.P. Rule 26 Initial Disclosures." (Ex. 1.) In those disclosures, Plaintiffs identified the following six "potential witnesses": Christian Rodriguez, Alberto Cazarez, Angel Gomez, Allan Nadir, Carmen Trutanich, and Charles Beck. *Id.* This was nearly four years ago, before this case had been certified as a class action, and before any discovery. Recognizing that the list may change, Plaintiffs put Defendants on notice that the list could be amended or supplemented and specifically noted "Plaintiff reserves the right to amend and/or supplement." (Ex. 1. at p. 3.)

On May 19, 2015, Plaintiffs served Defendants their "Initial List of Witnesses and Time Estimates." (Ex. 2.) Plaintiffs identified the following thirty-three witnesses which they intend to call at trial: Anne Tremblay, Allan Nadir, Harry Griffin, Arturo Martinez, Jerry Harper, Earl Paysinger, Charlie Beck, Carmen Trutanich, LA City

1

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

1   Custodian of Records (PMK), Edwina Barvosa, Ana Munoz, Christian Rodriguez,

2   Emilia Cazarez, Alan Cazarez, 5 Class Members, Humberto Guizar, Martha Moreira,

3   Andrew Segura, Anthony Trejo, Vitaly Vitaly, Kim McGill, Angel Gomez, Hooman

4   Kazemi, LA County Custodian of Records (PMK), State of California Custodian of

5   Records (PMK), Bruce Riordan, Bill Carter, Arif Alikhan, and Matthew Blake. (Ex. 2.)

6   Plaintiffs witness disclosures again specifically indicated that, "Plaintiffs reserve the

7   right to amend this list to add, delete, or modify witnesses, summary, and/or timing."

8   *Id.* at p. 2:2-3.

9         The parties then filed their "Joint Trial Witness List and Time Estimates." (Dkt.

10  No. 285 (filed herewith as Exhibit 3.)) All parties agreed to the language that,

11  "Additional witnesses needed for legitimate impeachment purposes, such as, but not

12  limited to, prior inconsistent statements. The parties reserve the right to amend this list

13  to add, delete or modify witnesses, summary and/or timing." (Ex. 3 at p. 1:4-7.)

14  Plaintiffs identified the same witnesses in the Joint List, as they did in their May 19,

15  disclosures. On June 2, 2015, Plaintiffs amended their list, and did "add" the names of

16  witnesses as contemplated by the agreement of the parties. Ex. 4. Plaintiffs prepared a

17  Plaintiffs' Addendum to the Joint Trial Witness List and gave Defendants the

18  following six names of witnesses, previously identified as "class members"—all of

19  whom were obtained from the records of service produced by Defendants in 2011:

20  Jonathan Rosales, Jonathan Jacobo, Anthony Willis, Christian Jacobo, Miguel

21  Rodriguez, and Elias Sauzo. Ex. 4.

22        All of the witnesses the Joint Trial Witness List," and in Plaintiffs' Amended

23  List produced on June 2, 2015, have been known to Defendants for years, and were

24  revealed throughout discovery and the litigation of this case as follows:

| No. | Witness | Details |
|-----|---------|---------|
| 1.  | Anne Tremblay | Defendants filed declarations of Anne Tremblay in opposition to Plaintiffs' motion for class certification in April 2012, and again in opposition to Plaintiffs' |

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

| No. | Witness | Details |
|---|---|---|
| | | motion for preliminary injunction in August 2012. (Dkt. Nos.49 at pp. 34-42; and 68 at pp. 21-22.) Plaintiffs also took her deposition on September 4, 2014 and again on October 3, 2014 when the City identified her as the "Person Most Knowledgeable" on a number of topics. Declaration of Cindy Pánuco (Pánuco Decl., ¶¶2-4.) |
| 2. | Allan Nadir | Not challenged. (Mot. at 1:4-6.) |
| 3. | Harry Griffin | Plaintiffs identified Mr. Griffin as an expert in their Expert witness disclosures served on May 5, 2015. Pánuco Decl., ¶5. Defendants deposed Mr. Griffin on May 28, 2015. Pánuco Decl., ¶5. |
| 4. | Arturo Martinez | Defendants filed declarations of Arturo Martinez in support of their motion for summary judgment, and again in opposition to Plaintiffs' motion for summary judgment. (Dkt. Nos.187-2 at pp. 55-58; and 203-4 at pp. 140-143.) Plaintiffs also took his deposition on October 3, 2014 when the City identified him as the "Person Most Knowledgeable" on a number of topics. Pánuco Decl., ¶6. |
| 5. | Jerry Harper | Plaintiffs' identified Mr. Harper as an expert in their Expert witness disclosures served on May 5, 2015. (Ex. 5; Pánuco Decl., ¶5.) Defendants deposed Mr. Harper on June 2, 2015. Pánuco Decl., ¶7. |
| 6. | Earl Paysinger | Defendants produced documents which referenced Earl Paysinger. Including Operations Order No. 2 dated December 9, 2009 (identified by the parties as |

3

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

| No. | Witness | Details |
|---|---|---|
| | | Exhibit 14, but filed herewith as Exhibit 6), and Operations Order No. 3 dated August 2, 2012 (identified by the parties as Exhibit 13, but filed herewith as Exhibit 7). These documents were key gang injunction policies in the Los Angeles Police Department. Plaintiffs also took Asst. Chief Paysinger's deposition on October 8, 2014.  Pánuco Decl., ¶8. |
| 7. | Charlie Beck | Not challenged. (Mot. at 1:4-6.) |
| 8. | Carmen Trutanich | Not challenged. (Mot. at 1:4-6.) |
| 9. | LA City Custodian of Records (PMK) | City records |
| 10. | Dr. Edwina Barvosa | Plaintiffs' identified Dr. Barvosa as an expert in their Expert witness disclosures served on May 5, 2015. Pánuco Decl., ¶5. Defendants deposed Ms. Barvosa on May 20, 2015. Pánuco Decl., ¶9. |
| 11. | Ana Munoz[1] [sic] | Plaintiffs' identified Dr. Muñiz as an expert in their Expert witness disclosures served on May 5, 2015. Pánuco Decl., ¶5. Defendants deposed Ms. Muñiz on May 27, 2015. Pánuco Decl., ¶10. |
| 12. | Christian Rodriguez | Not challenged. (Mot. at 1:4-6.) |
| 13. | Emilia Cazarez | Ms. Cazarez, is the mother of named Plaintiff, Alberto Cazarez. Her full name was referenced in the declaration of Alan Cazarez, who was appointed the |

---

[1] Plaintiffs' expert Ana Muñiz's name was inadvertently misspelled.

4

| No. | Witness | Details |
|-----|---------|---------|
| | | Special Administrator of the Estate of Alberto Cazarez in September 2014. (Ex.8 at ¶6.) |
| 14. | Alan Cazarez | Mr. Alan Cazarez, is the brother of named Plaintiff, Alberto Cazarez and was appointed Special Administrator of the Estate of Alberto Cazarez on September 22, 2014. (Dkt. No. 165-3.) Defendants did not oppose substituting in the Estate of Alberto Cazarez as a party to this case. (Dkt No. 165-2) This Court entered an Order substituting the Estate of Alberto Cazarez as a party in place of Alberto Cazarez on September 29, 2014. (Dkt. No. 166.) Mr. Cazarez also responded to discovery on behalf of the Estate of Alberto Cazarez on October 16, 2014. Ex.9. Alan Cazarez also filed a declaration in support of Plaintiffs' opposition to the Defendants' Summary Judgment motions. Ex.8. |
| 15. | Jonathan Rosales (Class member 1) | Defendants produced documents which identified Mr. Rosales as a class member. One such document, included the Proof Of Service of the Notice of Class Action and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on May 17, 2013. Pánuco Decl., ¶12. This document is bates-stamped 16795. *See* Ex.10. |
| 16. | Jonathan Jacobo (Class member 2) | Defendants produced documents which identified Mr. Jacobo as a class member. These documents include the Proof Of Service of the Notice of Class Action |

5

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

| No. | Witness | Details |
|-----|---------|---------|
|     |         | and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on May 10, 2013. This document is bates-stamped 13420. *See* Ex.11. On November 22, 2011, Defendants also produced a record of service of the injunction on Mr. Jacobo, which is bates-stamped 414-415. Pánuco Decl., ¶13. |
| 17. | Anthony Willis (Class Member 3) | Defendants produced documents which identified Mr.Willis as a class member. These documents include the Proof Of Service of the Notice of Class Action and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on May 10, 2013. Pánuco Decl., ¶11.This document is bates-stamped 12981. *See*  Ex.12. |
| 18. | Christian Jacobo (Class Member 4) | Defendants produced documents which identified Mr.Jacobo as a class member. These documents include the Proof Of Service of the Notice of Class Action and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on May 10, 2013. Pánuco Decl., ¶11.This document is bates-stamped 13422. *See*  Ex.13. |
| 19. | Miguel Rodriguez (Class Member 5) | Defendants produced documents which identified Mr.Rodriguez as a class member. These documents include the Proof Of Service of the Notice of Class Action and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on |

6

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

| No. | Witness | Details |
|-----|---------|---------|
|     |         | May 17, 2013. Pánuco Decl., ¶12.This document is bates-stamped 14917. *See* Ex.14. |
| 20. | Humberto Guizar | Plaintiffs' identified Mr. Guizar as an expert in their Expert Witness Disclosures served on May 5, 2015. Pánuco Decl., ¶5. Defendants deposed Mr. Guizar on May 19, 2015. Pánuco Decl., ¶7. |
| 21. | Martha Moreira | Defendants produced documents which referenced Ms. Moreira. Two such documents, include the Proof Of Service of the Culver City Boys Injunction on Christian Rodriguez, dated February 25, 2006. Both contain Ms. Moreira's name, and were produced by Defendants on November 9, 2011. Pánuco Decl., ¶14. These documents are bates-stamped 147, and 148. Number 147 was filed Under Seal as Exhibit 62 in Volume 7 of Plaintiffs' Compendium of Evidence in Support of Plaintiffs' Motion for Partial Summary Judgment. |
| 22. | Andrew Segura | Defendants produced documents which identified Mr. Segura as a class member. One such document, included the Proof Of Service of the Notice of Class Action and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on May 10, 2013. Pánuco Decl., ¶11. This document is bates-stamped 13470. *See* Ex.17. |
| 23. | Anthony Trejo | Defendants produced documents which identified Mr. Trejo as a class member. One such document, included two Proofs Of Service of the Notice of Class |

7

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

| No. | Witness | Details |
|-----|---------|---------|
|     |         | Action and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on May 17, 2013. Pánuco Decl., ¶12. These documents are bates-stamped 15106 and 15107. *See* Exs. 18, 19. |
| 24. | Vitaly Vitaly | Plaintiff Christian Rodriguez referenced his teacher, Vitaly, during his deposition on September 29, 2014. Pánuco Decl., ¶15. Defendants produced a document with Mr. Vitaly's name on November 9, 2011. Ex. 16. Plaintiffs also filed a "Recommendation letter for Alberto Cazarez" written by Mr. Vitaly, dated June 3, 2013 as Exhibit 106 in Volume 1 of their Compendium of Evidence in Support of Plaintiff's Partial Motion for Summary Judgment and in Opposition to Defendants City of Los Angeles, Carmen Trutanich, Charles Beck, Allan Nadir, and Angel Gomez's Motions for Summary Judgment. (Dkt. 199-2.) |
| 25. | Kim McGill | Plaintiffs also filed a "Recommendation letter for Alberto Cazarez" written by Kim McGill, dated June 6, 2013 as Exhibit 107 in Volume 1 of their Compendium of Evidence in Support of Plaintiff's Partial Motion for Summary Judgment and in Opposition to Defendants City of Los Angeles, Carmen Trutanich, Charles Beck, Allan Nadir, and Angel Gomez's Motions for Summary Judgment. (Dkt. 199-2.) |
| 26. | Angel Gomez | Not challenged. (Mot. at 1:4-6.) |

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

| No. | Witness | Details |
|---|---|---|
| 27. | Hooman Kazemi | Plaintiffs disclosed Mr. Kazemi's name in discovery responses. *See* Exhibit 9 at p.4:7-15. |
| 28. | LA County Custodian of Records (PMK) | LA County Records |
| 29. | State of California Custodian of Records (PMK) | State of CA records |
| 30. | Bruce Riordan | Bruce Riordan was listed in documents produced by Plaintiffs on August 1, 2014, related to the prosecution of Mr. Rodriguez for violating the curfew. (Exs. 19, 20, 21.) Mr. Riordan was also identified by Anne Tremblay during her deposition, on September 4, 2014. On page 25 of her deposition, Ms. Tremblay describes him as the Director of Anti-Gang Operations. Pánuco Decl., ¶4. |
| 31. | Bill Carter | Bill Carter was identified by Anne Tremblay during her deposition, on September 4, 2014. On pages 22 and 23 of her deposition, Ms. Tremblay describes him as the Chief of Staff, or Chief Deputy under Carmen Trutanich during the period of 2009-2013. Pánuco Decl., ¶4. |
| 32. | Arif Alikhan | According to the LAPD's website, Mr. Alikhan is the LAPD's "Special Assistant for Constitutional Policing." http://www.lapdonline.org/inside_ |

9

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

| No. | Witness | Details |
|-----|---------|---------|
|     |         | the_lapd/comm_bio_view/56232 |
| 33. | Matthew Blake | Defendants filed a declaration of Matthew Blake on August 30, 2012, in opposition to Plaintiffs' motion for a preliminary injunction. (Dkt. No. 77.) |
| 34. | Miguel Rodriguez | Defendants produced documents which identified Mr.Rodriguez as a class member. These documents include the Proof Of Service of the Notice of Class Action and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on May 17, 2013. Pánuco Decl., ¶12.This document is bates-stamped 14917. *See* Ex.14. |
| 53. | Elias Suazo | Defendants produced documents which identified Mr.Suazo as a class member. These documents include the Proof Of Service of the Notice of Class Action and Unconstitutional Curfew Provisions in 26 Gang Injunctions, which Defendants produced on May 17, 2013. Pánuco Decl., ¶12.This document is bates-stamped 14584; *see* Ex.15. |

### III.   ARGUMENT

**A.    Plaintiffs complied with Rule 26 in the disclosure of all witnesses.**

Rule 26 of the Federal Rules of Civil Procedure requires that parties exchange, "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . ." Fed. R. Civ. P. 26(a)(1)(A). While Rule 26 also requires parties to amend or supplement their initial disclosures, "such amendments are required only in certain circumstances, such as when the additional information '*has not otherwise been made known to the other parties during the discovery process* or in writing'" *Gutierrez*

10

1   *v. AT&T Broadband, LLC*, 382 F.3d 725, 733 (7th Cir. 2004) (emphasis added) (citing

2   Fed. R. Civ. P.26(e)(1), (2); *see also David v. Caterpillar, Inc.*, 324 F.3d 851, 856 (7th

3   Cir. 2003) (District court did not abuse its discretion in permitting witness to testify at

4   trial despite failure to disclose witness where employer knew of witness for 18 months,

5   interviewed witness, and rebutted testimony at trial.) Indeed, the advisory committee

6   notes to rule 26(e) make clear that there is no obligation to amend or correct

7   disclosures where, "a witness not previously disclosed is identified during the taking of

8   a deposition . . . ." Fed. R. Civ. P. 26(e)(1) advisory committee's note to 1993

9   Amendments; *see also McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 434 F.

10   Supp. 2d 810, 813 (E.D. Cal. 2006) (allowing witnesses not disclosed under Rule 26,

11   to testify at trial because "all of the challenged witnesses were identified in documents

12   produced. . . during discovery" and "discussed in depositions taken of other

13   witnesses"); *Banxcorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 323 (S.D.N.Y.

14   2013) ("there is no need as a matter of form to submit a supplemental disclosure to

15   include information already revealed by a witness in a deposition or otherwise through

16   formal discovery.")

17        Here, the witnesses identified by Plaintiffs, have all been "identified during the

18   taking of a deposition," or "identified in documents produced during discovery," or in

19   "formal written discovery." All of the cases on which defendants rely, are inapposite.

20   They do not address the admissibility of witnesses made known by the parties

21   throughout discovery, but not explicitly listed in disclosures. As noted in the chart

22   *supra* at Part II, a majority of the witnesses Plaintiffs intend to call at trial, are 1) key

23   persons identified by Defendants in their responses to discovery or in court filings, 2)

24   referenced in documents produced by Defendants, and 3) identified in depositions.

25   Indeed, at least the following *fourteen* of the challenged witnesses have been revealed

26   by Defendants' own documents and witnesses: Anne Tremblay, Arturo Martinez, Earl

27   Paysinger, Jonathan Rosales, Jonathan Jacobo, Anthony Willis, Christian Jacobo,

28   Miguel Rodriguez, and Elias Suazo, Martha Moreira, Andrew Segura, Anthony Trejo,

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

1    Bruce Riordan, Bill Carter, and Matthew Blake.

2            Further, Plaintiffs have properly identified the three "custodian" witnesses 1)

3    "LA City Custodian of Records," the 2) "LA County Custodian of Records (PMK)"

4    and 3) the "State of California Custodian of Records (PMK)." *See Green v. Baca*, 226

5    F.R.D. 624, 654 (C.D. Cal. 2005) (denying motion in *limine* to exclude reports

6    prepared by an agent of Los Angeles County, and the testimony of a witness identified

7    only as the "Custodian of Records" of same reports.) Defendants have cited no

8    authority to the contrary.

9            As to the remaining ten witnesses, they too have all been properly disclosed by

10   Plaintiffs. These witnesses fall into the categories of expert and lay witnesses. On May

11   5, 2015, five of the challenged witnesses were all properly disclosed as Plaintiffs'

12   experts by the deadline set by the court for the exchange of expert disclosures. (Ex.5.)

13   This includes, Harry Griffin, Jerry Harper, Edwina Barvosa, Ana Muñiz, and

14   Humberto Guizar. The remaining four lay witnesses, were also all made known to

15   defendants throughout the life of the litigation. Emilia Cazarez, is clearly identified

16   in the Declaration of Alan Cazarez which was filed after he became appointed as the

17   Special Administrator of the Estate of Alberto Cazarez. Alan Cazarez, was also

18   made known to Defendants when the Estate of Alberto Cazarez was substituted in as

19   a party in the case in September 2014, (Dkt. No. 165-3,) and again when Mr.

20   Cazarez verified the discovery responses of the Estate of Alberto Cazarez on

21   October 16, 2014. (Ex.9.) Vitaly, was disclosed as Plaintiffs teacher within

22   Defendants own documents produced in 2011. (*See* Ex. 16; Pánuco Decl. ¶14.)

23   Defendants also asked Christian Rodriguez about Vitaly during his deposition, and

24   Plaintiffs filed a recommendation letter from Mr. Vitaly on Alberto Cazarez's

25   behalf. Likewise, Kim McGill's letter of recommendation for Mr. Cazarez, was filed

26   with the court in November 2011. Last, Hooman Kazemi, was disclosed as Mr.

27   Cazarez's public defender in October 2015, in Plaintiffs' responses to written

28   discovery. Ex.9. Each witness plaintiffs intend to call at trial has previously been

                                                12

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

1    made known to Defendants. *Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D.

2    Ind. 1998) (party effectively satisfied her Rule 26(e)(1) duty to supplement her

3    initial discovery disclosures when during the depositions of a witness, she brought

4    the identity of other witnesses, to the attention of the adverse party).

5           **B.      Any alleged failure to disclose information was justified and**

6                    **harmless.**

7           When a party fails to make a timely disclosure required by Rule 26(a), it should

8    not be barred from using that information or witness to supply evidence at a hearing, or

9    at a trial if it, "proves that its failure was substantially justified or is harmless." Fed. R.

10   Civ. P. 37(c)(1). The Ninth Circuit has enumerated four factors in determining

11   "whether a violation of a discovery deadline is justified or harmless: . . . (1) prejudice

12   or surprise to the party against whom the evidence is offered; (2) the ability of that

13   party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith

14   or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v.*

15   *Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010). The district court has broad

16   discretion to determine whether an alleged failure to disclose is justified or harmless.

17   *EEOC v. Outback Steak House of Fla., Inc.*, 2008 U.S. Dist. LEXIS 63758, *16 (D.

18   Colo. Aug. 20, 2008). However, Rule 37 sanctions are unwarranted where, as here,

19   "the undisclosed declarant was a likely witness, and his testimony was foreseeable." *de*

20   *la Torre v. CashCall, Inc.*, 56 F. Supp. 3d 1073 (N.D. Cal. 2014); *see also see also*

21   *Nehara v. California,* 2013 U.S. Dist. LEXIS 42993, 2013 WL 1281618, at *4 (E.D.

22   Cal. Mar. 26, 2013) (court declined to exclude undisclosed witnesses that were fully

23   known to the defendants through their role in the events, which had been established

24   by documents produced by defendants in discovery).

25          Here, all of the witnesses identified by Plaintiffs to be called at trial, have been

26   brought to the attention of Defendants throughout the course of discovery and

27   litigation. The cases cited by Defendants are unavailing. In *Yeti by Molly, Ltd. v.*

28   *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001), the Ninth Circuit

13

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

1   affirmed an order excluding an expert witness from testifying at trial, where there

2   sanctioned party had failed to produce the expert's report as required by Rule 26. That

3   is not this case. Likewise, *Hoffman v. Constr. Protective Servs.*, (another case on which

4   Defendants rely), is not helpful here. 541 F.3d 1175, 1180 (9th Cir. 2008) In *Hoffman*

5   the Ninth Circuit concluded that a district court acted within its discretion when it

6   precluded presentation of undisclosed evidence of damages. 541 F.3d 1175, 1180 (9th

7   Cir. 2008). That is not this case. All challenged evidence has been disclosed in

8   discovery.

9        However, even if it could be said that the Plaintiffs failed in their duty to

10  disclose, the cases cited by defendants warrant no different result. Rule 37(c)(1) only

11  precludes a witness if the proponent of the evidence can not show "substantial

12  justification" for failing to timely produce the name of the witness, or that the failure

13  was not harmless. Fed. R. Civ. Proc. 37(c)(1). Here, the fact that all witnesses were

14  effectively disclosed either by Defendants themselves, in depositions, in documents,

15  and in written discovery suggests that the Plaintiffs were substantially justified in

16  believing that no further disclosure was required. Nevertheless, to the extent that

17  Defendants believe that they have been harmed by the trial witnesses Plaintiffs have

18  identified, the Court can ameliorate any possible prejudice. "The possible penalties for

19  violating Rule 26 include sanctions, *the authorization of additional depositions*, and

20  preclusion, though preclusion is a harsh remedy that should only be imposed in rare

21  situations." *Banxcorp v. Costco Wholesale Corp.*, 978 F. Supp. 2d 280, 323-24

22  (S.D.N.Y. 2013) (emphasis added) (internal citations omitted). To the extent that

23  Defendants contend that they have been harmed because they were unable to depose

24  any of the challenged witnesses, the court may permit the depositions before trial. *See*

25  *Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998) (permitting

26  depositions of witnesses whose identity was made known during discovery).

27  / / /

28  / / /

14

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2

## IV.  CONCLUSION

In sum, because most of the witnesses to which Defendants object, were brought to Plaintiffs' attention by Defendants themselves, or at the latest in depositions and in writing, Plaintiffs respectfully submit that this motion must be denied. Alternatively, the court may permit the depositions of some of the witnesses.

Dated:  June 2, 2015

Respectfully submitted,
ORANGE LAW OFFICES
PUBLIC COUNSEL
HADSELL STORMER & RENICK LLP

By: _____/s/ - Cindy Pánuco_____
    Dan Stormer
    Cindy Pánuco
    Mohammad Tajsar
Attorneys for Plaintiffs

15

PLTFS' OPP TO DEFT
GOMEZ'S  MIL #2